☐ORIGINAL

Steven D. Humes

4838 Plum Run Court

Wilmington, Delaware 19808

(302) 598-9234

---

**IN THE U.S. District Court - District of Delaware**

Steven D. Humes            )

Plaintiff                  )

                           )

v.                         )          C.A. No.    0 6 -      5 9

State of Delaware          )

Court of Common Pleas      )

500 N. King Street         )

Wilmington, DE 19801       )

and

Superior Court of Delaware)

500 N. King Street         )

Wilmington, DE 19801       )

And

State of Delaware          )

Department of Justice      )

820 N. French Street       )

Wilmington, DE 19801       )

1

And                           )

Trooper Lafferty              )

Trooper Sgt. Jones            )

Captain Charles J. Simpson)

Lt. William T. Ford           )

Lt. Paul E. Smentkowski    )

Lt. Mark Daniels              )

Delaware State Police      )

Troop 2 & Internal Affairs)

Route 40                      )

Bear, DE 19701                )

and

Federal Bureau of            )

Investigation                 )

Wilmington Field Office    )

920 North King Street       )

Suite 104                     )

Wilmington, DE 19801        )

Defendant(s)                  )

**CIVIL COMPLAINT**

### COUNT ONE

**INTRODUCTION**

1. Plaintiff, Steven D. Humes, residing at 4838 Plum Run Court, Wilmington, Delaware 19808 operated a computer store at Fox Run Shopping Center in Bear, Delaware on or about January 2004.

2. Plaintiff's store was contracted by an International Chiropractic Pediatric Association (I.C.P.A.) representative; Tim Kreider, on or about January 2004 to perform a service and to provide a product.

3. The written and verbal agreement called for the data to be recovered from a hard drive that had suffered a severe failure and had lost all usable information.

4. The service and product was provided for as per this agreement.

5. Plaintiff, Steven Humes delivered the Hard Drive with the recovered data on or about January 10, 2004 and demonstrated that it was recovered and usable.

6. I.C.P.A. has said and written that the data was not recovered or was unusable and stopped payment.

7. The product; specifically the hard drive containing the original restored data, was returned on or about 1/20/2004 and has never been paid for by I.C.P.A.

3

8. It is alleged that I.C.P.A. transferred the restored data onto another hard drive before the return took place and are using the recovered data without authorization from Plaintiff.

9. I.C.P.A. and all of it's officers were notified by letter that under Delaware Code Title 6 Article 2 Sales that the data they are using was without authorization belongs to plaintiff.

### § 2-602. Manner and effect of rightful rejection.

(4) A rejection or other refusal by the buyer to receive or retain the goods, whether or not justified, or a justified revocation of acceptance revests title to the goods in the seller. Such revesting occurs by operation of law and is not a "sale". (5A Del. C. 1953, § 2-401; 55 Del. Laws, c. 349.)

10. Plaintiff was charged and convicted of misuse of his own computer data in a trial that was unfair, unjust, and illegally influenced by the Head Judge of the Court of Common Pleas.

11. The matter is under appeal and the State of Delaware continues to use its authority to delay, cover up and distort justice to inhibit this civil action.

4

**FACTUAL ALLEGATIONS**

12. Plaintiff asked the Delaware State Police to
investigate the alleged criminal behavior(s) as documented
in a fax sent to Trooper Lafferty of the Delaware State
Police before any actions were taken.

13. No investigation was performed by the Delaware State
police into the allegations listed in that fax.

14. The Delaware State Police did not interview Feddly
Jeanniton; he performed the data recovery, or Ben Rybinski;
store clerk who took the order, or Tim Kreider; who dropped
off the drives and entered into contract, despite being
given each of these witnesses names and relevance.

15. The Delaware State Police did not send any one to the
business I.C.P.A., Jeanne Ohm's address, to the Plaintiff's
computer store, or to the Plaintiff's address to examine
any computers, software or data despite being asked to.

