**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| STEVEN D. HUMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE | ) | C.A. No. 06-59  KAJ |
| COURT OF COMMON PLEAS, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' OPENING BRIEF**
**IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

STEPHANI J. BALLARD, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for State Defendants

DATED:  February 15, 2006

# **TABLE OF CONTENTS**

Page

TABLE OF CITATIONS.......................................................................................... iii

NATURE AND STAGE OF THE PROCEEDINGS ............................................... 1

STATEMENT OF FACTS ....................................................................................... 4

ARGUMENT ............................................................................................................ 5

   STANDARD OF REVIEW ................................................................................... 5

I.     THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER THE ALLEGATIONS RAISED IN COUNTS 1, 2, 4 AND 5 OF PLAINTIFF'S COMPLAINT, AS THESE COUNTS FAIL, ON THEIR FACE, TO STATE ANY FEDERAL QUESTION PURSUANT TO 28 U.S.C.A. §1331............................... 6

         a. Count One ............................................................................... 8

         b. Count Two ............................................................................... 9

         c. Count Three.............................................................................. 9

         d. Count Four ............................................................................. 11

         e. Count Five.............................................................................. 11

II.    TO THE EXTENT PLAINTIFF RAISES ANY FEDERAL QUESTIONS IN HIS COMPLAINT, THE COURT IS WITHOUT SUBJECT MATTER JURISDICTION, AS PLAINTIFF'S CLAIMS ARE PLAINLY BARRED BY THE ROOKER-FELDMAN DOCTRINE, THE ANTI-INJUNCTION ACT AND THE YOUNGER ABSTENTION DOCTRINE ................................................................................. 12

         a. The Rooker-Feldman doctrine bars Plaintiff's claims .................... 13

         b. The Anti-Injunction Act, 28 U.S.C.A.§2283, bars Plaintiff's claims ........................................................................... 14

         c. The Younger Abstention Doctrine bars Plaintiff's claims ............... 15

i

III.    STATE JUDICIAL DEFENDANTS ARE IMMUNE FROM SUIT UNDER THE
        DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY ......................................16

        a.  There is no dispute that the Court of Common Pleas and the Superior Court of
            Delaware have jurisdiction in the Plaintiff's State Court criminal prosecution
            and appeal ..................................................................................................19

        b.  Judge Smalls and all Judicial officers handling Plaintiff's cases were, at all
            times, acting in their judicial capacities ....................................................19

IV.     PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS,
        AGENCIES AND OFFICIALS NAMED BY PLAINTIFF ARE NOT "PERSONS"
        SUBJECT TO SUIT UNDER 42 U.S.C.A §1983 .................................................21

V.      PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS
        AND AGENCIES NAMED BY PLAINTIFF, AND STATE POLICE OFFICERS
        SUED IN THEIR OFFICIAL CAPACITY ARE IMMUNE FROM LIABILITY
        UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES
        CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY........23

VI.     EVEN IF THE INDIVIDUAL STATE POLICE OFFICER DEFENDANTS HAD
        BEEN SUED IN THEIR INDIVIDUAL CAPACITIES, THEY WOULD BE
        IMMUNE FROM SUIT UNDER THE DOCTRINE OF
        QUALIFIED IMMUNITY ....................................................................................24

CONCLUSION ..........................................................................................................26

## <u>TABLE OF CITATIONS</u>

<u>**Case Name**</u>                                                                                           <u>**Page**</u>

<u>Albright v. Oliver</u>, 510 U.S. 266 (1994) ............................................................................ 25

<u>Banks v. District of Columbia et al</u>, 1989 WL 38956, (Dist. D.C 1989).............................. 15

<u>Bradley v. Fisher</u>, 80 U.S. 335 (1871) ..................................................................... 17, 18, 19

<u>Brooks-McCollum v. State of Delaware, et al.</u>, C.A. 04-1419 JJF
      (D.Del. Aug. 15, 2005) .................................................................................................14

<u>Burkett v. Cunningham</u>, 826 F.2d 1208 (3d Cir. 1987).........................................................12

<u>Conley v. Gibson</u>, 355 U.S. 41 (1957)....................................................................................6

<u>Coxson v. Commonwealth of Pennsylvania</u>, 935 F.Supp. 624 (W.D.Pa. 1996) ......................5

<u>Cruz v. Beto</u>, 405 U.S. 319 (1972) .........................................................................................5

<u>D'Alessandro v. Robinson</u>, 210 F.Supp.2d 526 (D.Del. 2002)........................................20, 21

<u>Daniels v. Williams</u>, 474 U.S. 327 (1986)..............................................................................7

<u>District of Columbia v. Feldman</u>, 460 U.S. 462 (1983)................................................ 10, 12-14

<u>Doe v. Cates</u>, 499 A.2d 1175 (Del. Supr. 1985) ...................................................................24

<u>Edelman v. Jordan</u>, 415 U.S. 651 (1974)..............................................................................23

<u>Forrester v. White</u>, 484 U.S. 219, 108 S.Ct. 538 (1988)............................................17, 18, 20

<u>Growth Horizons v. Delaware County, Pa.</u>, 983 F.2d 1277 (3d Cir. 1993).............................5

<u>Halling v. McElroy</u>, 278 F.2d 252 (D.C. Cir. 1960),
      *cert. denied*, 364 U.S. 835 (1960)............................................................................... 6

<u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982).....................................................................17, 25

<u>Hicks v. Miranda</u>, 422 U.S. 332 (1975)................................................................................16

Hiland Dairy, Inc. v. Kroger Co., 402 F.2d 968 (8th Cir. 1968),
  cert. denied, 395 U.S. 961 (1969) .............................................................. 6

Hunter v. Bryant, 502 U.S. 224 (1991) ........................................................... 17

Imbler v. Pachtman, 424 U.S. 409 (1976) ....................................................... 21

In re Diet Drugs Products Liability Litigation, 369 F.3d 293 (3d Cir. 2004) ........................ 15

John v. Barron, 897 F.2d 1387 (7th Cir. 1990), cert. denied, 498 U.S. 821 (1990) ......... 18, 20

Keene Corp. v. Cass, 908 F.2d 293 (8th Cir. 1986)............................................14

Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000) ...........................................23

Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994) .......................................5

Lee v. Mihalich, 847 F.2d 66 (3d Cir. 1988) ....................................................25

Middlesex County Ethics Committee v. Garden State Bar Association, et al.,
  457 U.S. 423 (1982).......................................................................15, 16

Miller v. City of Philadelphia, 174 F.3d 368 (3d Cir. 1999) .............................24, 25

Mitchell v. Forsyth, 472 U.S. 511 (1985) .......................................................16

Mortensen v. First Federal Savings & Loan Assoc., 549 F.2d 884 (3d Cir. 1977)....................5

National R.R. Passenger Corp. v. Pennsylvania Public Utility Comm.,
  342 F.3d 242 (3d Cir. 2003)...............................................................15

Neeley v. Samis, 183 F. Supp. 2d 672 (D. Del. 2002)...........................................23

Pagano v. Hadley, 535 F.Supp. 92 (D.Del. 1982)...............................................24

Parratt v. Taylor, 451 U.S. 527 (1981)..........................................................7

Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984) .................................23

Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923)................................ 10, 12-14

Ryan v. Burlington County, 889 F.2d 1286 (3d Cir. 1989) ....................................24

San Antonio Independent School District v. Rodriguez, 411 U.S. 1 (1973),
  *reh'g denied*, 411 U.S. 959 (1973) ...............................................................8

Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)....................................23

Shipley v. State, 570 A.2d 1159 (Del. 1990) ........................................................10

Signore v. City of McKeesport, 680 F.Supp. 200 (W.D. Pa. 1988),
  *aff'd*, 877 F.2d 54 (3d Cir. 1989) ..................................................................6

Stump v. Sparkman, 435 U.S. 349 (1978) ...............................................17, 18, 19

United States v. Anderson, 456 F.2d 1197 (3d Cir. 1972)....................................16

Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) ..................................22

Younger v. Harris, 401 U.S. 37 (1971)....................................................10, 12, 15

**Statutes, Rules and Other Authorities**

U.S. Constitution, Sixth Amendment ........................................................ 1, 10-12

U.S. Constitution, Eighth Amendment ..................................................................11

U.S. Constitution Eleventh Amendment............................................................ 22-23

U.S. Constitution, Fourteenth Amendment................................................... *passim*

28 U.S.C.A. §1331 .............................................................................................6, 7

28 U.S.C.A. §1332 ...............................................................................................6

28 U.S.C.A. §1346 ...............................................................................................7

28 U.S.C.A. §1367 ...............................................................................................7

28 U.S.C.A. §1441 .............................................................................................15

28 U.S.C.A. §2254 .............................................................................................16

28 U.S.C.A. §2283 .............................................................................................14

v

42 U.S.C.A. §1983 ........................................................................................................ *passim*

Federal Rule of Civil Procedure 12(b)(1) ...........................................................................2, 5

Federal Rule of Civil Procedure 12(b)(6) ...........................................................................5

Del. Const., Art. IV, §7; 7B ...............................................................................................21

10 <u>Del. C</u>. §4001 .................................................................................................................24

11 <u>Del. C.</u> §935 ...................................................................................................................2

11 <u>Del. C</u>. Ch. 83 ................................................................................................................21

11 <u>Del. C</u>. §2701(b) ...........................................................................................................19

29 <u>Del. C</u>. Ch. 25 ...............................................................................................................21

Superior Ct. Crim. R. 39(c)...............................................................................................13

Super. Ct. Civ. R. 72 .........................................................................................................19

Court of Common Pleas Crim. R. 37.................................................................................13

17 C. Wright & A. Miller, Federal Practice and Procedure, §4222 (1988) ...........................15

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff has filed the instant complaint with this Court against the following State of Delaware entities and officials:  State of Delaware Court of Common Pleas; Superior Court of Delaware; State of Delaware Department of Justice; Delaware State Police (DSP) and DSP officers: Corporal Thomas A. Lafferty; Sgt. Susan Jones; Captain Charles J. Simpson; Lt. W. Thomas Ford; Captain Paul Smentkowski and Lt. Mark Daniels.  Plaintiff has also sued the Federal Bureau of Investigation, a Federal agency which is not represented by the undersigned counsel.

In his complaint, Plaintiff alleges unspecified violations of the Fourteenth Amendment of the United States Constitution, purportedly sounding in equal protection and/or due process.  Plaintiff also, at Count Three of his complaint, alleges violations of the Sixth and Fourteenth Amendments, arising out of proceedings at his own state criminal (misdemeanor) prosecution and conviction. Plaintiff seeks relief from this Court including monetary damages in excess of $250,000.00, costs, fees and other expenses, various forms of injunctive relief and "reversal" of his conviction and state court actions below.

