Steven D. Humes

4838 Plum Run Court

Wilmington, Delaware 19808

(302) 598-9234

---

**IN THE U.S. District Court - District of Delaware**

Steven D. Humes                    )

Plaintiff                          )

                                   )

v.                                 )    C.A. No. 06-59 KAJ

State of Delaware,                 )

Court of Common Pleas, et al. )

Defendant(s)                       )

**RESPONSE TO MOTION TO DISMISS**

GENERAL RESPONSE:

1. Plaintiff has filed an amended complaint that addresses
many of the issues from this motion.

2. The amended complaint also does bring into this action a
specific count (Count # 6) as to the breach of contract and
remedies against I.C.P.A.

3. Without arguing this complaint prior to any trial, the
Plaintiff will show at trial over 20GB of recovered
business data (approx. 95% of would **not** be considered
personal), receipts, contracts, cancelled check, false
statements to authorities, letters of policy and testimony
of witnesses to support the physical evidence.

4. The charges alleged against Jeanne Ohm, in her official
capacity at I.C.P.A., constitute two criminal acts. One is
considered a misdemeanor and the other is a felony.

§ 841. Theft; Class A misdemeanor; restitution.

And

Delaware State Code Title 11 Article 933 Theft of Computer
Services. § 933.

If the Defendants acted as required by their own laws then
this action would not be required.

## A. Plaintiff addresses the responsibility of DSP/DOJ and officials:

1. Statement that this matter was investigated and
judged not to merit a criminal charge against Jeanne Ohm
"Due to lack of evidence" **is a LIE.** This matter has never

been investigated. Not before, not during, nor has any investigation of these charges been performed to date.

a. It is not a constitutionally protected right to have someone arrested or charged with a criminal action. It is a constitutional right to have a law enforced that protects your rights to life, liberty, and property even if it clearly undermines the State of Delaware's case at hand and exposes them to civil actions. The nature of these charges also provide a legitimate legal defense that was not allowed or available because of the intentional actions of the defendants. That fact that no investigation took place in this matter is criminal by Delaware law, and unconstitutional by federal law. "nor shall any State … deny to any person within its jurisdiction the equal protection of the laws." If an investigation of the actions of Jeanne Ohm would show as the Plaintiff states that she acted criminally and had done this exact act in the past, then not being able to share that with a jury caused the Plaintiff to be unconstitutionally denied access to laws and defense of a criminal charge.

b. The charges against Jeanne Ohm warrant an arrest. If the State of Delaware and authorities choose not to perform this arrest then as matter of that decision life, liberty, and property are indeed at risk.

i. Life: Plaintiff will have no other
alternative but to perform the felony arrest himself. It is
clearly a constitutional right to perform a "Citizens
arrest" for a felony and in some cases for a misdemeanor.
It should be obvious that the Plaintiff is exercising every
possible option before risking his life to protect his U.S.
citizenship.

ii. Liberty: What do you suppose will happen
if no other remedy is available but the legally
constitutional option of "Citizens Arrest" in light of the
"BLUE JUSTICE" being performed now?

iii. The property I.C.P.A. is using is the
Plaintiff's. That is per Delaware Law "by law ownership
revest back to seller if rejected". There is no question
that the product was rejected. Jeanne Ohm states so in her
letter to the PA Attorney Generals Office. Once this law
was brought to the attention of DSP/DOJ and no action was
taken Plaintiff suffered clear exclusion from State Laws
that would have protected him from criminal charges.

iv. Plaintiff presently has an order of no
contact with Jeanne Ohm, which violates his right to
perform a citizen's arrest. The evidence supporting an
arrest is absolutely undeniable.

Note: http://www.constitution.org/grossack/arrest.htm The
right to make a citizen's arrest is a constitutionally
protected right under the Ninth Amendment as its impact
includes the individual's *natural right* to self
preservation and the defense of the others. Indeed, the
laws of citizens arrest appear to be predicated upon the
effectiveness of the Second Amendment. Simply put, without
firepower, people are less likely going to be able to make
a citizen's arrest. A random sampling of the various states
as well as the District of Columbia indicates that a
citizen's arrest is valid when a public offense was
committed in the presence of the arresting private citizen
or when the arresting private citizen has a reasonable
belief that the suspect has committed a felony, whether or
not in the presence of the arresting citizen.

      2. DSP Trooper Lafferty was on vacation after taking
the complaint and arrested plaintiff upon his return. No
witnesses were interviewed, no evidence collected, no
locations visited, or anything resembling an investigation
was performed. DSP Trooper Lafferty then testified at the
trial that neither he nor anyone else performed an
investigation. The arrest was based upon a statement that
the plaintiff made about the e-mails and that per Delaware
law they were his property to do with as he pleased. The e-

mails themselves that were alleged to have been sent were
not sufficient by themselves to perform an arrest without a
full investigation. The Plaintiff asked on several
occasions that an investigation be performed prior to any
arrest.(See attachment 1 "Ohm Matter" this was sent and
received as demonstrated by the DOJ providing it to the
plaintiff during discovery) If any DSP/DOJ authority claims
that an investigation was performed then he/she **is a liar.**
**This was as stated in Plaintiff's letters a matter of "Blue**
**Justice, a clear color of law violation"**

3. The firing of Ms. Scott as the public defender
appointed counsel should be a requirement in the Delaware
Justice system. That is unless you agree to plead guilty.
I would not plead to a crime that I did not commit. I
subsequently asked multiple times in written and verbal
requests for competent counsel. It is a matter of record
that these request were ignored and that I was threatened
with jail if I did not continue at trial pro se.