16. Plaintiff remains unpaid and no charges were filed
against I.C.P.A. or Jeanne Ohm despite clear evidence
supporting his allegations as true and that the following
Delaware criminal statutes were violated.

Delaware State Code Title 11 Article 933 Theft of
Computer Services. § 933.

5

A person is guilty of the computer crime of theft of computer services when the person accesses or causes to be accessed or otherwise uses or causes to be used a computer system with the intent to obtain unauthorized computer services, computer software or data. (64 Del. Laws, c. 438, § 1; 70 Del. Laws, c. 186, § 1.)

§ 841. Theft; Class A misdemeanor; restitution.

(a) A person is guilty of theft when the person takes, exercises control over or obtains property of another person intending to deprive that person of it or appropriate it. Theft includes the acts described in §§ 842-846 of this title.

(b) A person is guilty of theft if the person, in any capacity, legally receives, takes, exercises control over or obtains property of another which is the subject of theft, and fraudulently converts same to the person's own use.

17. On October 26, 2004 the Deputy Attorney General Shawn Martyniak and Delaware State Trooper Lafferty witnessed that the Product that was contracted for (Data Recovery)

and not paid for by I.C.P.A. was as Plaintiff stated recovered.

18. The data was demonstrated to be recovered in front the Delaware State Trooper and the Deputy Attorney General and was usable as soon as a legal copy of Microsoft Office was installed on a computer that had a properly licensed copy of the Windows Operating System functioning.

19. The Delaware State Police and Department of Justice were shown a copy of the receipt for software known as File Scavenger that was specifically purchased by Plaintiff and his associates to perform this data recovery.

20. The Delaware State Police and Department of Justice were shown a copy of the Letter from I.C.P.A., and it's officer Jeanne Ohm to the Pennsylvania Attorney Generals Office fraudulently stating that no data was recovered and that any recovered data was unusable.

21. Plaintiff is not allowed by Delaware Law to file a criminal complaint for this alleged conduct without the Department of Justice or the Delaware State Police's approval.

22. Plaintiff has demanded that the Delaware State Police and Delaware Department of Justice file charges in this matter and protect his rights.

7

23. The Plaintiff has sent the Delaware State Police signed
and notarized affidavits under penalty of perjury stating
these facts and asking for charges to be filed.

24. The Delaware State Police and Department of Justice
have refused to file these charges and to provide Plaintiff
access to the Laws of Delaware.

25. Plaintiff then contacted the Federal Bureau of
Investigation as to perform an investigation of a civil
rights violation regarding these matters.

## JURISDICTION AND VENUE

26. This court has jurisdiction to hear this case pursuant
to the Rules of this U.S. District Court - District of
Delaware, since the claims for relief occurred in Delaware
and this matter involves violations protected under federal
law and filed against state agencies and government
organizations.

27. The State of Delaware Justice System and Courts are
acting in a prejudicial and partial manner in order to
limit liability and cover up their actions.

28. The State of Delaware Court of Common Pleas head
Justice Judge Smalls conspired to insure that Steven Humes
was found guilty in a Delaware State Court by denying any

8

access or fair regard to Laws of the State of Delaware or
the rights provided in the U.S. Constitution.

29. The State Courts of Delaware are unfit or incapable of
judicially ruling without bias and treating this matter
fairly.

## BASIS FOR REQUESTED RELEIF

30. United States Constitution, Fourteenth Amendment, §1
states that "nor shall any State … deny to any person
within its jurisdiction the equal protection of the laws."
31. The facts in this case which are indisputable show that
The State Police of Delaware did deny Plaintiff access to
and the protections of the laws of the State of Delaware in
violation of the Delaware State constitution and the
Plaintiffs rights guaranteed by the U.S. Constitution as a
citizen of the United States.

## REMEDIES

32. Plaintiff request that this Court grant a preliminary
injunction or a temporary restraining order to the
Plaintiff, pursuant to Federal Rules, restraining Defendant
The Delaware State Police from contacting, harassing, or in
any way causing the Plaintiff or his family to feel
threatened.