On the face of the complaint, Plaintiff's claims arise out of the following proceedings which involved, to one degree or another, certain of the State Defendants in the performance of their official functions:

1) Plaintiff, believing he was owed a debt for services rendered to a third party (International Chiropractic Pediatric Association (ICPA)/Jeanne Ohm, requested that Delaware State Police (DSP) and the Department of Justice (DOJ) investigate and prosecute, respectively, ICPA/Ms. Ohm for what Plaintiff characterizes as "theft"  (Complaint at ¶¶12-24);

2) When DSP/DOJ determined not to prosecute Plaintiff's "theft" claims on the basis of lack

1

of evidence of criminal conduct, and determined to prosecute Plaintiff (see ¶3, below), Plaintiff filed a complaint with the DSP Internal Affairs (IA) Division, as to certain DSP officers' conduct. (Complaint at ¶¶ 35-44). The charge was reviewed and Mr. Humes was advised that the conduct he complained of did not constitute any violation of DSP Rules and Regulations.

3) Based upon information surrounding the same civil transaction, it was determined that there was probable cause that Plaintiff had misused Ms. Ohm's personal computer information. Plaintiff was himself charged with and prosecuted on the criminal charge of "Misuse of computer system information," 11 Del.C. §935. (Complaint at ¶¶ 10, 50) *See also* CCP Docket, Crim. A. No. MN04040288 (Attached at Exhibit "A")[1]. Plaintiff was tried before a jury in the Court of Common Pleas, and was convicted of the charge, on or about October 27, 2004 (CCP Docket, Ex. A., 10/27/04). Plaintiff was sentenced to a $500.00 fine and one year at Level 2 probation. Id.

4) Prior to this criminal trial, a public defender, Michelle L. Scott, was appointed for Plaintiff. Plaintiff subsequently fired Ms. Scott, and executed an Affidavit stating that he wished to proceed *pro se*. (*See* June 23, 2004 Affidavit of Steven Humes, attached as Exhibit "B").

4) Plaintiff appealed his criminal conviction to the Superior Court of the State of Delaware on or about November 4, 2004. *See* Superior Court Docket, Crim. A. No. N04112066A (Attached at Exhibit "C"). That appeal is still pending. Id. (*See* Complaint at ¶¶ 99-113).

Now, despite having availed himself of his appellate remedy in State court—an appeal which has not yet been decided as of the filing of this motion--Plaintiff has resorted to suing the Courts and

---

1 Defendants' motion to dismiss is grounded in Rule 12(b)(1). Thus, the reference to official records of the Courts of the State of Delaware, pertaining to Plaintiff's criminal trial, are matters of which this Court may take judicial notice, and does not transform this into a motion for summary judgment. *See* Rule 12(b). Plaintiff has put the judicial proceedings in the State Courts at issue and the events noted here by Defendants are offered only to demonstrate the procedural background of this matter.

agencies of the State of Delaware, as well as State law enforcement officials, in this federal District Court action.

Plaintiff filed the instant Complaint with this Court on or about January 30, 2006. The bulk of the Complaint reiterates Plaintiff's grievances about the private civil matter and his criminal proceedings in State Court. This is the State Defendants' Opening Brief in Support of their Motion to Dismiss Complaint, which is filed simultaneously herewith.

## <u>STATEMENT OF FACTS</u>

For purposes of this Motion to Dismiss, which is based solely on legal defenses, it is not necessary to recite the factual history of Plaintiff's claims and dealings with Defendants at length. Even assuming all facts alleged in Plaintiff's complaint to be true, he fails to state a claim over which this Court has jurisdiction or a claim upon which relief can be granted. The pertinent procedural facts have been set forth in detail at "Nature and Stage of the Proceedings," *supra*.

# ARGUMENT

**STANDARD OF REVIEW.**

It is axiomatic that a court cannot entertain a complaint over which it has no subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1). Federal district courts have only the jurisdiction provided to them by statute and the burden of establishing jurisdiction rests squarely with the plaintiff. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Dismissal for lack of subject matter jurisdiction is appropriate if the right(s) claimed by Plaintiff are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Coxson v. Commonwealth of Pennsylvania, 935 F.Supp 624, 626 (W.D. Pa. 1996)(*citing* Growth Horizons v. Delaware County, Pa., 983 F.2d 1277, 1280-81 (3d Cir. 1993). On a facial 12(b)(1) motion to dismiss, as here, the district court will accept the factual allegations of the complaint as true and will grant the motion if it finds that plaintiff cannot invoke the Court's jurisdiction (*i.e.* demonstrate a federal question) on the face of the complaint. *See* Mortensen v. First Federal Savings & Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977).[2] The plaintiff bears the burden of persuasion under Rule 12(b)(1). Coxson, *supra*, 935 F.Supp at 626.

Assuming a plaintiff passes the jurisdictional hurdle, the district court may also dismiss a complaint if, on its face, the plaintiff fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). In considering a 12(b)(6) motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972) (*per curiam*). A *pro se* complaint may

2 Mortensen distinguished a "facial" 12(b)(1) challenge from a "factual" 12(b)(1) challenge. In the latter, which cannot occur until the plaintiff's allegations have been controverted, the court may weigh the evidence and need not presume plaintiff's allegations to be true. For instance, in Mortensen, the plaintiff pled the Sherman Act (on its face a federal question) but the court held that a "factual" 12(b)(1) analysis was appropriate to determine whether the necessary nexus to interstate commerce existed, such that it would have jurisdiction. 549 F.2d at 891-92. Defendants submit that Plaintiff's complaint in the instant case must be dismissed for lack of subject matter

be dismissed for failure to state a claim if it appears "beyond doubt that a Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, the Court does not have to accept legal conclusions, unsupported conclusions, or sweeping legal conclusions cast in the form of factual allegations. Hiland Dairy, Inc. v. Kroger Co., 402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969); Halling v. McElroy, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960). Mere allegations, unsupported by facts, do not preclude dismissal and do not constitute a cause of action. Signore v. City of McKeesport, 680 F.Supp. 200, 203 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989).

Under these standards, the Plaintiff's complaint must be dismissed because, even assuming Plaintiff's allegations as true, he has not invoked the subject matter of this Court and he has failed to state any claim upon which relief could be granted by this Court.

I.    **THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER THE ALLEGATIONS RAISED IN COUNTS 1, 2, 4 AND 5 OF PLAINTIFF'S COMPLAINT, AS THESE COUNTS FAIL, ON THEIR FACE, TO STATE ANY FEDERAL QUESTION PURSUANT TO 28 U.S.C.A. §1331.**

Plaintiff claims jurisdiction in this matter "since the claims for relief occurred in Delaware and this matter involves violations protected under federal law and filed against state agencies and government organizations." (Complaint, ¶26). As Plaintiff is a Delaware resident and all State court/agency Defendants are Delaware "residents," there can be no diversity jurisdiction. 28 U.S.C.A. §1332. Plaintiff's statement about "violations protected under federal law" suggests that he intends to invoke this Court's jurisdiction over State Defendants under the "federal question" jurisdiction of 28 U.S.C.A. §1331.[3] Counsel for State Defendants has attempted to extract the

---

jurisdiction on its face for the reasons outlined herein.

3  On Plaintiff's Civil Cover sheet, he checks "U.S. Government Defendant" as a basis for jurisdiction, presumably

essence of the *pro se* plaintiff's legal claims (which do not explicitly invoke, but seem to be grounded in 42 U.S.C.A. §1983) from his somewhat rambling, 116-paragraph complaint, for purposes of this responsive Motion.

28 U.S.C.A. §1331 provides that the district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  Thus, for this court to have jurisdiction over the instant complaint, Plaintiff must have pled abridgement of some *federal* right.  He has plainly not done so as to the State Defendants in Counts 1, 2, 4 and 5 of his complaint.  Plaintiff attempts to ground his claims in the Fourteenth Amendment--purportedly alleging that the State Defendants have deprived him of some due process and/or equal protection right.  As noted above, Plaintiff's complaint alludes to, but does not plead, 42 U.S.C.A. §1983, which provides for a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ."  In order to state a claim for relief under §1983, the plaintiff must aver that his constitutional rights were violated.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Even assuming Plaintiff's complaint sounds in §1983, without establishing the existence of a Constitutional right, the plaintiff cannot state a claim upon which relief can be granted.  The mere invocation of the "magic words" of the Fourteenth Amendment does not transform purely private or state law grievances into claims over which the federal court can assume jurisdiction.

---

alluding to his inclusion of the "Federal Bureau of Investigation" among the defendants.  However, Plaintiff's complaint fails on its face to invoke any of the jurisdictional criteria of 28 U.S.C.A. §1346, which, *inter alia*, require all claims against the United States to be grounded in some federal law.  Also, it is apparent that the bulk of Plaintiff's complaints sound in State law, and Plaintiff has not requested, nor pled any facts which would justify, supplemental jurisdiction pursuant to 28 U.S.C.A. §1367.

**A.  Count One.**

In Count One, Plaintiff complains that the Delaware State Police and the Department of Justice failed to investigate and file criminal charges against I.C.P.A./Ms. Ohm, regarding the disputed computer transaction between Plaintiff and Ohm. (Complaint ¶¶ 12-24). Plaintiff himself concedes that the dispute with Ms. Ohm concerned her stopping payment on the check for Plaintiff's services—which is clearly a civil matter. (Compl. ¶6). However, even assuming *arguendo* that Plaintiff stated some cognizable criminal violation on the part of Ms. Ohm, he has no individual constitutional right to the prosecution of an individual by the State of Delaware, merely because he believes that prosecution is warranted. Plaintiff does not state what constitutional "equal protection" right is supposedly violated under the facts of this Count. (Compl. ¶30-31).

Plaintiff's "equal protection" claim is easily disposed of, as plaintiff fails to allege any disparate or discriminatory treatment by defendants on the basis of a protected characteristic, such as race, or denial of a fundamental Constitutional right. *See e.g.* San Antonio Independent School District v. Rodriguez, 411 U.S. 1 (1973), *reh'g denied*, 411 U.S. 959 (1973). There can be no claim for relief under the "due process" clause unless plaintiff was improperly deprived of a constitutionally protected life, liberty or property interest. Count One makes clear that Plaintiff believes he has the right to have DSP/DOJ prosecute Ms. Ohm. Prosecutions are brought by the Department of Justice on behalf of the State of Delaware, not on behalf of an individual complainant. There is, of course, no right accruing to citizens under the United States Constitution to have the individuals of their choice prosecuted by the State. Plainly, no constitutional violation, and therefore no federal question, is stated under Count One.

### B.  Count Two.

In Count Two, Plaintiff complains about conduct on the part of the Delaware State Police Internal Affairs (IA) Division[4] and the Department of Justice for failing to act on "letters, faxes, [and] e-mails" complaining about his own prosecution and the lack of prosecution of Ms. Ohm. (Complaint ¶¶ 35-44).  Plaintiff states that these actions violated the Fourteenth Amendment.  Id at ¶46.  Again, Plaintiff does not plead what "due process" and/or "equal protection" rights were supposedly violated under the facts of this Count.  Id.