4. The named officials and all officials in authority
over this matter are acting in violation of their own laws
which demand that an actual investigation be performed.
Their actions are intentional and are intended to preserve
the false arrest and wrongful prosecution of the Plaintiff.
The false arrest and wrongful prosecution of the Plaintiff
are pending actions to be filed once this court determines

Count 6 of this complaint. The evidence of criminal wrong

doing on the part of Jeanne Ohm has been preserved and the

statute of limitations has not passed. The Plaintiff states

that the State and Federal Defendants should be ordered to

actually do this investigation rather than present false

statements to this court about insufficient evidence or

that an investigation was performed. The Plaintiff has made

the Defendants aware of the law quoted below prior to the

trial.

 a. § 1211. Official misconduct; class A misdemeanor.

A public servant is guilty of official misconduct when, intending to obtain a personal
benefit or **to cause harm to another person**:

 (1) The public servant commits an act constituting an unauthorized exercise of official
functions, knowing that the act is unauthorized; or

 **(2) The public servant knowingly refrains from performing a duty which is imposed
by law or is clearly inherent in the nature of the office; or**

 (3) The public servant performs official functions in a way intended to benefit the public
servant's own property or financial interests under circumstances in which the public servant's
actions would not have been reasonably justified in consideration of the factors which ought to
have been taken into account in performing official functions; or

 **(4) The public servant knowingly performs official functions in a way**

 **intended to practice discrimination on the basis of** race, creed, color, **sex, age,**
handicapped status or national origin.

 Official misconduct is a class A misdemeanor. (11 Del. C. 1953, § 1211; 58 Del. Laws, c.
497, § 1; 61 Del. Laws, c. 327, § 1; 64 Del. Laws, c. 48, § 1; 67 Del. Laws, c. 130, § 8; 70 Del.
Laws, c. 186, § 1.)

 5. The Plaintiff clearly shows that the Named

officials and the State agencies are acting illegally and

denying Plaintiff access to the laws that protect his

interest. This is a violation of a federally protected

constitutional right, equal access to the protection of the

laws. This illegal activity shows the named officials are

willfully and negligently disregarding state and federal
laws.

6. Plaintiff states that the named DSP/DOJ officials
cannot be protected under any immunity because they were
acting illegally. Their acts would not be qualified as
performing discretionary duties, in fact it is alleged that
the Defendants ignored performing required duties that are
not discretionary at all. Plaintiff made them aware of the
laws being broken and still the Defendants choose not to
remedy the wrongful and negligent acts. (See Attachments 2,
3, and 4 each was provided back to Plaintiff during
discovery; no question about receipt by the Defendants, and
these documents show repeated demands that the laws be
applied fairly, quoting the laws, asking for investigations
and equal justice.)

## B. The matter of the Appeal and the claim that it is still
## pending.

1. Plaintiff asks this court to please look carefully
at Exhibit C in the Defendants Motion. There you will
witness that the listed disposition is NOLP. This official
record duly recorded in Delaware Superior Court states that
the DOJ is unwilling to prosecute this matter any further.
I am obviously not an attorney and therefore stupid in the

matters of the law, but it would seem that the criminal

matter was concluded. If it is as it appears an accepted

disposition by the Superior Court of Delaware, then

allowing the State to reopen without a recharge is a

violation of the laws. Judge Cooch and the Courts still

considering the Plaintiff a criminal is slander and will be

reflected in the multitude of legal actions that will be

filed claiming slander and libel in each and every state

and federal court where Plaintiff has been refused jobs

based on false information since November 9, 2005. November

9th, 2005 is when the matter was officially settled as

NOLP.

2. Excerpts from letter to the Attorney General:

Your offices entry of a nolle prosequi is adjudication on the merits of your prosecution
based on the evidence, and the legal protection against double jeopardy automatically
bars you from re-arresting again in this matter. The protection afforded me by the Fifth
Amendment is clear. Jeopardy attached as soon as a jury was convened. In light of the
new evidence of witness tampering an attempt to re-arrest me for any alleged crime
regarding this matter will be taken as criminal harassment.

The Motions you have before Superior Court are violations of my constitutional rights to
have a fair trial, to be made aware of the crimes, to be afforded counsel, and against
double jeopardy, etc… There is no such motion as a "Motion to re-instate charges" and
your veiled attempt at classifying this as a clerical error is an insult to justice.

"Once your office filed this Nolo Prosequi and it was duly recorded as accepted, as
demonstrated by the listed disposition, then the only way to proceed is by re-charge and
re-arrest." The fact that Judge Cooch is keeping this matter alive is against the law and
my constitutional rights." Judge Cooch's actions appear to be based on intent to harm,
stall, deflect, and ignore justice and have no basis to be called a judicial prerogative or
action.