33. Plaintiff request that this court order the Federal Bureau of Investigation or other authorities to perform an investigation of alleged criminal violations made against Plaintiff by the Delaware State Police in this matter.

34. WHEREFORE, Plaintiff, Steven D. Humes, requests judgment in excess of the amount of $250,000 for lost business in addition to punitive and exemplary damages and all additional costs of documentation, suit, legal costs, attorney consulting costs, expert fees and expenses, discovery costs, other direct out of pocket costs, attorney representation costs, costs of service, all miscellaneous costs, Court Costs and costs of collection together with interest.

## SECOND COUNT

Plaintiff repeats and reiterates the allegations of the First, Third, Fourth and Fifth Counts and makes them a part hereof as though set forth at length herein

## INTRODUCTION

35. Plaintiff sent letters, faxes, e-mails to the Delaware State Police, Delaware State Police Troop 2 Captains and Lieutenants, Officials of the Delaware Attorney Generals Office, Delaware State Police Internal Affairs, Motions seeking Justice to the Courts and Deputy Attorney General,

10

each pleading and in some cases emotionally begging the
authorities to perform their jobs honorably with fairness
and equal justice.

## FACTUAL ALLEGATIONS

36. The plaintiff states that he pleaded in writing with
the Delaware State Police "I am distraught and begging you
to perform your duties honorably and administer equal
justice."

37. The plaintiff states that he asked the authorities
including Captain Charles J. Simpson, Lt. William T. Ford
Lt. Paul E. Smentkowski, Lt. Mark Daniels, Shawn Martyniak,
Trooper Lafferty and Sgt. Jones to look clearly at the
evidence in faxes, letters, and e-mails and to apply the
Delaware Laws fairly.

38. The plaintiff stated to these Delaware Authorities that
laws were being ignored and that crimes were perpetrated
against him.

39. The plaintiff stated to the Delaware Authorities that
the law as per TITLE 6 Commerce and Trade SUBTITLE I
Uniform Commercial Code ARTICLE 2. SALES of Delaware code
if applied as written and meant to be enforced shows that
Steven Humes was arrested, prosecuted, and later convicted
for using his own data.

11

40. The plaintiff states that the Shawn Martyniak, Judge Smalls, and Troopers Lafferty, Jones, Simpson, Ford, Smentkowski, Daniels all had specific knowledge of evidence supporting that a crime was perpetrated against Plaintiff and deliberately ignored, hid, and obscured it using their official positions in an unjust, illegal and immoral manner.

41. The Plaintiff sent a suicide letter because he could no longer bear the stress of the prolonged court actions without legal counsel or assistance.

42. The Deputy Attorney General used the suicide note in the sentencing phase of the trial and falsely stated that the Plaintiff threatened the Delaware State Police and asked Judge Smalls for jail time.

43. The Plaintiff sent a letter to the Delaware State Police Division of Internal Affairs seeking an investigation into the reasons why the Delaware State Laws were not being applied.

44. The Delaware State Police Division of Internal Affairs never responded and refused any investigation when Plaintiff contacted them by phone.


## JURISDICTION AND VENUE

45. Same as Count One

12

**BASIS FOR REQUESTED RELEIF**

46. The Plaintiff has the right to be treated equally by
the law and fairly by the Delaware Courts, Delaware State
Police, and Delaware Attorney Generals Office and was
denied these rights by the Delaware Authorities which are
guaranteed in the fourteenth amendment. "No State shall
make or enforce any law which shall abridge the privileges
or immunities of citizens of the United States; nor shall
any State deprive any person of life, liberty, or property,
without due process of law; nor deny to any person within
its jurisdiction the equal protection of the laws."

## REMEDIES

WHEREFORE, Plaintiff, Steven D. Humes, requests judgment in
excess of the amount of $250,000 for lost wages, emotional
and physical pain and suffering in addition to punitive and
exemplary damages and all additional costs of
documentation, suit, legal costs, attorney consulting
costs, expert fees and expenses, discovery costs, other
direct out of pocket costs, attorney representation costs,
costs of service, all miscellaneous costs, Court Costs and
costs of collection together with interest.