As with Count One, Plaintiff alleges no disparate treatment to support an "equal protection" claim.  Plaintiff also fails to demonstrate deprivation of any constitutionally protected life, liberty or property interest for purposes of a "due process" claim.  Plaintiff has no right to demand any particular action on the part of DSP or DOJ based upon his written or verbal complaints.  Plaintiff has no property right to demand the investigation or disciplinary prosecution of DSP officers.  Once again, no constitutional violation, and therefore no federal question, is stated under Count Two.

### C.  Count Three.

In Count Three, Plaintiff registers a number of complaints about events that allegedly took place at his criminal trial, in the Court of Common Pleas (CCP), on the charge of misuse of computer information.  (Compl. ¶¶ 47-73).  Among these complaints are allegations that CCP Chief Judge Smalls (not named as an individual defendant in the complaint) "fixed" or improperly attempted to "influence . . . the outcome" of Plaintiff's misdemeanor trial (¶47-48, 51); that the trial judge did not properly consider Plaintiff's motion(s) (¶53-55, 61), and did not properly handle evidentiary issues (¶67).  Plaintiff further claims that he "was not allowed to question the honesty or integrity of any

---

4  The Internal Affairs Division of DSP investigates complaints of alleged wrongdoing by DSP officers.

State witness," and "the court did not allow counsel to be appointed, Plaintiff was threatened with jail if he did not proceed without counsel . . . ." (¶67).  Plaintiff also alleges the transcripts are false by "leaving out" evidence of the Court's "bias."  (¶70).

Some of the claims stated at paragraph 67 and 68—specifically (and only) Plaintiff's claims that (1) none of his witnesses were subpoenaed; (2) that Plaintiff was not confronted with certain State witnesses; (3) that the Court would not appoint counsel for Plaintiff and "forced" him to proceed *pro se*; (4) that Plaintiff was limited in his cross-examination of defense witnesses and (5) that requested evidence was withheld--could, hypothetically, set forth federal claims over which this Court would have jurisdiction, as they state potential due process violations of the Sixth and Fourteenth Amendments.  Again, for purposes of this motion, we must assume that Plaintiff's allegations are true.[5]  However, even with that assumption, Plaintiff cannot prevail upon any of the specific allegations he makes at Count Three, due to the jurisdictional bars of the Rooker-Feldman and Younger abstention doctrines, discussed at Argument II, *infra*.  In addition, Plaintiff fails to state a claim upon which relief can be granted for these allegations due to the various immunities and other defenses outlined in Arguments III through VI below.

As to the remaining allegations in Count Three--apart from the 5 enumerated claims from Paragraphs 67-68 set forth above--Plaintiff has failed, on the face of the complaint, to allege any equal protection, due process, or other constitutional violation, and therefore no federal question is stated as to the remaining claims in Count Three.

---

5  For instance, Plaintiff's claim on the merits that he was "denied counsel" is belied by the affidavit he signed (Exhibit "B") on June 23, 2004, stating that he had met with "[his] attorney," Michelle Scott, Esquire of the Delaware Public Defender's Office, and advised, after discussion with counsel, that he "no longer desire[d] the representation of the Public Defender's Office" and wished "to proceed *pro se*" as to his criminal charge.  "The right to counsel does not mean an absolute right to particular counsel of one's choice."  Shipley v. State, 570 A.2d 1159 (Del. 1990).

### D.  Count Four.

Count Four consists of Plaintiff's recitation of complaints against the Federal Bureau of Investigation (FBI), alleging that Agency's lack of response to his complaints. (Complaint ¶¶81-91). This Count is not directed to responding State Defendants, except that Plaintiff does state in his requested relief (¶97) that damages should be awarded "jointly and severally" as to State Defendants, for the purported claims against the FBI in Count Four.

Count Four plainly states no federal question upon which this Court could assert jurisdiction over State Defendants, and states no claim upon which relief could be granted, jointly, severally, or otherwise, against State Defendants.

### E.  Count Five.

In Count Five, Plaintiff complains about the length of time his appeal to the Delaware Superior Court has been pending, as well as alleged delays in being appointed counsel and receiving copies of the CCP transcript. (Complaint ¶¶99-109).  He complains that Superior Court is "deliberately stalling" his appeal.  (¶108).  Again, Plaintiff complains of purported Constitutional violations, this time of the Eighth Amendment ("excessive fines") and the "Sixth Amendment" ("speedy trial").

On the face of this Count, Plaintiff plainly fails to state a Constitutional violation.  The "excessive fine" complaint presumably refers to the $500 fine for conviction of misuse of computer data.  (Ex. A). Count Five pertains to the Superior Court, which did not impose this criminal penalty. Plaintiff offers no argument or authority that the fine imposed by CCP was in any way legally "excessive" or irregular.  Plaintiff's "speedy trial" complaint also is not a claim that can be brought against the Superior Court.  Plaintiff already obtained his "speedy trial" on the criminal charge in

11

CCP. The criminal trial (8 months from arrest to conviction) was obviously concluded prior to the filing of his appellate action in the Superior Court. (*See* Ex. "A"). The Sixth Amendment speedy trial guarantee applies from arrest through sentencing. <u>Burkett v. Cunningham</u>, 826 F.2d 1208, 1220 (3d Cir. 1987). "[I]n other words, until one final, pre-appellate determination has been made as to whether and for how long the accused should be incarcerated." <u>Id</u>. Plaintiff was not sentenced to any period of incarceration here, but was fined and placed on probation for one year. His sentence has been suspended while on appeal. Ordinary due process rights apply to the direct appeal process. <u>Id</u> at 1221. Not every perceived delay is actionable; proof of prejudice is generally required and Plaintiff must demonstrate that the State action is "fundamentally unfair." <u>Id</u>. In <u>Burkett</u>, the Third Circuit held that speedy trial and due process violations had occurred where Petitioner was incarcerated for more than six years while his sentencing was delayed.

Even assuming Plaintiff is impliedly pleading a due process violation against the Superior Court, Plaintiff cannot prevail upon such a claim due to the various immunities and defenses discussed *infra*. As to the balance of the allegations in Count Five, Plaintiff has failed, on the face of the complaint, to allege any equal protection, due process, or other constitutional violation. No federal question is stated and the Court is accordingly without subject matter jurisdiction over the remaining claims.

## II. TO THE EXTENT PLAINTIFF RAISES ANY FEDERAL QUESTIONS IN HIS COMPLAINT, THE COURT IS WITHOUT SUBJECT MATTER JURISDICTION, AS PLAINTIFF'S CLAIMS ARE PLAINLY BARRED BY THE ROOKER-FELDMAN DOCTRINE, THE ANTI-INJUNCTION ACT AND THE YOUNGER ABSTENTION DOCTRINE.

As noted *supra*, Plaintiff makes certain allegations in Count Three and (under a generous reading of Plaintiff's complaint) Count Five, which on their face, could be seen as implicating certain federal

Constitutional rights. However, his Complaint must nonetheless be dismissed, as the <u>Rooker-Feldman</u> doctrine bars consideration of any of Plaintiff's claims by this Court.

### a. The Rooker-Feldman doctrine bars Plaintiff's claims.

Plaintiff is abusing the judicial process by attempting to appeal his unfavorable jury verdict, and his disagreement with rulings by the trial judge, through new civil litigation against courts and agencies of the State of Delaware in the District Court. Simultaneous with this Complaint, Plaintiff has a direct appeal of his criminal conviction pending in the Delaware Superior Court. It is well established that federal district courts do not have jurisdiction to review judgments of a state court. <u>District of Columbia v. Feldman</u>, 460 U.S. 462, 482 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415 (1923). The <u>Rooker-Feldman</u> doctrine is based upon the theory that only the United States Supreme Court has authority to review final state court judgments. <u>Id</u>. at 476.

The essence of Plaintiff's claims against the State Defendants is that he was improperly investigated and prosecuted on the criminal charge of misuse of computer data. Plaintiff claims violations ranging from the Court of Common Pleas judge improperly "influencing" the verdict, to claims that he was denied counsel and not allowed to examine prosecution witnesses or call his own witnesses in the way he saw fit. Plaintiff made a record at his trial in CCP, in which he elected to proceed *pro se*, and has now appealed the jury conviction to the Delaware Superior Court pursuant to CCP Crim. R. 37 and Super. Ct. Crim. R. 39(c). Thus, Plaintiff's criminal matter, in which he is free to raise every grievance against State Defendants that he has raised here, is not finally concluded. It is currently on appeal to the Superior Court and, from there, Plaintiff has the further right, under State law, to appeal, if necessary, his conviction to the Delaware Supreme Court.

The <u>Rooker-Feldman</u> doctrine bars plaintiffs from submitting the final judgment of a state

13

court to a federal District Court for review.  The doctrine has also been held to apply even where, as here, there has been no "final" judgment in the state court.  <u>Keene Corp. v. Cass</u>, 908 F.2d 293, 297 (8th Cir. 1986) (affirming District Court's dismissal of suit against state court and judge on basis of judicial immunity and <u>Rooker-Feldman</u>).

Just six months ago, this Court dismissed a complaint very similar to Plaintiff's, on the basis of <u>Rooker-Feldman</u>'s bar to jurisdiction in this Court.  In <u>Brooks-McCollum v. State of Delaware, et.al.,</u> C.A. 04-1419 JJF (D. Del. Aug. 15, 2005), Plaintiff sued the Delaware Court of Chancery and one of the Vice Chancellors, claiming Constitutional violations as a result of adverse rulings in a civil matter in that court.  Judge Farnan held that the District Court was without subject matter jurisdiction based upon the <u>Rooker-Feldman</u> doctrine.  Under the doctrine, jurisdiction will be barred "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. . . . [or] if the relief requested in the federal action would effectively reverse the state decision or void its ruling.  <u>Id</u> at p.3 (citations omitted).  Like <u>Brooks-McCollum</u>, Plaintiff, suing two Delaware courts and other officials, seeks the reversal or voiding of numerous state actions and a multitude of rulings by the State trial court.  Accordingly, his claims are barred by <u>Rooker-Feldman</u>.

**b. The Anti-Injunction Act, 28 U.S.C.A. §2283, bars Plaintiff's claims.**

Plaintiff explicitly seeks several forms of "injunctive" relief in his complaint.  (See Complaint at ¶¶ 32, 116).  Plaintiff also implicitly seeks that this Court enjoin the State courts below by "reversing" his conviction and sentence and, presumably, vacating his appeal.  (Complaint at ¶ 115).  Plaintiff's claims are barred by the Anti-Injunction Act.

The Anti-Injunction Act, 28 U.S.C.A. §2283, is "an absolute prohibition against [federal courts] enjoining state court proceedings unless the injunction falls within one of three specifically

14

defined exceptions." <u>Banks v. District of Columbia et al</u>, 1989 WL 38956, (Dist. D.C 1989) (citing

17 C. Wright & A. Miller, Federal Practice and Procedure, §4222 (1988)).  "A United States Court

can only enjoin state court proceedings if such an injunction is 'expressly authorized by Act of

Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" <u>Id</u>.