3. Each government based job that turns down the

Plaintiff as a Senior Systems Security Engineer with over 6

highly sought after certifications, 20 years experience, and a former Navy Technician amounts to a fine in excess of $50,000 without charges, without arrest, without justice.

## C. The matter of immunity for Judge Smalls and the Court of Common Pleas:

1. Judge Smalls was not acting in any judicial manner. That is unless criminal behavior is considered judicial in Delaware. The Plaintiff shows cause that Judge Smalls actions are criminal in nature and therefore willful and negligent of State and Federal laws. The Defendants Motion even states that some of these actions are violations of federal law.

2. The Defendants statement that the Plaintiff is arguing about judicial decisions that went against him is moot. This statement might seem to apply if it appeared that Judge Smalls made an error, or seemed to error, on one, two, or even three issues; but in this matter the Plaintiff was denied all rights to a trial and the Jury did not have any opportunity to hear any argument. Judge Smalls did intentionally deny Plaintiff any and all viable and legal defenses proposed, deny counsel, deny witnesses, deny questioning of States witnesses, deny examination of the evidence against him, allow any evidence or statement

against him whether it was supported by testimony or not.
In the earlier years of the United States there were people
hanging from trees after receiving this exact type of
trial.

3. This Court would not be reversing any State of
Delaware Court decision, the matter is NOLP. Plaintiff is
asking this court to force the state court to recognize
that fact and that any further action is unlawful and that
the Plaintiff should be returned his property as asked for
in Motion to the Delaware State Superior Court.

Actions Against State Officials .--In Tindal v. Wesley, 130
the Court adopted the rule of United States v. Lee, 131 a
tort suit against federal officials, to permit a tort
action against state officials to recover real property
held by them and claimed by the State and to obtain damages
for the period of withholding. **The immunity of a State from
suit has long been held not to extend to actions against
state officials for damages arising out of willful and
negligent disregard of state laws.** 132 The reach of the
rule is evident in Scheuer v. Rhodes, 133 in which **the
Court held that plaintiffs were not barred by the Eleventh
Amendment or other immunity doctrines from suing the
governor and other officials of a State alleging that they
deprived plaintiffs of federal rights under color of state**

**law and seeking damages, when it was clear that plaintiffs**
**were seeking to impose individual and personal liability on**
**the officials.**

**D. Plaintiff states that the action of removing this matter**
**from the State Courts has become necessary for the Federal**
**Courts to protect a citizen of the United States.**

1. The Anti-Injunction Act is the means for why this
court needs to take over this matter. How can a NOLP be
reversed? And the NOLP disposition needs to be "Protected
and effectuated" by this court.

2. The Younger Abstention Doctrine does not apply as
this is no longer either a current or pending state court
case in so far as the matter has a settled disposition.

3. The state courts refusal to process the disposition
is not reason to cite that this is a current state action.
The courts refusal to process an already accepted
disposition is only reason for a federal court to
effectuate that decision and force the state court to
comply with federal laws against double jeopardy and other
constitutional rights to fair treatment by the legal
system.

The cases in this court in which it has been necessary to consider the meaning and scope of the eleventh amendment are quite numerous. In Pennoyer v. McConnaughy, 140 U.S. 1, 0 , 11 S. Sup. Ct. 701, the opinion in which case was delivered by Mr. Justice Lamar, the cases previously decided were examined, and were held to belong to two classes. The first class, he said, 'is where the suit is brought against the officers of the state, as representing the state's action and liability, thus making it, though not a party to the record, the real party against which the judgment will so operate as to compel it to specifically perform its contracts,'-citing In re Ayers, 123 U.S. 443 , 8 Sup. Ct. 164; Louisiana v. Jumel, 107 U.S. 711 , 2 Sup. Ct. 128; Antoni v. Greenhow, [167 U.S. 204, 220] 107 U.S. 769 , 2 Sup. Ct. 91; Cunningham v. Railroad Co., 109 U.S. 446 , 3 Sup. Ct. 292, 609; and Hagood v. Southern, 117 U.S. 52 , 6 Sup. Ct. 608. The other class, the court said, 'is where a suit is brought against defendants who, **claiming to act as officers of the state, and under the color of an unconstitutional statute, commit acts of wrong and injury to the rights and property of the plaintiff acquired under a contract with the state. Such suit, whether brought to recover money or property in the hands of such defendants, unlawfully taken by them in behalf of the state, or for compensation in damages, or, in a proper case, where the**

remedy at law is inadequate, for an injunction to prevent
such wrong and injury, or for a mandamus, in a like case,
to enforce upon the defendant the performance of a plain
legal duty, purely ministerial, is not, within the meaning
of the eleventh amendment, an action against the state, '-
citing Osborn v. Bank, 9 Wheat. 738; Davis v. Gray, 16
Wall. 203; Tomlinson v. Branch, 15 Wall. 460; Litchfield v.
Webster Co., 101 U.S. 773 ; Allen v. Railroad Co., 114 U.S.
311 , 5 Sup. Ct. 925, 962; Board v. McComb, 92 U.S. 531 ;
Poindexter v. Greenhow, 114 U.S. 270 , 5 Sup. Ct. 903, 962.