## THIRD COUNT

Plaintiff repeats and reiterates the allegations of the
First, Second, Fourth and Fifth Counts and makes them a
part hereof as though set forth at length herein

### INTRODUCTION

47. Plaintiff states that Judge Smalls, Head Justice Court
of Common Pleas for the State of Delaware did intentionally
use his position to influence and cause the outcome of a
trial in favor of the State of Delaware.

48. The Plaintiff will show that this action of trial
fixing was to protect the State Police of Delaware from
charges and litigation caused by misuse of their authority.

49. Plaintiff will show from hard factual evidence that the
State of Delaware Court of Common Pleas did violate most
rules of evidence and every rule regarding constitutional
protection and rights provided by law to protect defendants
against these exact types of abuse.

### FACTUAL ALLEGATIONS

50. Plaintiff was caused to appear before Judge Smalls of
the State of Delaware Court of Common Pleas in a criminal
matter (Case No. 0402006855).

14

51. Plaintiff states that Judge Smalls did use his official position as Head Justice of the Court of Common Pleas to intentionally influence the outcome of the trial in favor of the State of Delaware.

52. In a motion hearing that Judge Smalls presided over he was caused by the defendant (Plaintiff in this action) to hear and rule on a matter of Judicial Notice.

53. This motion was approximately 100 pages and the embodiment of several viable and legitimate defenses.

54. This motion was scheduled and rescheduled several times and was finally to be heard on October 22, 2004.

55. This motion hearing was abrupt and displayed that Judge Smalls had not read or properly considered the motion before he ruled on it.

56. Judge Smalls initially ruled that "That no such Motion existed".

57. The Plaintiff alleges that this allegation is a matter of court record; Motion Hearing October 12th, 2004, that the State of Delaware Attorney Generals office and Judge Smalls claimed that they either did not receive or have in their possession any copies of this motion for Judicial Notice. The Plaintiff states that at the Motion Hearing on October 12th, 2004 he was to provide an additional copy of the

Motion for Judicial Notice for the Court and a list of witnesses to be called at trial.

58. The copy of the Motion for Judicial Notice and the witness list were provided to the court by Plaintiff on October 20th, 2004.

59. The Plaintiff states that Judge Smalls and the State of Delaware Attorney Generals office at the scheduled hearing on October 22, 2004 had forgotten and were unaware that this motion for Judicial Notice was scheduled and to be heard.

60. The Plaintiff states that Judge Smalls; when asked by Plaintiff about being heard on this Motion of Judicial Notice then questioned his court assistant and was given the copy of the motion supplied to the court on October 20, 2004.

61. The Plaintiff states that Judge Smalls at that time open a sealed envelope that contained the copy of the Motion for Judicial Notice and supporting documents, approximately 100 Pages, and within less than three minutes claimed that he read and duly considered this motion and then denied it.

62. The sealed envelope supplied to the court also contained the list of 10 witnesses ordered by the Court of Common Pleas.

16

63. During the trial phase of the criminal proceeding Judge Smalls falsely stated that he had read the motion for Judicial Notice.

64. Judge Smalls actions were to deliberately deny justice and to assist the Delaware State Police and Department of Justice in covering up issues raised by this Motion of Judicial Notice.

65. Judge Smalls was aware of Plaintiff's intentions to pursue legal action against the Delaware State Police and knew that a guilty verdict would severely hurt the Plaintiffs case.

66. The Court of Common Pleas actions and rulings throughout this matter when applied in whole show that the trial was manipulated to insure that no viable defense could be presented and guaranteed the State of Delaware's victory.