(quoting 28 U.S.C.A. §2283).  *See also* <u>National R.R. Passenger Corp. v. Pennsylvania Public Utility</u>

<u>Comm.</u>, 342 F.3d 242, 255-56 (3d Cir. 2003); <u>In re Diet Drugs Products Liability Litigation</u>, 369

F.3d 293, 305 (3d Cir. 2004).  This case does not fall under any of the exceptions to the Anti-

Injunction Act.

### c. The Younger Abstention Doctrine bars Plaintiff's claims.

The <u>Younger</u> Abstention Doctrine is also applicable to this case, and bars Plaintiff's claims,

insofar as Plaintiff is soliciting this Court to interfere in pending state court litigation.  Plaintiff

explicitly requests that this Court "remove" his state court action(s) to the United States District

Court for the District of Delaware.  (Complaint at ¶ 114).  The Court, of course, has no authority to

"remove" a State criminal proceeding at the Defendant's request.  *Cf*. 28 U.S.C.A. §1441 (allowing

for removal of certain *civil* actions by *defendants*).  The District Court should abstain from Plaintiff's

attempts to interfere with the state court proceedings based upon the <u>Younger</u> Abstention Doctrine.

<u>Younger v. Harris</u>, 401 U.S. 37 (1971); <u>Middlesex County Ethics Committee v. Garden State Bar</u>

<u>Association, et al</u>., 457 U.S. 423 (1982).  As in <u>Middlesex County</u>, there is an adequate state forum

for resolution of the relevant issues of the case.  Plaintiff is well aware of this and has, in fact,

already availed himself of his State court appellate remedies.  The principles of comity and

federalism require that the Federal Court abstain from interference in a pending state court case.

> It would trivialize the principles of comity and federalism if federal
> courts failed to take into account that an adequate state forum for all

15

relevant issues has clearly been demonstrated to be available prior to
any proceedings on the merits in federal court.

Middlesex County Bar Association, et al., 457 U.S. at 437 (*citing* Hicks v. Miranda, 422 U.S. 332,

350 (1975)). Plaintiff's state court case and his alleged procedural grievances involve interpretations

of Delaware criminal and criminal procedure laws. The State of Delaware has an important interest

in interpreting its own criminal and Constitutional Laws, as well as overseeing the functions of its

State judiciary. For these reasons, the Federal District Court should abstain from interference with

this pending state judicial proceeding.

Plaintiff is not without a federal remedy as, assuming *arguendo* his sentence qualifies for

habeas corpus relief, he may invoke this Court's jurisdiction pursuant to 28 U.S.C.A. §2254, but only

*after* he has availed himself of all State court remedies. 28 U.S.C.A. §2254(b)(1)(A); Federal Rules

Governing §2254 Cases. *See also* United States v. Anderson, 456 F.2d 1197 (3d Cir. 1972)

(petitioner must exhaust state court remedies as to determination of alleged constitutional violations

prior to filing habeas petition).

### III.    STATE JUDICIAL DEFENDANTS ARE  IMMUNE FROM SUIT UNDER THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY.

All of Plaintiff's allegations against the Court of Common Pleas and the Superior Court, as

well as any implied allegations against the presiding judges in those courts, are barred by the doctrine

of absolute judicial immunity, and his complaint must therefore be dismissed as to the courts.

Absolute immunity is more than a simple insulation against damages; it is, in fact, *an entitlement not

to stand trial*. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Immunity is defined by the functions

it protects and serves (*i.e.* the judicial process), rather than the title of the defendant. Forrester v.

White, 484 U.S. 219, 227-29, 108 S.Ct. 538, 544 (1988). Immunity issues should be decided as a

matter of law at the earliest possible stage of the litigation and, accordingly, may be decided on a motion to dismiss. *See* Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982); Hunter v. Bryant, 502 U.S. 224, 112 S.Ct. 534, 537 (1991).

Since at least 1871, the United States Supreme Court has recognized that it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, be free to act upon his own convictions, without apprehension of personal consequences to himself." Bradley v. Fisher, 80 U.S. 335, 347 (1871). It is simply beyond dispute that a judge is entitled to absolute immunity when performing judicial acts. Stump v. Sparkman, 435 U.S. 349 (1978). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.,* whether it is a function usually performed by a judge, and to the expectations of the parties, *i.e*., whether they dealt with the judge in his judicial capacity." Id. at 362. The U.S. Supreme Court has held the doctrine of judicial immunity to be applicable to actions filed pursuant to 42 U.S.C.A §1983. *See* Stump, 435 U.S. at 356.

This well-established principle of judicial immunity cannot be avoided simply by crafting allegations of malice, corruption, or negligence, as the Plaintiff has done here. As the High Court in Bradley explained: "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, *even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly*." Bradley, 80 U.S. at 351 (emphasis added).

In 1871, the Supreme Court could have been describing the case at bar when it noted that human nature will often give rise to perceptions of improper conduct in the minds of disgruntled litigants:

> [T]he disappointment occasioned by an adverse decision, often finds
> vent in imputations of this character, and from the imperfection of

> human nature this hardly a subject of wonder.  If civil actions could
> be maintained in such cases against the judge, because the losing
> party should see fit to allege in a complaint that the acts of the judge
> were done with partiality, or maliciously, or corruptly, the protection
> essential to judicial independence would be entirely swept away.  Few
> persons sufficiently irritated to institute an action against a judge for
> his judicial acts would hesitate to ascribe any character to the acts
> which would be essential to the maintenance of the action.

Bradley v. Fisher, 80 U.S. at 348.

These principles remain unchanged in modern Supreme Court jurisprudence, which additionally emphasizes the channels of higher judicial review which are available to dissatisfied litigants.  "Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability."  Forrester, supra, 108 S.Ct. at 543.

As noted above, Plaintiff has not named the presiding judges in his State Court matters as individual Defendants in this case.  Nonetheless, Defendants note that those judges would be entitled to absolute immunity here.  A judge is entitled to absolute judicial immunity if his actions meet a two-part test: first, the acts must be taken within the judge's jurisdiction; second, the acts must be performed in the judge's judicial capacity.  John v. Barron, 897 F.2d 1387, 1391 (7th Cir. 1990), cert. denied, 498 U.S. 821 (1990) (citing Stump and Bradley, supra).  Both prongs of this test are met in this case.

**a. There is no dispute that the Court of Common Pleas and the Superior Court of Delaware have jurisdiction in the Plaintiff's State Court criminal prosecution and appeal.**

It is well settled that a judge will not be deprived of immunity from liability because the action he took was in error, or in excess of his authority. Rather, a judge will be subject to liability only when he has acted in the "clear absence of all jurisdiction." Stump, *supra*, 98 S.Ct. at 1101 (citing Bradley). There is no question of jurisdiction in the underlying criminal case from which Plaintiff claims to be aggrieved. The Court of Common Pleas has jurisdiction over Plaintiff's misdemeanor criminal trial, and the Superior Court has jurisdiction over an appeal therefrom. 11 Del.C. §2701(b); CCP Crim. R. 37; Super. Ct. Civ. R. 72. Plaintiff does not dispute these facts in his complaint. There is no question that the Delaware Judicial Defendants had jurisdiction over the subject matter of the underlying case from which Plaintiff claims to be aggrieved. Accordingly, the first prong of the judicial immunity test is met.

**b. Judge Smalls and all Judicial officers handling Plaintiff's cases were, at all times, acting in their judicial capacities.**

Given jurisdiction over the subject matter, absolute immunity will attach if a judge's acts were "judicial acts." A judicial act is "a function normally performed by a judge, and to the expectations of the parties, *i.e.* whether they dealt with the judge in his judicial capacity." Stump, 98 S.Ct. at 1107. In this case, Plaintiff alludes to errors and misconduct on the part of the Court of Common Pleas, institutionally, and The Honorable Alex J. Smalls, Chief Judge of the Court of Common Pleas. (Complaint§§ 47-73). These allegations pertain solely to acts performed in Judge Smalls' judicial capacity—specifically, actions taken and rulings made during Plaintiff's criminal trial. It is obvious from the complaint that Plaintiff is alleging that the trial judge was acting in a judicial capacity. Plaintiff's complaint in the instant case arises from his dissatisfaction with the

19

results of his criminal trial.  It is difficult to imagine an act that is more reflective of "judicial capacity" than presiding over a trial and sentencing.

Plaintiff's complaints, stripped of their rhetoric, boil down to his claim that the Court erred in rulings as to multiple evidentiary and procedural matters at trial.  The law is clear that error on the part of a jurist will not circumvent judicial immunity.  Forrester v. White, *supra*, 108 S.Ct. at 543.  Error, if any, is a matter to be corrected by the appellate process, not by suing the trial judge in Federal Court.  In this case, Plaintiff has the ultimate right to appeal his verdict to the Delaware Superior Court.  He has, in fact, already done so.

In the Complaint, Plaintiff makes additional, blatantly unsupported, allegations that the Court showed favoritism toward the State and explicitly accuses Judge Smalls of "trial fixing" and of "us[ing] his position to influence and cause the outcome of [the jury] trial in favor of the State of Delaware."  (Complaint §§ 47-48).  However, even these base allegations are asserted within the context of the judicial proceedings.  As discussed *supra*, the law is well settled that clearly erroneous, malicious or even illicit decisions on the part of a judge (and, again, there is no evidence whatsoever of such conduct here) are protected by absolute judicial immunity.  The risk of a judge being hauled into court and made to defend his judicial acts by the mere allegation of "conspiracy" is the precise harm that judicial immunity seeks to avoid.  John v. Barron, *supra*, 897 F.2d at 1392.  Clearly, all actions taken by Judge Smalls as the presiding jurist in Plaintiff's case must be considered judicial acts.  Accordingly, he is protected from suit by the doctrine of judicial immunity.

This Court considered and dismissed a complaint against a judge containing allegations remarkably similar to those in the instant case.  In D'Alessandro v. Robinson, 210 F.Supp.2d 526 (D.Del. 2002), the plaintiffs alleged, *inter alia,* that a District Court judge had violated their

20

constitutional rights by dismissing their case, and that the judge had "conspired" with defense counsel in the underlying case.  This Court dismissed on the basis of judicial immunity.  The Court noted that, as here, all acts taken by Judge Robinson occurred in her official capacity as judge in plaintiffs' underlying case.  210 F.Supp.2d at 530.  Furthermore, this Court held that "even if Judge Robinson's rulings were contrary to the law, she is still immune from suit."  Id.  Finally, with regard to the (unsubstantiated) allegations of "conspiracy", the Court held "even if Judge Robinson's actions were taken as a result of a conspiracy, [she] is still immune from suit."  Id.  The allegations lodged against the trial judge here are virtually identical, and the result must be the same.  Plaintiff's complaint must be dismissed with prejudice as to all judicial defendants, as they are absolutely immune from suit.[6]

### IV.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS, AGENCIES AND OFFICIALS NAMED BY PLAINTIFF ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C.A §1983.