E. The Matter regarding the State of Delaware and its
agencies as immune from prosecution does not exist. If
these agencies are acting as the Plaintiff claims in unison
and complicity then they are acting as a criminal
enterprise and should be prosecuted under the RICO Act.

1. It is impossible for the Plaintiff to know the
extent, number, and name of officials at these agencies
acting bereft of the laws.

2. The 11th Amendment was passed by congress to
provide protections to the states against false or nuisance
suits, it was not meant to be a tool to be used by the
States to trample individual's rights with total impunity,
nor as a weapon to fend off legal actions stating in

essence that the 11th amendment is more important than the constitution or other amendments.

3. Plaintiff therefore ask this court to order the Defendants to provide a list of each individual in its respective organization that has failed to uphold the laws and rights of the 14th amendment as guaranteed to all United States citizens including Steven Humes.

4. In the alternative Plaintiff asks this court to allow legal action over the agencies implied immunities due to the criminal activity of these agencies of the state.

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the factual allegations contained in the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (*per curiam*). This is especially true where, as here, the complaint is filed *pro se*. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (citations omitted). A *pro se* complaint can only be dismissed for failure to state a claim if it appears "beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, broad, unsupported allegations do not preclude dismissal and do not constitute a cause of action. *Signore*

*v. City of McKeesport*, 680 F. Supp. 200, 203 (W.D. Pa.
1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989).

In Conclusion:

It appears that the Plaintiff clearly has stated a claim,
showed cause for Federal jurisdiction, shows federal
subject matter, names State agencies, names Individuals in
both individual and official capacity, shows cause why the
11th amendment does not imply absolute immunity nor why any
of the listed immunity doctrines would deny these claims,
and provides clear violations of the 14th, fifth, sixth,
and 8th amendments by the Defendants, and remedies.
Plaintiff further states that this matter demands Federal
Jurisdiction and Protection for the reasons detailed in
this response. The State Agencies and named officials are
acting in a manner that effectively denies Plaintiff all
rights as a citizen of the United States.

Plaintiff States that should this court dismiss this
complaint then the State would even be more emboldened to
proceed in an obvious illegal and immoral manor with the
feeling of total impunity while Plaintiff appeals this
matter. The State of Delaware is in clear violation of
legal decency, the amount of evidence supporting these
allegations is overwhelming. If this court were to order

the FBI to perform an investigation in this matter, then

this court would have reason to order a grand jury

investigation and proceed with criminal actions against

officials in the State of Delaware.


Wherefore, Plaintiff requests this honorable court to deny

the Defendants motion to dismiss.

Plaintiff

Dated: February 21, 2006

Steven D. Humes

4838 Plum Run Court

Wilmington, Delaware 19808

(302) 598-9234

**IN THE U.S. District Court - District of Delaware**

| | | |
|---|---|---|
| Steven D. Humes | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 06-59 KAJ |
| | ) | |
| State of Delaware, | ) | |
| Court of Common Pleas, et al. | ) | |

**ORDER**

**NOW TO WIT**, this day of _____, 20__, Defendants Motion for Dismissal is hereby denied.

IT IS SO ORDERED.

_____

J.

The Ohm Matter:

Please notice that the Ohm's did sign and authorize services as is clearly indicated on the receipt that they alleged not to have received. Also, enclosed is a check stub that was cancelled after the Ohm's received the services and I delivered the product. The amount of the check is for $810.00 The original invoice amount was to be $910.00 plus the time spent rebuilding their system (3 hours). However, Jeanne Ohm asked for a discount and I regrettably obliged.

While rebuilding their system I discovered the reason for the hard drive crash. They were attempting to perform an illegal load of a non licensed Windows system on the PC. (IE. Attempting to load an un-licensed version of XP Pro over the top of Home Edition.) I further discovered that the majority of the software being used in their operation is either un-licensed or pirated copies. They were informed that they should become compliant to federal laws governing software use. I specifically told them to use only true licensed copies of Microsoft Office, Windows O.S.'s, and Symantec Anti-virus programs and that I could supply them.

These are the facts as I see them:

The Ohm's contracted my services. The Ohm's did not pay for those services. The Ohm's received the fruit of my labor; the data and the reconstructed system, then stopped payment on the check. The Ohm's contracted my services at my store fully aware of the store's policies (see attachment). The recovered Data has become my property and it is the Ohm's who are to stop using it.

I ask that in light of the Ohm's intent to file criminal charges against myself that their computers in question and hard drives be immediately taken as evidence as to who is really in violation of federal and state laws. Computer forensics are extremely good these days, for instance, the hard drives I recovered for the Ohm's were over installed with an illegal copy of XP Pro, then had an illegal copy of Norton System Works loaded, and then fdisked. Yet I recovered all their Data and repaired most of the file structures as so they are readable. The Ohm's have at least six computers in their house, office, and business area with approximately one legal copy of office. The PA State Police computer forensics lab could easily obtain all the license numbers and verify the legality with Microsoft. This could result in a sizable fines and keeping the small business criminals in check.