67. In summary the Plaintiff was lied to by the Judge and Prosecuting Attorney, the court allowed evidence to be presented on behalf of a man that's been dead since 1993, not a single witness from the court ordered witness list was subpoenaed or caused to be at the trial by the State of Delaware, the Plaintiff was not allowed to question the honesty or integrity of any State witness, the court allowed the prosecutions witness testimony whether they

17

were present or not, the Court allowed the prosecutor to

State where the crime was alleged to occur without any

factual basis supporting evidence or witness account, the

court allowed the prosecution to withhold discoverable

evidence that was requested several times by Plaintiff,

this evidence was later allowed over objection that could

not be argued, the court did not allow that argument, the

court did not allow counsel to be appointed, Plaintiff was

threatened with jail if he did not proceed without counsel,

there are so many violations of the rules of evidence, the

Plaintiff's rights, and the Court of Common Pleas rules

that to list them all is not practical.

68. The Court of Common Pleas by way of its Judges and

court personnel did intentionally deny Plaintiff any and

all viable and legal defenses proposed, deny counsel, deny

witnesses, deny questioning of States witnesses, deny

examination of the evidence against him, allow any evidence

or statement against him whether it was supported by

testimony or not.

69. The support for these allegations is in the Transcripts

that took over seven months to prepare for a two day trial.

70. Plaintiff alleges that the Transcripts are false in

parts, leaving out information further detailing the Court

of Common Pleas actions of bias.

18

71. Judge Smalls specifically assigned himself to be the trial Judge in this matter to oversee the State of Delaware's guaranteed victory.

72. Judge Smalls assigned himself after the State canceled the original trial and rescheduled because the Plaintiff; Steven Humes, had the audacity to show up at the first trial with witnesses and legal assistance.

73. Each of the above allegations is a documented fact and cannot be disputed without lies or deceit.

## JURISDICTION AND VENUE

74. Same as Count One

## BASIS FOR REQUESTED RELEIF

75. The Plaintiff has the right to be treated equally by the law and fairly by the Delaware Courts, Delaware State Police, and Delaware Attorney Generals Office and was denied his rights per:

76. The fourteenth amendment. "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

19

77. The sixth amendment. In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

78. The State of Delaware Court of Common Pleas did deny Plaintiff his rights guaranteed by the U.S. Constitution and are liable for the actions of its employees and the integrity of its judicial system and courts.

79. Delaware Authorities were aware of the Plaintiffs claims but took no action to remedy because they were complicit in the cover up and abuses.

**REMEDIES**

WHEREFORE, Plaintiff, Steven D. Humes, requests judgment in excess of the amount of $2,000,000 for lost wages, loss of main income source, loss of profession, emotional and physical pain and suffering in addition to punitive and exemplary damages and all additional costs of documentation, suit, legal costs, attorney consulting

20

costs, expert fees and expenses, discovery costs, other direct out of pocket costs, attorney representation costs, costs of service, all miscellaneous costs, Court Costs and costs of collection together with interest.

## FOURTH COUNT

Plaintiff repeats and reiterates the allegations of the First, Second, Third and Fifth Counts and makes them a part hereof as though set forth at length herein

### INTRODUCTION

80. The Plaintiff, after failing to get legal remedy from the Delaware Authorities, did contact the FBI and seek to have the federal authorities investigate the alleged abuses by the Delaware Authorities under color of law violations.

### FACTUAL ALLEGATIONS

81. On or about July 2005 Plaintiff contacted the FBI.
82. Plaintiff filed a written complaint stating that the Delaware State Police were denying justice and equal access to the laws.
83. The Baltimore office sent the written complaint to the Wilmington Office of the FBI.

21

84. Agent O'Rourke of the Wilmington Office replied to Plaintiff after multiple phone calls to his office.

85. Agent O'Rourke of the FBI Wilmington Office said that the FBI would not investigate this matter because it did not meet the criteria of criminal activity of the FBI.

86. Agent O'Rourke stated "This office is too busy, have I heard about 9/11 and about the London terrorist attacks and the FBI only investigates criminal activity that has significant commercial value of over 2 million in losses".

87. Plaintiff stated: "according to the FBI web site all matters of Police abuse such as denying justice like this are to be investigated. The Delaware State Police are denying me access to the laws and that is a color of law violation."