The Plaintiff has named the State of Delaware Court of Common Pleas and Superior Court as party-defendants in this matter. Plaintiff has also named the State agencies Department of Justice and the Delaware State Police.  The Court of Common Pleas and Superior Court are Constitutional Courts, pursuant to the Delaware Constitution of 1897, Article IV, §§ 7; 7B.  The State Department of Justice is a State Agency under the direction and control of the Attorney General, an elected official.  29 Del.C. Ch. 25.   The Division of State Police is a Division within the State Department of Public Safety, an executive agency.  11 Del.C. Ch. 83.  None of these Courts or agencies can be

---

6 While Plaintiff's suit does not name as a defendant any individual prosecutor in the Department of Justice, it should be noted that such a claim would also be legally barred.  The United States Supreme Court has held that a prosecutor is entitled to absolute immunity from suits under §1983.  Imbler v. Pachtman, 424 U.S. 409 (1976).  The policy behind absolute immunity is that a prosecutor must be free to exercise his or her prosecutorial discretion without the threat of harassing and time-consuming §1983 and common law actions.  Id.

considered "persons" as contemplated by the jurisprudence interpreting 42 U.S.C.A. § 1983.

Neither are the individual State Troopers named as Defendants in Plaintiff's complaint considered "persons" for purposes of this case, as all claims made against them pertain to acts taken in their official capacities. *See e.g.* Complaint, ¶40. Plaintiff's sole accusation as to the individual Troopers is that he asked them to look into his claims that wrongful acts had been committed against him by the third party, I.C.P.A./Ms. Ohm, for the purposes of a prosecution against her and/or internal affairs action against certain DSP Troopers. (Compl. ¶¶17, 37, 40 *see generally* Count II).

The United States Supreme Court has held that a state official acting in his or her official capacity is immune from suit under 42 U.S.C.A. §1983 because he or she is not a "person" under the statute. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Just as States themselves are protected from suit under the immunity granted by the Eleventh Amendment to the U.S. Constitution (*See* Argument III, *infra*), so are state actors in their "official" capacities.

> As the Supreme Court in Will explained: "[o]bviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such it is no different from a suit against the State itself."

Will, supra, 491 U.S. at 71.

All of the grievances set forth in Plaintiff's complaint, as to the named individuals, while only vaguely pled, clearly stem entirely from the officers' actions taken in their official capacity as DSP Troopers (*e.g.* investigating possible crimes and internal misconduct). The fact that Plaintiff is not satisfied with the performance of the Troopers' official job duties does not negate that their actions were taken in an official capacity, and does not give rise to a cause of action in this Court. The individual Defendants are not "persons" subject to suit in this Court.

**V.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS AND AGENCIES NAMED BY PLAINTIFF, AND STATE POLICE OFFICERS SUED IN THEIR OFFICIAL CAPACITY ARE IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY.**

The sovereign immunity of the states is found in the Eleventh Amendment to the United States Constitution, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  While the Amendment does not facially bar suits against the State by its own citizens, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III."  Seminole Tribe of Florida v. Florida, 517 U.S. 44, 65 (1996).  "Congress' powers under Article I of the Constitution do not include the power to subject States to suit at the hands of private individuals."  Kimel v. Florida Bd. of Regents, 528 U.S. 62, 80 (2000).  "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed."  Neeley v. Samis, 183 F. Supp. 2d 672, 678 (D. Del. 2002) (citing Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98-100 (1984)).

The United States Congress can waive the state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive state immunity will produce this result.  Id.  No such clear

intent can be seen in 42 U.S.C.A. §1983.  In fact, a review of the statute demonstrates that Congress did not intend to waive the states' immunity.  The statute facially allows suits only to be brought against "persons."  42 U.S.C.A. §1983.  As discussed *supra*, neither the State of Delaware nor its officials acting in their official capacity are "persons" as contemplated by 42 U.S.C.A. §1983.

To the extent Plaintiff claims any violations of state laws, the Doctrine of Sovereign Immunity also bars such a claim.  *See* Pagano v. Hadley, 535 F.Supp. 92 (D.Del. 1982).  Sovereign immunity provides that the State and its agencies may not be sued without consent.  *See* Doe v. Cates, 499 A.2d 1175, 1881 (Del. Supr. 1985).  No such consent exists here.  *See also* 10 Del.C. §4001 (providing for absolute tort immunity for judges and Deputy Attorneys General).

## VI.  EVEN IF THE INDIVIDUAL STATE POLICE OFFICER DEFENDANTS HAD BEEN SUED IN THEIR INDIVIDUAL CAPACITIES, THEY WOULD BE IMMUNE FROM SUIT UNDER THE DOCTRINE OF QUALIFIED IMMUNITY.

As stated above, there is nothing in the instant complaint to support a claim against any individual State official in his or her individual capacity.  The Third Circuit has held that the proper analysis is for the trial court to first determine whether Plaintiff asserts a valid violation of a constitutional right, before considering immunity issues.  Miller v. City of Philadelphia, 174 F.3d 368, 374 (3d Cir. 1999).  Plaintiff here has not made that showing.  Nonetheless, Plaintiff's claims (assuming any existed) against Defendants in their individual capacities would be barred by the doctrine of qualified immunity.[7]  It is well settled that government officials performing discretionary functions enjoy qualified immunity from damages when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Lee

---

7 As the Third Circuit held in Ryan v. Burlington County, 889 F.2d 1286, 1292 (3d Cir. 1989) "[t]he defense of qualified immunity is a recognition of the fact that subjecting public officials to personal liability for their discretionary actions results in the distraction of those officials from their public duties, inhibits their discretionary

v. Mihalich, 847 F.2d 66, 69 (3d Cir. 1988) (*citing* Harlow v. Fitzgerald, 457 U.S. 800 (1982) (Lee

v. Mihalich abrogated on unrelated grounds per Albright v. Oliver, 510 U.S. 266 (1994)).  The test is

one of "objective legal reasonableness" of an official's acts.  Lee, 847 F.2d at 69.  Defendants are

entitled to qualified immunity unless Plaintiff can show that (1) his "right" is clearly established by

law and (2) the "unlawfulness [of Defendants' act] must [have been] apparent."  Id.  In Miller, the

Third Circuit, citing Supreme Court authority, held that where abusive action is alleged against a

government official, there will be no constitutional liability unless the "action [is] so ill-conceived or

malicious that it 'shocks the conscience' . . . . officials will not be held liable for actions that are

merely negligent."  Miller, *supra*, 174 F.3d at 375 (citations omitted).

    Applying the Lee/Miller test, it is clear that Plaintiff has not pled any facts that would defeat

the qualified immunity of the named Defendants.  He has no "right"—let alone a "clearly established

right"--to have a certain individual prosecuted by the State, or to avoid prosecution himself.  In

addition, Plaintiff has pled no facts to show any action on the part of the named officers that was

malicious or that "shocks the conscience."  Moreover, "bare allegations of malice should not suffice

to subject government officials either to the costs of trial or to the burdens of broad-reaching

discovery."  Harlow, *supra*, 457 U.S. at 817-18.  As plaintiff fails to set forth any factual basis that

would defeat the defense of good faith qualified immunity, the individual defendants are not subject

to liability.

---

actions and, quite possibly, deters qualified people from accepting public service." Id.

25

## <u>CONCLUSION</u>

Clearly, even accepting the allegations of Plaintiff's complaint as true, he has failed to invoke

the subject matter jurisdiction of this Court and has failed to state any claim, against any Defendant,

upon which relief could be granted.  For the foregoing reasons, Defendants respectfully request that

this Honorable Court grant their Motion to Dismiss Plaintiff's complaint with prejudice.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


  /s/ Stephani J. Ballard
STEPHANI J. BALLARD  (I.D. No. 3481)
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATED:  February 15, 2006

26

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on February 15, 2006, she caused the attached **State Defendants' Opening Brief in Support of Motion to Dismiss Complaint** to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Steven D. Humes
4838 Plum Run Court
Wilmington, DE  19808

**MANNER OF DELIVERY:**

**_____** One true copy by facsimile transmission to each recipient.

_ X _ Two true copies by first class mail, postage prepaid, to each recipient.

**_____** Two true copies by Federal Express.

**_____** Two true copies by hand delivery to each recipient.

_/s/ Stephani J. Ballard_____
Stephani J. Ballard, I.D. No. 3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
Attorney for Defendants

I:\stephani.ballard\Litigation\Brooks-Mccollum v. Parsons\BRIEF IN SUPPORT MTD2.doc

# UNREPORTED
# OPINIONS

Westlaw.

Not Reported in F.Supp.                                                                                          Page 1

Not Reported in F.Supp., 1989 WL 38956 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

◄

Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
Simon BANKS, Plaintiff,
v.
DISTRICT OF COLUMBIA, et al., Defendants.
**CIV. A. No. 89-0871.**

April 3, 1989.

ORDER

CHARLES R. RICHEY, District Judge.
**\*1** On the evening of March 30, 1989 at about 5:30 p.m., this Court, as Motions Judge, held an emergency hearing [FN1] on plaintiff's application for a temporary restraining order enjoining the Court of Appeals for the District of Columbia from publishing and enforcing its opinion and order issued in *In re Simon Banks,* C.A. No. 87-97 (D.C. Ct. of Appeals Dec. 23, 1987). The District of Columbia Court of Appeals issued an order on March 21, 1989 directing the publication of that opinion and order on March 31, 1989.

It is now well recognized that the Anti-Injunction Act, 28 U.S.C. § 2283 is ' "an absolute prohibition against [United States courts] enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." ' 17 C. Wright & A. Miller, *Federal Practice and Procedure* § 4222 (1988) (quoting *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 286 (1970)). A United States court can only enjoin state court proceedings if such an injunction is "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. " 28 U.S.C. § 2283. Plaintiff meets none of these exceptions. Moreover, plaintiff admitted, in the course of the hearing, that he has not availed himself of any remedies that he may have to appeal or to apply for a writ of certiorari to the Supreme

Court of the United States.

In addition, plaintiff asserted that this suit arises out of the same nucleus of operative facts as Civil Action No. 87-1629, a case currently before Judge John G. Penn of this Court. Plaintiff also explained that the suit before Judge Penn and this suit involve many of the same claims and defendants. As such, the remainder of this case will be transferred to Judge Penn as a related case under the Local Rules of this Court.

Accordingly, it is, by the Court, this 31st day of March, 1989,

ORDERED that plaintiff's application for a temporary restraining order shall be, and hereby is, denied.

> FN1. Because plaintiff attempted to file his application for a temporary restraining order after 4:30 p.m., the Clerk's Office did not accept his application for filing. As such, the Court heard plaintiff's application for a temporary restraining order prior to the time it was officially filed with the Court.