I have contacted the Delaware State Police (Sgt. Susan Jones) and I am filing either check fraud or theft of services charges against the Ohm's. I am still conferring with the investigating officer.

I am not sure what Jeanne Ohm is claiming but I can only assume that it has not been the full story. This matter should be settled by the Ohm's paying for the services they received and authorized. I don't know of any laws against using your own data and the only authority to rule on ownership of the Data is the courts. So until a court rules that I don't own the Data I will treat it as if I do.

Steven Humes

**Sent via fax to Trooper Lafferty 1/29/04**
**Was entered as evidence and part of the discovery provided by the State of Delaware to Steven Humes in Answer to Motion to Compel Discovery.**

**Was signed and dated.**

**TO:**    Captain Charles J. Simpson
           Lt. William T. Ford
           Lt. Paul E. Smentkowski

From:   Steven Humes
        302-383-0380

Date:   4-29-2004

RE:     Notice of legal liability for Trooper Lafferty's unlawful arrest of Steven Humes
        Case # 0402006855

I; Steven Humes, have been wrongfully arrested. This letter sent via fax and certified mail serves as notice of my intention to hold the Delaware State Police Troop 2 legally accountable for my wrongful arrest, refusal to file appropriate and warranted charges against the other parties involved, Jeanne Ohm, Tim Kreider, PA Trooper Caponi, and to order an internal affairs investigation into Official misconduct allegations.

I further demand that the Delaware State Police take immediate action and start enforcing the LAW by ordering Jeanne Ohm, Ohm Chiropractic, and I.C.P.A. to Cease and Desist using the data in question and fully return it to Atlantech Computers. It should be noted that any data, information, or work attributed to the data in question is fruit of the vine and should be returned as well. Unlike the Delaware State Police I can produce a fully preserved inventory and accounting of all the data. I'm sure you understand my reluctance to provide this list and evidence at this time. By virtue of the Delaware State Police's actions; (i.e. charging myself with a criminal activity without fully and properly investigating, wrongfully arresting me, unlawful detainment, aiding a fellow State Police Officer from PA in committing a crime), you have acted as Jeanne Ohm's private security team. When I say false arrest I mean that I have been charged for the unlawful display of Computer Information that I own (Just like I said in my written statement to Trooper Lafferty).

See the applicable Delaware State Laws:

1. A contract to a purchase and sale clearly exists, evidenced by the signed copy herein attached. This establishes precedence according to Delaware State Code TITLE 6 Commerce and Trade SUBTITLE I Uniform Commercial Code ARTICLE 2. SALES

§ 2-106. Definitions: "contract"; "agreement"; "contract for sale"; "sale"; "present sale"; "conforming" to contract; "termination"; "cancellation."

(1) In this Article unless the context otherwise requires "contract" and "agreement" are limited to those relating to the present or future sale of goods. "Contract for sale" includes both a present sale of goods and a contract to sell goods at a future time. A "sale" consists in the passing of title from the seller to the buyer for a price (Section 2-401). A "present sale" means a sale which is accomplished by the making of the contract.

§ 2-204. Formation in general.

(1) A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract.

(2) An agreement sufficient to constitute a contract for sale may be found even though the moment of its making is undetermined.

(3) Even though one or more terms are left open a contract for sale does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy. (5A Del. C. 1953, § 2-204; 55 Del. Laws, c. 349.)

**2.** The contract further identifies services, products, prices and deliverables.

    **A.** The services were to be performed on the corrupted hard drives.

        i. The service included using specialized software and skills.

    **B.** The product ordered was the Data Recovery.

        **i.** This might prove to be a point of contention so I provide this perspective for review.

            **a.** Data is a tangible and is considered real property.

            **b.** Property can be lost or destroyed.

            **c.** Sometimes the property can be found, rebuilt or repaired.

            **d.** As an example, a consumer loses pictures for which they have negatives. They bring the negatives to a photo store and enter into a contract. The contract is basically that they want you to take the negatives and turn them into photos for a price. The store returns the negatives upon being asked. The store keeps the pictures until the consumer has paid.

    **C.** The deliverable was the recovered and restored data.

        **i.** Restored Data refers to data that is usable. Sometimes during the recovery process certain data can be recovered and still not be usable.
        **ii.** Usually a computer professional can make the data fully usable by re-associating the data to the original application or program.

**3.** The issue of satisfaction and price that Jeanne Ohm raises are not relevant and do not effect ownership of the product and deliverable. It is also my provable contention that the data was 95% recovered and re-associated. As the LAW is stated under TITLE 6 Commerce and Trade SUBTITLE I Uniform Commercial Code ARTICLE 2. SALES

### § 2-602. Manner and effect of rightful rejection.

(1) Rejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller.