88. Agent O'Rourke then stated: "This office is not going to investigate this matter" "You should get an attorney".

89. The FBI is obligated by its duty to uphold the constitution and laws of the United States and to insure those protections to all of its citizens.

90. The Plaintiff further states for the record that there are 1186 illegal music downloads, illegal software, and other alleged criminal evidence on this hard drive that would have associated fines of over 2.0 million dollars.

22

91. The FBI and Agent O'Rourke's decision to not perform
this investigation has denied Plaintiff his rights as a
citizen of the United States as guaranteed under the
fourteenth amendment of the U.S. Constitution.

## BASIS FOR REQUESTED RELEIF

92. United States Constitution, Fourteenth Amendment, §1
states that "nor shall any State … deny to any person
within its jurisdiction the equal protection of the laws."
93. Per the Baltimore Federal Bureau of Investigation web
site:

Civil Rights Program


The Baltimore Division is committed to aggressively
investigating all alleged civil rights violations in the
states of Maryland and Delaware. The FBI as a whole is
charged with investigating all allegations of federal civil
rights violations which include racial and religious
discrimination, color of law/use of excessive force or
misconduct by law enforcement officials and others,
involuntary servitude and slavery, violence against
reproductive health facilities, the Voting Rights Act of
1965, the Civil Rights Act of 1964, the Equal Credit

23

Opportunity Act, and the Civil Rights of Institutionalized

Persons Act.

94. The FBI National Website states:

The Federal Bureau of Investigation (FBI) is the primary

federal agency responsible for investigating all

allegations regarding violations of applicable federal

civil rights laws. These laws are designed to protect the

civil rights of all citizens and persons within United

States territory. The mission of the FBI's Civil Rights

Program is to enforce federal civil rights statutes and to

ensure that the protected civil rights of all inhabitants

are not abridged.

The FBI, pursuant to guidelines established in cooperation

with the Department of Justice's (DOJ's) Civil Rights

Division, requires each field office to initiate a civil

rights investigation whenever information is received from

any source not known to be unreliable. Though most

complaints are received from the victim, witness or a third

party related to the victim, a significant number of cases

are initiated based on media reports, complaints from

community interest groups, referrals from DOJ or the local

United States Attorney's Office, and Congressional
inquiries.

## REMEDIES

95. Plaintiff request that this Court grant a preliminary
injunction or a temporary restraining order to the
Plaintiff, pursuant to Federal Rules, restraining Defendant
The Federal Bureau of Investigation from displaying any and
all web pages or other information media implying that
matters of civil rights violations will be investigated.
96. Plaintiff request that this court order the Federal
Bureau of Investigation to perform their duties under the
law and perform an investigation of alleged civil rights
violations made against the Delaware State Police and
Delaware Department of Justice.
97. In the alternative, Plaintiffs request that damages be
awarded from the Defendants, both jointly and severally, to
compensate Plaintiffs for violations of his rights.

## FIFTH COUNT

Plaintiff repeats and reiterates the allegations of the
First, Second, Third and Fourth Counts and makes them a
part hereof as though set forth at length herein

25

**INTRODUCTION**

98. The Plaintiff, after being convicted in a trial that was rigged by the lower State Court, filed an appeal to the Superior Court of Delaware.

**FACTUAL ALLEGATIONS**

99. The Plaintiff Motioned the Superior Court on November 4, 2004 to appoint an attorney as per the rules of Superior Court of Delaware; the rule was quoted in the motion.

100. Plaintiff was supplied with an attorney as per the rules of Superior Court on November 23, 2005, over one year later.

102. The Superior Court of Delaware ordered the lower Court of Common Pleas to furnish the transcript on February 3, 2005.

103. Superior Court Rule VIII of the Delaware court rules states that the court reporter must provide the transcript within 40 days after being so ordered.