D.D.C.,1989.
Banks v. District of Columbia
Not Reported in F.Supp., 1989 WL 38956 (D.D.C.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHY D. BROOKS-MCCOLLUM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-1419 JJF |
| | : | |
| STATE OF DELAWARE, DELAWARE | : | |
| CHANCERY COURT, DONALD | : | |
| PARSONS, Vice Chancellor, | : | |
| | : | |
| Defendants. | : | |

---

Cathy D. Brooks-McCollum, Bear, Delaware.
Pro se Plaintiff.

Stephani J. Ballard, Esquire, Deputy Attorney General, DEPARTMENT
OF JUSTICE, STATE OF DELAWARE, Wilmington, Delaware.
Attorney for Defendants.

---

**MEMORANDUM OPINION**

August 15, 2005
Wilmington, Delaware

Joseph J. Farnan Jr.
Farnan, District Judge.

Pending before the Court is Defendants' Motion To Dismiss
Complaint (D.I. 17). For the reasons discussed, the Court will
grant the Motion.

## I.    Background

Plaintiff Cathy Brooks-McCollum has filed at least eight
actions in four different Delaware State and Federal courts on
her underlying grievance against the Emerald Ridge Service
Corporation and its board of directors. In the original action,
Plaintiff filed a Motion To Compel Indemnification, contending
that Emerald Ridge Service Corporation should indemnify her. On
July 29, 2004, after holding a hearing on the motion, Vice
Chancellor Parsons of the Chancery Court issued an opinion
denying Plaintiff's motion. Brooks-McCollum v. Emerald Ridge
Service Corp., No. Civ.A. 147-N, 2004 WL 1752852 (Del. Ch. July
29, 2004). In the instant action, brought pursuant to 42
U.S.C.A. § 1983, Plaintiff claims that the Court of Chancery,
presiding Vice Chancellor Donald Parsons, and the State of
Delaware violated several of her constitutional rights when they
denied her motion for intervention. Plaintiff asks the Court to
require Defendants to grant her the relief she requested in her
motion for indemnification. (D.I. 5 at 32.)

## II.    Contentions

By their motion, Defendants contend that the Court should
dismiss the instant action because (1) the Court is immune from

suit under the doctrine of judicial immunity; (2) Defendants are
not "persons" subject to suit under 42 U.S.C.A. § 1983; (3)
Defendants are immune under the Eleventh Amendment; (4)
Plaintiff's claims are barred by the Rooker-Feldman doctrine, the
Anti-Injunction Act, and the Younger Abstention doctrine; and (5)
Plaintiff's complaint fails to state a claim upon which relief
can be granted.  Plaintiff's Answering Brief (D.I. 20) addresses
many of Defendants' contentions.  It does not, however, address
the issue upon which the Court will focus its discussion, the
Rooker-Feldman doctrine.

## III. Discussion

The Court concludes that the Rooker-Feldman doctrine
precludes the Court from exercising jurisdiction over the instant
matter, and therefore, the Court's discussion will not address
Defendants' other bases for dismissal.

Pursuant to the Rooker-Feldman doctrine, a district court
does not have jurisdiction to review the decision of a state
tribunal.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923);
Feldman v. Dist. of Columbia Court of Appeals, 460 U.S. 462
(1983).  Specifically, the doctrine precludes district courts
from exercising subject matter jurisdiction over "constitutional
claims that have been previously adjudicated in state court or
that are inextricably intertwined with such a state
adjudication."  Gulla v. North Strabane Township, 146 F.3d 168,

2

171 (3d Cir. 1998). A constitutional claim is "inextricably
intertwined" with a particular state court decision if the
federal claim succeeds only to the extent that the state court
wrongly decided the issues before it. Behr v. Snider, 900
F.Supp. 719, 724 (E.D. Pa. 1995) (quoting Centifanti v. Nix, 865
F.2d 1422, 1430 (3d Cir. 1989)). "In other words, Rooker-Feldman
precludes a federal action if the relief requested in the federal
action would effectively reverse the state decision or void its
ruling." FOCUS v. Allegheny County Ct. of Common Pleas, 75 F.3d
834, 840 (3d Cir. 1996) (quoting Charchenko v. City of
Stillwater, 47 F.3d 981, 983 (8th Cir.1995) (citations omitted)).

        In this case, Plaintiff asks the Court to require the
Defendants to grant her the relief she sought in Chancery Court
by her motion for indemnification. Specifically, Plaintiff
claims that the Chancery Court should require Emerald Ridge
Service Corporation to indemnify her. Such a decision, however,
would require the Court to review the decision previously
adjudicated by the Chancery Court, namely, the Chancery Court's
decision to deny Plaintiff's motion for indemnification. Thus,
Plaintiff's requested relief would require the Court to
effectively reverse the Chancery Court's decision. Consequently,
the Court concludes that, pursuant to the Rooker-Feldman
doctrine, the Court lacks subject matter jurisdiction to consider
Plaintiff's asserted claims, and therefore, Defendants Motion To

3

Dismiss Complaint (D.I. 17) will be granted.

**IV. Conclusion**

For the reasons discussed, the Court will grant Defendants'
Motion To Dismiss Complaint (D.I. 17).

An appropriate Order will be entered.

4

# EXHIBIT A

```
              COURT OF COMMON PLEAS CRIMINAL DOCKET          Page    1
                        ( as of  02/09/2006 )
```

State of Delaware v.  STEVEN D HUMES                         DOB: 10/25/1957
State's Atty: , Esq.
Defense Atty: , Esq.                      AKA:


Assigned Judge:

Charges:
Count     DUC#        Crim.Action#    Description       Dispo.    Dispo. Date
-----------------------------------------------------------------------------
001    0402006855    MN04040288      MISUSE < 500       TRAN      01/31/2005

       Event
No.    Date            Event                             Judge
-----------------------------------------------------------------------------
       04/01/2004
        CASE FILED ON 04/01/2004;  ARREST DATE 02/11/2004
        ARRAIGNMENT SCHEDULED FOR   04/19/2004
        UNSECURED BOND                       1,000.00
            MN04040288      DE1109350004    MISUSE < 500
       04/20/2004
        DEFENDANT PLED NOT GUILTY AND DEMANDED JURY TRIAL.
       04/20/2004
        JURY TRIAL SCHEDULED FOR 08/02/2004 AT 08:30 AM
       05/07/2004
        MOTION TO COMPEL DISCOVERY SCHEDULED ON 06/02/2004
          AT 08:30 AM
       06/02/2004
        MOTION TO COMPEL DISCOVERY WAS GRANTED ON 6/02/04 BY JUDGE SMALLS.
        MOTIONS FOR DEPOSITION AND EX PARTE ASSISTANCE WITHDRAWN.
       06/24/2004
        MOTION TO WITHDRAW AS COUNSEL SCHEDULED ON 07/14/2004
          AT 08:30 AM
        PRO SE MOTIONS FILED
        MOTIONS TO RECEIVE EX PARTE ASSISTANCE IN ISSUING SUBPOENAS
        MOTION TO EXCLUDE
        MOTION TO DISMISS
        MOTION FOR WRITTEN RESPONSE TO DEPOSITIONS
        MOTION FOR AFFIRMATIVE DEFENSE
       07/14/2004
        MOTION TO WITHDRAW AS COUNSEL WAS GRANTED ON 7/14/04 BY COMMISSIONER
        MCDONOUGH.
       07/16/2004
        MOTION FOR JUDICIAL NOTICE SCHEDULED ON 07/28/2004
          AT 08:30 AM
       07/29/2004
        THE FOLLOWING MOTIONS WERE WITHDRAWN:
        MOTION FOR WRITTEN RESPONSE TO DEPOSITIONS
```

```
               COURT OF COMMON PLEAS CRIMINAL DOCKET         Page    2
                     ( as of  02/09/2006 )
```

State of Delaware v.  STEVEN D HUMES                    DOB: 10/25/1957
State's Atty: , Esq.                         AKA:
Defense Atty: , Esq.

```
     Event
No.  Date          Event                          Judge
---------------------------------------------------------------------
     MOTION TO RECEIVE EX PARTE ASSISTANCE IN ISSUEING SUBPOENAS
     THE FOLLOWING MOTIONS WERE PASSED:
     MOTION TO DENY ANY ACTIONS THAT WOULD CAUSE ANY DELAY OR POSTPONEMENT
     OF TRIAL
     MOTION TO NOTIFY
     THE FOLLOWING MOTIONS WERE DENIED:
     MOTION TO DISMISS
     MOTION TO SUBPOENA DEPUTY DISTRICT ATTORNEY CLERK OR ASSISTANT
     MOTION TO EXCLUDE
     MOTION TO SUBPOENA THE STATE OF DELAWARE ATTORNEY GENERAL
     THE FOLLOWING MOTIONS ARE BE DECIDED BY TRIAL JUDGE:
     MOTION FOR ARRIRMATIVE DEFENSE
     MOTION FOR JUDICIAL NOTICE
     THE FOLLOWING MOTION WAS GRANTED:
     MOTION FOR AUDIO VISUAL EQUIPMENT
08/02/2004
     JURY TRIAL CONTINUED STATE'S REQUEST
08/03/2004
     MOTION TO SUPPRESS EVIDENCE SCHEDULED ON 08/18/2004
       AT 08:30 AM
08/18/2004
     MOTION PASSED; REQUESTED BY COURT.
08/26/2004
     MOTION SCHEDULED ON 09/20/2004 AT 08:30 AM
09/20/2004                              SMALLS ALEX JEROME
     MOTION CALENDAR TO GO IN WITH JUDGE SMALLS SENTENCING CALENDAR
10/08/2004
     MOTION FOR SUPPRESS SCHEDULED ON 10/22/2004
       AT 02:00 PM
10/12/2004                              SMALLS ALEX JEROME
     MOTION TO SUPPRESS HEARING SCHEDULED 10/22/04
     MOTION TO COMPEL -SENT COPY OF EMAIL TO DEF. (PROVIDED TODAY
     COPY OF CRIMINAL RECORD TO DEF. DENIED
     REPORT DENIED
     EXPERT WITNESS LIST-STATE HAS NO EXPPERT WITNESS LIST JUST OFFICER
     POLICE RPORT PROVIDED/NAMES+ADD-DENIED
     MOTION TO DISMISS DENIED
     MOTION TO COMPEL JUSTICE CONSIDERED UNDER RULE 16 TO BE DISCUSSED A
     SUPPRESSION HEARING ON 10/22/04
     MOTION TO SUPPORT JUDICICAL NOTICE BY DEF TO BE HEARD @SUPP. HEARING
     MOTION TO LIMINE STATE-GRANTED
     SUBMIT WITNESS LIST W/IN 10 DYS DEF ON CAL HAVE 10 WITNESSES
```

```
           COURT OF COMMON PLEAS CRIMINAL DOCKET              Page    3
                    ( as of  02/09/2006 )

State of Delaware v.  STEVEN D HUMES                      DOB: 10/25/1957
State's Atty: , Esq.                        AKA:
Defense Atty: , Esq.