(2) Subject to the provisions of the two following sections on rejected goods (Sections 2-603 and 2-604), **(a) after rejection any exercise of ownership by the buyer with respect to any commercial unit is wrongful as against the seller; and**

**(b) if the buyer has before rejection taken physical possession of goods in which he does not have a security interest under the provisions of this Article (subsection (3) of Section 2-711), he is under a duty after rejection to hold them with reasonable care at the seller's disposition for a time sufficient to permit the seller to remove them; but**

(c) the buyer has no further obligations with regard to goods rightfully rejected.

(3) The seller's rights with respect to goods wrongfully rejected are governed by the provisions of this Article on Seller's remedies in general (Section 2-703). (5A Del. C. 1953, § 2-602; 55 Del. Laws, c. 349.)

### § 2-606. What constitutes acceptance of goods.

(1) Acceptance of goods occurs when the buyer

(a) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their non-conformity; or

(b) fails to make an effective rejection (subsection (1) of Section 2-602), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or

(c) does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by him.

**(2) Acceptance of a part of any commercial unit is acceptance of that entire unit. (5A Del. C. 1953, § 2-606; 55 Del. Laws, c. 349.)**

**4.** My statement to Trooper Lafferty says, "that the data is owned by Atlantech Computer (Steven Humes)". This exactly what the **LAW** also states. Since Delaware State Troopers Troop 2 is acting on behalf of Jeanne Ohm please inform her of my intention to sell the refused product as per the LAW. This is a cash only sale and the price is set by the open market. The sale date will be announced.

**§ 2-703. Seller's remedies in general.**

**Where the buyer wrongfully rejects or revokes acceptance of goods or fails to make a payment due on or before delivery or repudiates with respect to a part or the whole, then with respect to any goods directly affected and, if the breach is of the whole contract (Section 2-612), then also with respect to the whole undelivered balance, the aggrieved seller may**

(a) withhold delivery of such goods;

(b) stop delivery by any bailee as hereafter provided (Section 2-705);

(c) proceed under the next section respecting goods still unidentified to the contract;

**(d) resell and recover damages as hereafter provided (Section 2-706);**

**(e) recover damages for non-acceptance (Section 2-708) or in a proper case the price (Section 2-709);**
(f) cancel. (5A Del. C. 1953, § 2-703; 55 Del. Laws, c. 349.)

**§ 2-706. Seller's resale including contract for resale.**

(1) Under the conditions stated in Section 2-703 on seller's remedies, the seller may resell the goods concerned or the undelivered balance thereof. Where the resale is made in good faith and in a commercially reasonable manner the seller may recover the difference between the resale price and the contract price together with any incidental damages allowed under the provisions of this Article (Section 2-710), but less expenses saved in consequence of the buyer's breach.

(2) Except as otherwise provided in subsection (3) or unless otherwise agreed resale may be at public or private sale including sale by way of one or more contracts to sell or of identification to an existing contract of the seller. Sale may be as a unit or in parcels and at any time and place and on any terms but every aspect of the sale including the method, manner, time, place and terms must be commercially reasonable. The resale must be reasonably identified as referring to the broken contract, but it is not necessary that the goods be in existence or that any or all of them have been identified to the contract before the breach. **(3) Where the resale is at private sale the seller must give the buyer reasonable notification of his intention to resell.**

(4) Where the resale is at public sale

(a) only identified goods can be sold except where there is a recognized market for a public sale of futures in goods of the kind; and

(b) it must be made at a usual place or market for public sale if one is reasonably available and except in the case of goods which are perishable or threaten to decline in value speedily the seller must give the buyer reasonable notice of the time and place of the resale; and

(c) if the goods are not to be within the view of those attending the sale the notification of sale must state the place where the goods are located and provide for their reasonable inspection by prospective bidders; and

**(d) the seller may buy.**

**(5) A purchaser who buys in good faith at a resale takes the goods free of any rights of the original buyer even though the seller fails to comply with one or more of the requirements of this section.**
(6) The seller is not accountable to the buyer for any profit made on any resale. A person in the position of a seller (Section 2-707) or a buyer who has rightfully rejected or justifiably revoked acceptance must account for any excess over the amount of his security interest, as hereinafter defined (subsection (3) of Section 2-711). (5A Del. C. 1953, § 2-706; 55 Del. Laws, c. 349.)

I intend to file civil actions against Jeanne Ohm, Ohm Chiropractic, I.C.P.A. and against the Delaware State Police. I have closed the Delaware Computer Store out of fear. I no

longer feel safe in Delaware. I believe that I am presently experiencing a full nervous breakdown and I'm finding it hard to perform my duties as a father to my children. It is impossible getting a job with the Computer related Criminal Charge pending and I have no source of income. The question of the Pending Criminal Charge is asked on every employment application. To date I have filled out several applications for jobs that I am obviously qualified for. I have professional certifications from Microsoft (MCSE), Novell (CNE), Enterasys (ESSE), Check Point, Cisco (CCNA), Comptia (A+), and once was a college instructor and department head for their Computer and Network Engineering curriculum. My old jobs paid me in the $90K salary range plus bonus (Total $140K range). I sold my $365,000 house in Delaware for considerably less and was forced to move to another state out of fear.