104. Plaintiff filed a Motion after 117 days had passed without the transcript demanding that the Superior Court

26

issue another order to the Court of Common Pleas court reporter to comply with the rules of the first court order. 105. No additional order was given to the lower court and the Transcripts were supplied to the Plaintiff approximately 204 days after being initially ordered. 106. The Plaintiff has motioned the Superior Court of Delaware on two instances asking for fairness and that the rules be applied as written.

107. The Plaintiff has motioned the Superior Court of Delaware on those two instances asking if fairness and the rules cannot be applied then to transfer this matter to federal court.

108. The Plaintiff alleges that the Superior Court of Delaware is deliberately stalling and using this excessive amount of time as a form of punishment.

109. Plaintiff is a computer professional with several certifications from Microsoft, Cisco, Check Point, Enterasys, Novell and others. Plaintiff was a high paid senior systems security engineer and is now unable to secure employment in his field.

## BASIS FOR REQUESTED RELEIF

110. United States Constitution, Eighth Amendment Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

111. Per the Six Amendment, In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

112. This Federal Court has the right and responsibility to insure that the laws of the United States are applied to all of its citizens with fairness and equality.

113. The State of Delaware and its courts are acting outside this basic constitutional right guaranteed to the Plaintiff and all citizens of the United States.

## REMEDIES

114. Plaintiff request that this Court remove this appellant action from The Superior Court of Delaware and

remand it to this Federal Court for the appropriate
application of justice.

115. Plaintiff request that this Court review and cause the
Laws of Delaware to be applied and reverse the unjust
ruling of the Delaware State Court of Common Pleas and
grant the Motion for Judicial Notice giving Plaintiff all
rights to the Product including all of the legal data as
per the stated Delaware Code.

116. Plaintiff request that this Court grant a preliminary
injunction or a temporary restraining order to the
Plaintiff, pursuant to Federal Rules, restraining
International Chiropractic Pediatric Association from using
or accessing any and all data or other information gained
illegally by the unauthorized transfer from the unpaid
products and services of Plaintiff.

By: _____

Steven D. Humes, Pro Se

Dated: January 30, 2006

29

06 - 59

᭦JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS
Steven D. Humes

**DEFENDANTS**
State of Delaware Court of Common Pleas New Castle

**(b)**   County of Residence of First Listed Plaintiff   New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)  Pro Se
4938 Plum Run Ct.
Wilmington, DE 19808

Attorneys (If Known)

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

❏ 1   U.S. Government
Plaintiff

❏ 3   Federal Question
(U.S. Government Not a Party)

☑ 2   U.S. Government
Defendant

❏ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ☑ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | | | ❏ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☑ 440 Other Civil Rights | | | | |

## V.  ORIGIN (Place an "X" in One Box Only)

☑ 1   Original Proceeding
❏ 2   Removed from State Court
❏ 3   Remanded from Appellate Court
❏ 4   Reinstated or Reopened
❏ 5   Transferred from another district (specify)
❏ 6   Multidistrict Litigation
❏ 7   Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Violation of Civil Rights / Color of Law

## VII.  REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23
DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE  Smalls   DOCKET NUMBER  04-02-006855

DATE  1/30/06
SIGNATURE OF ATTORNEY OF RECORD  S.D.H.

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6 - _____ 5 9 _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ / _____ COPIES OF AO FORM 85.

_____1/30/06_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

**RE:  C.A.#** ___0 6 – 5 9___

**CASE CAPTION:** _____ **v.** _____

# ACKNOWLEDGMENT  OF  RECEIPT FOR  F.R.Civ.P.  4

      I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received ___1/30/06___
by Plaintiff:

Signed: _____
      Pro Se Plaintiff

Date Received ___1/30/06___
by Clerk's office:

Signed: _____
      Deputy Clerk

Note:  If you received Federal Rule  4 by mail, please sign this receipt and return it to:

    Clerk
    U.S. District Court
    844 N. King Street
    Lockbox 18
    Wilmington, DE 19801

If applicable,  Rule 4 mailed to plaintiff:

_____
      Date mailed

_____
      By  Deputy Clerk

cc:  Docketing Clerk

wp\forms\rule4receipt 2-04