      Event
No.   Date            Event                          Judge
-------------------------------------------------------------------------
      1STATE POLIC OFF. TO SUPPORT UNLAWFUL DOWNLOADING OF SONG.
      JEANNE OHM IS STATE WITNESS
      10/22/2004                              SMALLS ALEX JEROME
      MOTION TO SUPRESS STATEMENT DENIED
      10/22/2004                              SMALLS ALEX JEROME
      MOTION TO SUPPORT JUDICIAL NOTICE BY DEF.DENIED
      10/25/2004
      JURY TRIAL SCHEDULED FOR 10/25/2004 AT 08:30 AM
      10/27/2004                              SMALLS ALEX JEROME
      DEFENDANT FOUND GUILTY OF_MISUSE OF COMPUTER OF INFORMATION SYSTEM
      10/27/2004                              SMALLS ALEX JEROME
      SENTENCE:$500 +C +18% L-5-30 DYS SUSP.PROB L-2-1YR. RETURN ANY AND
      ALL COMPUTER DATA OF DR OHM TO HER. W/IN 10 DYS. BE EVALUATED AND COMP
      LETE EMOTIONAL EVALUATION. NO CONTACT WITH DR. OHM OR ASSOCIATES.
      11/18/2004                              SMALLS ALEX JEROME
      CITATION ON APPEAL FILED NOVEMBER 10, 2004, FILE SENT TO J/SMALLS
      FOR BOND REVIEW. ON 11/29/2004 DEF APPEARED TO SIGN
      $1000 UNSEC BOND, NO CONTACT W/JEANNE OHM (VICT)
      12/20/2004                              SMALLS ALEX JEROME
      FILE COPIED AND FORWARDED TO SCNCC FOR REVIEW OF APPEAL
      12/20/2004                              SMALLS ALEX JEROME
      NOTICE OF APPEAL CITATION & DOCKET SENT TO CT RPTR OFC
      CASE TRANSF T/SCNCC 1/31/2005 FOR APPEAL DISPOSITION

           *** END OF DOCKET LISTING AS OF  02/09/2006 ***
              PRINTED BY: CCPCKIR

SE
```

# EXHIBIT B

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)
v. )
) I.D. #0402006855
STEVEN D. HUMES, )
)
Defendant. )

## AFFIDAVIT

I, Steven Humes, being first duly sworn, do depose and state that:

1.  On June 23, 2004, I met with my attorney, Michelle L. Scott, Esquire, of the Public Defender's Office.

2.  I advised Ms. Scott I no longer desire the representation of the Public Defender's Office.

3. Ms. Scott fully discussed the ramifications with me if she withdrew as counsel. After speaking to her, I still want to proceeded *pro se* on the charge of Misuse of a Computer System Information on the above referenced case.

4. Ms. Scott advised me that I did not have to be represented by her office and that I had the choice to represent myself or hire a private attorney.

Steven Humes
106 Pleasant Valley Avenue
Moorestown, NJ 08057
302-383-0380

June 23, 2004

STATE OF DELAWARE
COUNTY OF NEW CASTLE

*SUBSCRIBED AND SWORN* before me, the day and year aforesaid

ATTORNEY AT LAW

# EXHIBIT C

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    1
                   ( as of  02/13/2006 )

State of Delaware v.  STEVEN D HUMES                    DOB: 10/25/1957
State's Atty: SHAWN E MARTYNIAK , Esq.       AKA:
Defense Atty: ANDREW J WITHERELL , Esq.


Assigned Judge:

Charges:
Count     DUC#       Crim.Action#   Description      Dispo.   Dispo. Date
----------------------------------------------------------------------
 001    0402006855   N04112066A    MISUSE < 500      NOLP     11/09/2005

         Event
No.   Date         Event                            Judge
----------------------------------------------------------------------
1    11/04/2004
     APPEAL FILED FROM COURT OF COMMON PLEAS._ PRO SE
3    11/10/2004
     CITATION ON APPEAL FILED. CCP
2    11/29/2004
     APPEAL BOND FILED FROM THE COURT OF COMMON PLEAS. BOND SET AT $1000.00
     UNSEC. SET BY CCP. APPEAL BOND SIGNED.
4    12/02/2004
     MOTION FOR COUNSEL (PRO SE) FILED.
     REFERRED TO JUDGE COOCH.
5    12/20/2004
     RECORDS FILED FROM COURT OF COMMON PLEAS.
6    01/31/2005
     AFFIDAVIT IN SUPPORT OF APPLICATION TO PROCEED IN FORMA PAUPERIS FILED
     PRO SE / REFERRED TO JUDGE COOCH. 2/2/05
7    02/07/2005                              COOCH RICHARD R.
     LETTER FROM JUDGE COOCH    TO STEVEN HUMES & SHAWN MARTYNIAK, ESQ
     RE: THE COURT HAS GRANTED THE DEFENDANT'S MOTION TO PROCEED INFORMA
     PAUPERIS. AFTER THE TRANSCRIPTS OF THE TRIAL PROCEEDINGS IN THE COURT
     OF COMMON PLEAS HAVE BEEN PREPARED, I WILL ESTABLISH A PROCEDURE TO
     RESOLVE THE ISSUES IN THIS CASE.
8    02/07/2005                              COOCH RICHARD R.
     ORDER ON APPLICATION TO PROCEED IN FORMA PAUPERIS.
     IT IS ORDERED: THE APPLICATION IS GRANTED.
9    02/07/2005                              COOCH RICHARD R.
     ORDER UPON INITIAL REVIEW OF APPEAL. IT IS ORDERED THAT THE APPEAL
     IS NOT DISMISSED.
10   04/29/2005
     DEFENDANT'S LETTER FILED.
     TO: JUDGE COOCH
     DEFENDANT HAS NOT RECIEVED COPY OF TRANSCRIPT AS COURT ORDERED.
11   06/02/2005
     MOTION FOR TRANSCRIPTS  FILED. PRO SE ( CCP APPEAL)
```

```
                    SUPERIOR COURT CRIMINAL DOCKET          Page    2
                       ( as of  02/13/2006 )
```

State of Delaware v.  STEVEN D HUMES                   DOB: 10/25/1957
State's Atty: SHAWN E MARTYNIAK , Esq.       AKA:
Defense Atty: ANDREW J WITHERELL , Esq.

```
      Event
No.   Date           Event                             Judge
---------------------------------------------------------------------
      REFERRED TO JUDGE COOCH
12    06/02/2005
      MOTION FOR COUNSEL  FILED. PRO SE  (CCP APPEAL)
      REFERRED TO JUDGE COOCH.
13    06/02/2005
      MOTION FOR CHANGE OF VENUE  FILED. PRO SE
      REFERRED TO JUDGE COOCH.
19    06/30/2005
      STATE'S RESPONSE TO MOTION FRO NEW TRIAL OR JUDGEMENT OF ACQUITTAL
      FILED.
14    07/13/2005
      TRANSCRIPT ON APPEAL FILED FROM (CCP).
      REFERRED TO JUDGE COOCH
15    08/02/2005
      LETTER FROM SUPREME COURT TO STEVEN HUMES
      RE: THERE IS NO APPEAL PENDING IN SUPREME COURT, SUPREME
      COURT DOES NOT HAVE JURISDICTION AND CAN TAKE NO ACTION WITH
      RESPECT TO YOUR LETTER.
16    09/02/2005
      REQUEST FOR HEARING
      FILED BY SHAWN MARTYNIAK,DAG
      REFERRED TO JUDGE COOCH
17    09/15/2005
      LETTER FROM  MICHELLE SCOTT, ESQ  TO JUDGE SMALLS, CCP LETTER DATED
      6/23/04. REQUEST THAT THE COURT RULE ON THE ENCLOSED MOTION TO
      WITHDRAW AS COUNSEL WITHOUT A HEARING. THE STATE HAS NO OBJECTION.
      MOTION ATTACHED
18    09/15/2005
      LETTER FROM JUDGE COOCH   TO SHAWN MARTYNIAK, DAG & STEVEN HUMES.
      RE: THE OFFICE OF THE PUBLIC DEFENDER IS HEREBY APPOINTED TO
      REPRESENT STEVEN HUMES. MR.HUMES SHALL REPORT TO THE OFFICE OF THE
      PUBLIC DEFENDER BY SEPT. 23. IF THE OFFICE OF PUBLIC DEFENDER SHOULD
      BELIEVE STEVEN HUMES DOES NOT QUALIFY FOR REPRESENTATION BY IT, IT
      SHALL NOTIFY ME ON OR BEFORE SEPT. 28. I WILL THEN CONVENE A
      CONFERENCE WITH COUNSEL TO DISCUSS THIS CASE.
20    09/19/2005
      LETTER FROM SHAWN MARTYNIAK, DAG   TO JUDGE COOCH. RE: CCP APPEAL
      RE: I RECENTLY SUBMITTED A MOTION TO THE COURT REQUESTING A HEARING
      TO DETERMINE IF MR. HUMES IS AN INDIGENT PERSON. IN THE CERTIFICATE
      OF MAILING, I INDICATED THAT TWO COPIES WERE SENT TO MR. HUMES. ON
      TUESDAY, SEPT. 13 THE ENVELOPE WAS RETURNED TO MY OFFICE. THE
      POST OFFICE STAMP INDICATES THAT MR. HUMES REFUSED SERVICE OF THE
```

SUPERIOR COURT CRIMINAL DOCKET                Page    3
( as of  02/13/2006 )