**I need to make myself perfectly clear. If this FALSE CHARGE is not dropped, a written letter of apology received and my record expunged then I will be forced to file the civil and criminal actions against your Troop. I am distraught and begging you to perform your duties honorably and administer equal justice.**

Sincerely,

**Steven Humes**
4-29-04

# Fax From Steven Humes

To:   Delaware State Trooper Lafferty

From:  Steven Humes
       Former Manager of Atlantech Computer
       110 Fox Hunt Drive
       Bear, DE 19701
       302-383-0380

Date:   04/26/2004

Trooper Lafferty:

The following pages contain Sworn Statements from myself that should effect the arrest of Jeanne Ohm, Tim Krieder, and PA State Trooper Caponi. These statements are true and factual so I swear under penalty of perjury.

It should also be noted that I fully expect the Delaware State Police Division of Internal Affairs to fully investigate my charge against Trooper Caponi and any involvement from the Delaware State Police.

I have read the reasons behind my arrest on the Charge of Misuse of computer information and I fully consider them perjuries and without merit. Please see the enclosed Press Release for a true and accurate accounting of this matter.

Also, I put together a list of questions that is being submitted for deposition. Please contact my assigned Public Defender Michelle Pard for any information on when they will be released.

Sincerely,

Steven Humes

To:   Delaware State Trooper Lafferty

From:  Steven Humes
       Manager of Atlantech Computer
       110 Fox Hunt Drive
       Bear, DE 19701
       302-383-0380

Date:  04/26/2004

Trooper Lafferty:

Please immediately file Felony Charges against Jeanne Ohm and Tim Krieder for Delaware State Code Title 11 Article 933 Theft of Computer Services. § 933.

A person is guilty of the computer crime of theft of computer services when the person accesses or causes to be accessed or otherwise uses or causes to be used a computer system with the intent to obtain unauthorized computer services, computer software or data. (64 Del. Laws, c. 438, § 1; 70 Del. Laws, c. 186, § 1.)

(d) A person committing any of the crimes described in §§ 932-938 of this title is guilty in the fourth degree when the damage to or the value of the property or computer services affected exceeds $500.

Computer crime in the fourth degree is a class G felony.

I, Steven Humes, manager of Atlantech Computer 110 Fox Hunt Drive Bear, DE 19701 do hereby swear that on or about 01/02/2004 Tim Kreider brought in two hard drives from Ohm Chiropractic. Jeanne Ohm authorized that the hard drives be brought to Atlantech Computer. At the Atlantech computer location by way of written and verbal contract Jeanne Ohm and Tim Kreider did authorize Steve Humes, Atlantech Computer, and its contractors to perform services to those hard drives. These services required the use of Atlantech Computer's computer systems, Software resources, knowledge and skills to provide data recovery on those hard drives. The hard drives in question had lost any and all useable data. The data was over 95% recovered by Atlantech Computer and was fully usable. It was then turned over to Jeanne Ohm on or about 1/10/2004. In exchange for the recovered data Ohm Chiropractic wrote a check for the reduced fee of $810.00 After, Jeanne Ohm and Ohm Chiropractic gained use of the lost data they stopped payment on the check and made fraudulent claim that the data was not recovered or usable. Ohm Chiropractic, Jeanne Ohm, and Tim Kreider are presently using the recovered data without authorization from Atlantech Computer. Under Delaware Code Title 6 Article 2 Sales the data still belongs to Atlantech Computer. Mr. Humes has contacted Ohm Chiropractic verbally and via e-mail and specifically requested that they stop using the data or make payment. No payment has been received.

Signed: _____          Date: __4__ / __11__ / __2004__
            Steven D. Humes

To:    Delaware State Trooper Lafferty

From:  Steven Humes
       Manager of Atlantech Computer
       110 Fox Hunt Drive
       Bear, DE 19701
       302-383-0380

Date:  04/26/2004

Trooper Lafferty:

Please charge PA State Trooper Caponi with: § 1211. Official misconduct; class
A misdemeanor.

A public servant is guilty of official misconduct when, intending to obtain a personal
benefit or to cause harm to another person:
(1) The public servant commits an act constituting an unauthorized exercise of official
functions, knowing that the act is unauthorized; or
(2) The public servant knowingly refrains from performing a duty which is imposed by
law or is clearly inherent in the nature of the office; or
(3) The public servant performs official functions in a way intended to benefit the public
servant's own property or financial interests under circumstances in which the public
servant's actions would not have been reasonably justified in consideration of the factors
which ought to have been taken into account in performing official functions; or
(4) The public servant knowingly performs official functions in a way intended to
practice discrimination on the basis of race, creed, color, sex, age, handicapped status or
national origin.
Official misconduct is a class A misdemeanor. (11 Del. C. 1953, § 1211; 58 Del. Laws, c.
497, § 1; 61 Del. Laws, c. 327, § 1; 64 Del. Laws, c. 48, § 1; 67 Del. Laws, c. 130, § 8;
70 Del. Laws, c. 186, § 1.)