State of Delaware v.  STEVEN D HUMES                    DOB: 10/25/1957
State's Atty: SHAWN E MARTYNIAK , Esq.      AKA:
Defense Atty: ANDREW J WITHERELL , Esq.

```
      Event
No.   Date          Event                          Judge
----------------------------------------------------------------------------
      MOTION. IF YOU HAVE ANY QUESTIONS OR REQUIRE AN ENUMERATED DISCOVERY
      RESPONSE, PLEASE FEEL FREE TO CONTACT ME.
21    09/26/2005
      DEFENDANT'S RESPONSE TO STATE'S REQUEST FOR HEARING FILED. PRO SE
      REFERRED TO JUDGE COOCH
22    09/26/2005
      DEFENDANT'S OPENING BRIEF FILED. PRO SE
      REFERRED TO JUDGE COOCH
23    09/29/2005
      LETTER FROM CATHY JENKINS(PD) TO RRC
      RE: WRITING TO ADVISE THE COURT THAT AS OF 9/28/05 DEFT HAS NOT MADE
      ANY CONTACT WITH OUR OFFICE IN REGARDS TO THIS CASE OR HIS
      ELIGIBILITY FOR PUBLIC DEFENDER REPRESENTATION. THEREFORE, THE PD'S
      OFFICE IS UNABLE TO DETERMINE WHETHER DEFT IS ELIGIBLE FOR
      REPRESENTATION AS YOUR PRIOR CORRESPONDENCE INSTRUCTS
24    10/07/2005                              COOCH RICHARD R.
      LETTER FROM JUDGE COOCH.    TO STEVEN HUMES & SHAWN MARTYNIAK, DAG
      RE: I WROTE TO MR. HUMES AND MR. MARTYNIAK ON SEPT. 14, 2005 IN
      CONNECTION WITH THIS CASE. HOWEVER, MY LETTER TO MR. HUMES, AT THE
      MOORESTOWN, NJ ADDRESS HE HAD FURNISHED THE COURT, WAS JUST RETURNED
      TO ME. I ENCLOSE A COPY OF THAT SEPT.14 LETTER TO MR. HUMES. I THEN
      WAS MADE WAWARE THAT MR. HUMES HAS FILED A RESPONSE TO REQUEST FOR
      HEARING AND OPENING BRIEFS OF SUPPORT OF THE APPEAL ON SEPT. 26, 2005
      IN THOSE DOCUMENTS, MR. HUMES USED AN ADDRESS OF 4838 PLUM RUN CRT,
      WILM, DE 19808. THE COURT WAS NOT AWARE OF MR. HUMES'S NEW ADDRESS.
      MR. HUMES IS ADVISED BY THIS LETTER THAT ANY FUTURE CHANGES OF
      ADDRESS MUST BE SUBMITTED IN WRITING TO THE PROTHONOTARY. AS MR. HUMES
      CAN NOW SEE, MY LETTER OF SEPT. 14. 05 DIRECTED HIM TO REPORT TO THE
      OFFICE FO THE PUBLIC DEFENDER BY SEPT. 23 SO THAT THE OFFICE COULD
      DETERMINE IF HE WAS INDIGENT AND ELIGBLE FOR REPRESENTATION. UNDER
      THE CIRCUMSTANCES, THE COURT WILL ESTABLISH A NEW DATE OF OCT. 21, 05
      FIR MR. HUMES TO REPORT TO THE OFFICE OF THE PUBLIC DEFENDER. THE
      OFFICE OF THE PUBLIC DEFENDER SHOULD ADVISE ME BY OCT.28 WHETHER IT
      WILL BE REPRESENTING MR.HUMES. ASSUMING MR.HUMES QUALIFIES FOR REPRES-
      ENTATION BY THE OFFICE OF THE PUBLIC DEFENDANT, I WILL THEN SCHEDULE A
      CONFERENCE WITH COUNSEL TO DISCUSS FURTHER PROGRESS OF THIS CASE.
26    10/21/2005
      LETTER FROM PRESIDENT JUDGE VAUGH  TO STEVEN HUMES. THE COURT HAS
      RECEIVED YOUR LATTER DATED JUNE 11, 2005. THE PRESIDENT JUDGE DOES NOT
      REVIEW THE CASE DECISION OF OTHER SUPERIOR COURT JUDGES, NOR DOES HE
      DIRECT THEM ON HOW ANY INDIVIUAL CASE SHOULD BE HANDLED. I A,
      REFERRING A COPY OF YOUR CORRESPONDENCE TO JUDGE COOCH FOR WHATEVER
```

SUPERIOR COURT CRIMINAL DOCKET                Page    4
( as of  02/13/2006 )

State of Delaware v.  STEVEN D HUMES                          DOB: 10/25/1957
State's Atty: SHAWN E MARTYNIAK , Esq.      AKA:
Defense Atty: ANDREW J WITHERELL , Esq.

```
      Event
No.   Date            Event                              Judge
----------------------------------------------------------------------------
      ACTION HE DEEMS APPROPRIATE.
25    10/25/2005                            VAUGHN JAMES T. JR.
      LETTER FROM: JUDGE VAUGHN.              TO: STEVEN HUMES.
      THE COURT HAS RECEIVED YOUR LETTER DATED JUNE 11, 2005. THE PRESIDENT
      JUDGE DOES NOT REVIEW THE CASE DECISIONS OF OTHER SUPERIOR COURT
      JUDGES, NOR DOES HE DIRECT THEM HOW ANY INDIVIDUAL CASE SHOULD BE
      HANDLED. I AM REFERRING A COPY OF YOUR CORRESPONDENCE TO JUDGE COOCH
      FOR WHATEVER ACTION HE DEEMS APPROPRIATE.
27    11/09/2005
      NOLLE PROSEQUI FILED BY ATTORNEY GENERAL
      WITHOUT PREJUDICE. (PER AG'S OFFICE- ENTERED IN ERROR)
30    11/17/2005
      MOTION TO SHOW GOOD CAUSE WHY THE AG'S OFFICE FILED A NOLO PROSEQUI
-     AND NO COPY WAS RECEIVED BY APPELLANT FILED. PRO SE
      REFERRED TO JUDGE COOCH
28    11/18/2005
      MOTION TO CORRECT CLERICAL MISTAKE FILED.
      BY MARK BUNITSKY,DAG
      REFERRED TO JUDGE COOCH
29    11/21/2005
      MOTION OPPOSING ALLOWING CORRECTION OF CLERICAL MISTAKE FILED.
      PRO SE
      REFERRED TO JUDGE COOCH
31    11/23/2005
      EMAIL FILED TO: MARIE CALLAHAN
      RE: PER JUDGE COOCH'S REQUEST FOR COURT APPOINTED COUNSEL IN THIS
      MATTER, ANDREW WITHERELL, ESQ. HAS BEEN ASSIGNED.
32    11/28/2005                            COOCH RICHARD R.
      LETTER FROM  JUDGE COOCH   TO ANDREW WITHERELL, ESQ. THE COURT APPOINT
      APPOINTS YOU TO REPRESENT MR. HUMES IN CONNECTION WITH THE APPEAL.
      THE ENTIRE TRANSCRIPT OF THE PROCEEDING BELOW HAS BEEN TRANSCIBED. AS
      YOU WILL SEE FROM A REVIEW OF THE RECORD, MR. HUMES HAS FILED A NUMBER
      OF MOTIONS, AS YET UNADDRESSED BY THE COURT. ADDITIONALLY, YOU WILL
      SEE THE STATE, BY ACTION OF ANOTHER DEPUTY ATTORNEY GENERAL NOT THE ON
      ONE ASSIGNED TO THIS CASE ENTERED A NOLLE PROSEQUI ON THE APPEAL ON
      NOV. 3, 2005, HOWEVER, THE STATE THEN FILED A MOTION TO CORRECT
      CLERICAL MISTAKE DATED NOV. 17, 2005. THAT MOTION IS ALSO PENDING.
      AFTER YOU HAVE HAD A CHANCE TO FAMILIARIZE YOURSELF WITH THE RECORD
      AND THE ISSUES IN THE CASE I WOULD LIKE TO MEET WITH COUNSEL ONLY IN C
      CHAMBERS TO DISCUSS THE PROCESS BY WHICH THIS APPEAL MAY BE RESOLVED.
      ACCORDINGLY, I WOULD LIKE TO MEET WITH COUNSEL WED. DEC.21, 2005.
      LASTLY, NOW THAT COUNSEL HAS BEEN APPOINTED FOR THE APPELLANT, I
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    5
                       ( as of  02/13/2006 )

State of Delaware v.  STEVEN D HUMES                    DOB: 10/25/1957
State's Atty: SHAWN E MARTYNIAK , Esq.        AKA:
Defense Atty: ANDREW J WITHERELL , Esq.


        Event
No.    Date           Event                      Judge
------------------------------------------------------------------------------
        ADVISE MR.HUMES BY COPY OF THIS LETTER THAT, PURSUANT TO SUPERIOR
        COURT RULE 47, NO FURTHER PRO SE SUBMISSIONS ARE TO BE FILED BY HIM.
33    11/28/2005                             HERLIHY JEROME O.
        ORDER:  ANDREW J. WITHERELL, ESQ. APPOINTED TO REPRESENT DEFENDANT.
34    12/21/2005                             COOCH RICHARD R.
        OFFICE CONFERENCE PROCEEDING SCHEDULED FOR TODAY, STATE DID NOT APPEAR
        . HEARING WILL BE RESCHEDULED.
35    01/04/2006                             COOCH RICHARD R.
        LETTER FROM JUDGE COOCH    TO COUNSEL. RE: SCHEDULING FOR THE MOTION
        TO CORRECT CLERICAL MISTAKE. THE STATE SHALL FILE A AFFIDAVIT IN
        SUPPORT OF ITS MOTION BY JANUARY 6.
        THE DEFENDANT'S RESPONSE SHALL BE FILED BY JANUARY 13
        THE STATE'S REPLY IS DUE JANUARY 20
        THE COURT WILL TAKE NO ACTION ON THE PENDING APPEAL UNTIL THE STATE'S
        MOTION IS RESOLVED.
36    01/26/2006
        LETTER FROM STEVEN HUMES     TO JUDGE COOCH. PLEASE SEE THE ENCLOSED
        COPIES OF LETTERS SENT TO MY COURT APPOINTED COUNSEL. I HAVE RECEIVED
        NO REPRESENTATION AND THE ONLY MEETING SCHEDULED BY THE COURT WAS
        CANCELLED AT HIS REQUEST WITHOUT MY KNOWLEDGE. THERE HAS BEEN ENOUGH
        PROCRASTINATION IN THIS MATTER. I THEREFORE INTEND TO MOVE FORWARD IN
        THIS MATTER WITHOUT COUNSEL AND ASK TO BE HEARD REGARDING THE NOLO
        PROSEQUI.
        ATTACHMENTS: LETTER TO MR. WITHERELL FROM MR. HUMES DATED 12/19/05
        LETTER TO MR. WITHERELL FROM MR. HUMES, DATED 1/9/06.
        REFERRED TO JUDGE COOCH
37    02/03/2006
        DEFENDANT'S RESPONSE TO THE STATE'S MOTION TO CORRECT CLERICAL MISTAKE
        REFERRED TO JUDGE COOCH
39    02/06/2006
        DEFENDANT'S RESPONSE TO THE STATE'S MOTION TO CORRECT A CLERICAL
        MISTAKE FILED.
        FILED BY ANDREW WITHERELL, ESQ.
38    02/07/2006                             COOCH RICHARD R.
        LETTER FROM JUDGE COOCH    TO COUNSEL. I HAVE RECEIVED THE DEFENDANT'S
        RESPONSE TO THE STATE'S MOTION TO CORRECT CLERICAL MISTAK, WITH THE
        STATE'S SUPPLEMENTAL AFFIDAVIT. THE STATE'S REPLY (LETTER FORM IS
        SATISFACTORY) SHALL BE FILED BY FEBRUARY 10, 2006,

                *** END OF DOCKET LISTING AS OF  02/13/2006 ***
                      PRINTED BY: CSCSSPR
```