I, Steven Humes, manager of Atlantech Computer 110 Fox Hunt Drive Bear, DE 19701
do hereby swear that on or about 01/21/2004 that PA State Trooper Caponi did
effectively state to myself that if I attempted to collect this debt owed Atlantech
Computers by Ohm Chiropractic that I would "Regret it and he would see to it that I was
charged with extortion". I did state the data was in fact mine to sell, auction, or otherwise
depose of under Delaware law if Ohm Chiropractic did not pay for it. I believe this phone
call was recorded and ask that the Delaware State Police take immediate measures to
acquire the recording. It is my claim that Trooper Caponi did, utilizing his official
capacity to cause and unlawfully influence the Delaware State Police to wrongfully
charge Steven Humes with the criminal act of Misuse of Computer Information.

Signed:  _____          Date: _4/21/2004_
              Steven D. Humes

Delaware State Police Internal Affairs:

Its time that the organization of the Delaware State Police
look at the real story behind the false charges filed
against Steven Humes.  In this package you will find
attachments detailing every reason why your department is
going to ask for and receive a grand jury investigation
into the behavior and conduct of the Officers at Troop 2
and Media, PA.

Ask yourself the question of "Why"? If Atlantech didn't do
what we said we did why would I get pissed off and send
collection e-mails? How long was Atlantech in business?
Were we ever cheated before? Why has Steven Humes never
been arrested before? If we did do everything called for
under the contract, why did I.C.P.A. not pay? How could I
have so much evidence? Why did Trooper Lafferty call and
take a statement from me without doing any investigation?
Was this statement recorded? Why not? Was this statement a
setup? Why does the statement say that I sent e-mails to
other Chiropractors that turn out to be dead? Why would a
Delaware State Trooper incriminate and charge Steven Humes
without an investigation or is this typical procedure for a
property or commercial transaction dispute? Why is Tim
Kreider not questioned? Did Trooper Caponi or Lafferty know
him or of him?

I can answer some of the questions. Why, because Trooper
Lafferty and Trooper Caponi conspired to destroy and
intentionally harm Steven Humes. Why, because Steve Humes
told Trooper Caponi that he was going to collect the money
owed him by his friend, Jeanne Ohm of I.C.P.A. How? Trooper
Caponi called Trooper Lafferty and conspired and then
charged him with the most vague but most harmful crime they
could find, Mis-Use of Computer Information. Their charge
would have been fool proof if what their friend; Jeanne
Ohm, had told them was true. Criminals always make
mistakes.

Below are some responses to the latest discovery I received
from the AG's office.

1. The Defendant has received discovery from the Attorney
Generals Office and has found lacking any evidence that
even remotely could be considered criminal.
     A. The Discovery contains a partial copy of the Police
     Investigation Report. This report refers to an e-mail

that was sent to other Chiropractors, at the address
(LARRO37@AOL.COM) and references "not a moral business
practitioner", but this alleged e-mail is not
included.

    i.   This e-mail is not contained in the
        discovery because it is false.

    ii.  One reason its not included is because this
        e-mail that was alleged to have been sent by
        Steven Humes was sent to a dead man.

    iii. Steven Humes did not send this dead man an
        e-mail. Steven Humes alleges that a
        professional hacker named Tim Kreider did
        send this e-mail. Twistedtim@_____
        www.Karatehackers.com

B. The Defendant states that the (3) e-mails contained
in the latest discovery were only sent to Dr. Ohm and
this is legal in every aspect.

C. The Fax sent to Trooper Lafferty seeking an
investigation and that charges be brought against the
"true" criminals was ignored.

D. The "Ohm Statement" contained in this discovery
clearly shows that Steven Humes sought and was denied
equal justice.

Trooper Lafferty is an insult to the whole organization of
the Delaware State Police and unfit to represent any
authority. I realize that the charge of conspiracy is
difficult to prove, but Trooper Lafferty's and Sgt. Jones
failure to properly investigate resulted in a crime not
being prosecuted and the false arrest of Steven Humes.
These charges are as clear and simple to prove, as the
"GARBLED AND UNUSABLE DATA" is to read. It is also as clear
that Trooper Lafferty should receive federal criminal
charges for failure to stop piracy of music and software.

I demand the arrest of these Officers and will go to any
measure to see that this matter is fairly dealt with. Your
Organization should not allow common criminals to walk the
streets wearing badges and carrying guns.

Steven D. Humes
856-912-4649

Steven D. Humes

4838 Plum Run Court

Wilmington, Delaware 19808

(302) 598-9234

---

**IN THE U.S. District Court - District of Delaware**

Steven D. Humes                    )

Plaintiff                          )

v.                                 )    Case No. 06-59 KAJ

                                   )

State of Delaware,                 )

Court of Common Pleas, et al. )

**CERTIFICATE OF SERVICE**

I, *Steven D. Humes*, do hereby certify that two (2) copies
of the attached Notice of Motion, Motion and Order were
*delivered by first class mail* to Stephani J. Ballard,
Deputy Attorney General, 820 N. French Street, Wilmington,
DE 19801, this day of 21 February 2006.

Plaintiff

Dated: February 21, 2006