## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN D. HUMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE | ) | C.A. No. 06-59 KAJ |
| COURT OF COMMON PLEAS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

State Defendants, by and through their counsel, hereby move this Honorable Court to deny Plaintiff's Motion to Amend his Complaint in this matter, for the reasons set forth herein:

Plaintiff's Complaint was filed with this Court on or about January 30, 2006. (D.I. 1). On February 15, 2006, State Defendants filed a Motion to Dismiss the Complaint (hereinafter "MTD"), based upon F.R.C.P. 12(b)(1) and 12(b)(6). (D.I. 9-10). On or about February 17, 2006, Plaintiff filed a "Motion to Amend Complaint" and attached a proposed amended complaint. (D.I. 11). The Court, during a teleconference on February 28, 2006, allowed State Defendants until March 10, 2006 to respond to Plaintiff's Motion.

In his proposed amended complaint, Plaintiff seeks, in pertinent part to:

1) Add the following new State Defendants:

> The Honorable Alex Smalls, Judge, Delaware Court of Common Pleas (CCP)
> Sherry Simmons, [Court Reporter], Delaware CCP
> "Jane Doe", unidentified CCP Court Assistant
> Shawn Martyniak, Deputy Attorney General [prosecutor in Plaintiff's criminal trial in CCP];

2) Plaintiff previously named six Delaware State Troopers, impliedly in official capacity only, in his original complaint. Plaintiff now seeks to sue these same troopers "individually and in Official Capacity";

3) Add the following private (non-government) Defendants: International Chiropractic Pediatric Association, and OHM Chiropractic (ICPA/OHM), Pennsylvania entities;

4) Plaintiff seeks to invoke Diversity jurisdiction (as well as maintaining federal question jurisdiction), against State Defendants pursuant to 28 U.S.C.A. §1332, based upon his alleged New Jersey residency prior to the filing of the Complaint;

5) Plaintiff seeks to ground his claims of Federal Constitutional violations explicitly in 42 U.S.C.A. §1983[1];

6) Plaintiff seeks to assert, for the first time, that he was "intentionally treated differently . . . based on his sex, age and social economic status [sic]" (Plt. proposed Amd. Compl, ¶25);

7) Plaintiff requests a "Three Judge Trial";

8) Plaintiff adds Count 6, which is a solely a breach of contract action between private parties Plaintiff and ICPA/OHM (Plt. Mot. ¶142). Count 6 does not allege additional facts or claims against State Defendants.

As a preliminary matter, Plaintiff is incorrect in his assertion that he may amend his claim once as of right under F.R.C.P. 15(a) because no responsive pleading has been made. (Plt. Mot. ¶7). State Defendants' Motion to Dismiss was a responsive pleading, and was served on February 15, 2006, prior to Plaintiff's Motion to Amend. Plaintiff's Motion is plainly an attempt to remedy many

---

[1] This request, in and of itself, is not opposed by the State, as the State construed Plaintiff's claims, in its Motion to Dismiss, as implicitly sounding in 42 U.S.C.A. §1983. (See D.I. 10 at p. 7). A formal amendment is not necessary, as State Defendants concede that Plaintiff seeks relief under this section but, of course, maintain that he fails to state a claim for relief under either his original or amended complaints.

of the procedural defects brought to his attention in the Motion to Dismiss. Accordingly, Plaintiff's amendment may only be permitted by leave of Court pursuant to Rule 15(a).

The grant or denial of a motion for leave to amend a complaint is a matter within the discretion of the trial court. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). State Defendants are cognizant that leave to amend is "freely given [by the Court] when justice so requires." Rule 15(a). However, an exception to this general rule exists where, as here, the proposed amendments are futile, or would have no effect on the fatality of Plaintiff's claims under Rule 12(b). In re Burlington, *supra*; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).

Amendment "futility" is met where the complaint, even if amended, would fail to state a claim upon which relief could be granted. In re: Burlington, 114 F.3d at 1434. In assessing "futility," the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). The "futility" test is met here, for the reasons set forth below and, in Defendants' Reply Brief in support of their motion for summary judgment. Plaintiff's purported amendments—at least insofar as they pertain to the State Defendants—are futile, in that they do not "breathe life" into a complaint that otherwise entirely fails to invoke this Court's jurisdiction and fails to state a claim upon which relief can be granted. *See* Lorenz, 1 F.3d at 1414. A motion to amend should be denied "if there is no set of facts which could be proved under the amendment which would constitute a valid and sufficient claim under the applicable law." Snyder v. Baumecker, 708 F.Supp. 1451, 1457 (D.N.J. 1989)(internal citation omitted).

**1. Addition of the new State Defendants is futile.**

As noted above, Plaintiff proposes to add four new State Defendants in addition to those named in his original complaint. Plaintiff manifestly cannot state a claim against The Honorable

Alex Smalls[2], Chief Judge of the Delaware Court of Common Pleas (CCP) and the presiding judge in Plaintiff's criminal trial below, as Judge Smalls is completely insulated from liability under the doctrine of absolute judicial immunity. (*See* MTD Op. Brf., D.I. 10 at pp. 16-21). Similarly, the ministerial court employees, Ms. Simmons, the Court Reporter, and the unidentified court assistant, Ms. Doe, may be viewed merely as arms of the Court who should share in judicial immunity. Alternatively, these clerical employees, sued only in their official functions (court reporter; court clerk), are protected by eleventh amendment and qualified immunities and, even on the face of the amended complaint, Plaintiff sets forth no facts that would defeat these immunities.[3] Finally, Plaintiff seeks to add as a defendant the Deputy Attorney General who prosecuted Plaintiff criminally in the Delaware CCP. The addition of Deputy Attorney General Martyniak would also be a futile amendment, as prosecutors are entitled to absolute immunity from suits under §1983. Imbler v. Pachtman, 424 U.S. 409 (1976).

**2. Plaintiff's amended complaint, on its face, fails to state a claim for relief against any of the Delaware State Police defendants in their "individual capacities."**

In the proposed amended complaint, Plaintiff seeks to sue the six previously named Delaware State Troopers in their "individual" as well as official capacities. Plaintiff's original complaint did not specify capacity in the caption, but Plaintiff implicitly sued the officers in their official capacity only, as the allegations set forth in the body of the complaint pertained solely to the police work (criminal and internal affairs investigations) done (or, according to Plaintiff, not done properly) by these individuals. While Plaintiff has now included the "magic word" in an attempt to avoid §1983's

---

[2] Plaintiff was clearly aware of Judge Smalls' role in his alleged grievances, as he specifically mentioned him in the body of the original complaint but, for reasons of Plaintiff's own, chose not to name him as a Defendant in the initial pleading.
[3] *See also* State Defendants' Reply Brief in Support of their Motion to Dismiss, filed simultaneously herewith, which discusses the various immunities and Plaintiff's amendment futility in more detail.

bar to suits against state actors in their official capacity, the mere invocation of the term "individually" is not sufficient to circumvent the officers' entitlement to Eleventh Amendment immunity.

In both the original *and the amended* complaint, Plaintiff's sole factual allegations against the police officers are that they did not properly investigate Plaintiff's complaints that Ms. Ohm/ICPA had engaged in criminal conduct; did not file criminal charges sought by Plaintiff against Ohm/ICPA; wrongfully brought criminal charges against Plaintiff; and failed to conduct an internal affairs investigation into the conduct of certain troopers. Plaintiff expands upon these allegations, and his opinions of their wrongfulness, somewhat in the amended complaint, but offers no additional factual allegations against the individual troopers. As noted in the Opening Brief, MTD, Plaintiff's claims pertain solely to alleged actions of the officers taken in their official capacity as DSP Troopers (*e.g.* investigating possible crimes and internal misconduct). Clearly, even accepting all allegations on the face of the amended complaint as true, Plaintiff states no violations of constitutional rights, and pleads no facts which would could possibly meet his burden of defeating qualified immunity— that the officers "action[s were] so ill-conceived or malicious that it 'shocks the conscience' . . . ." Miller v. City of Philadelphia, 174 F.3d 368, 375 (3d Cir. 1999)(citations omitted). Accordingly, on the face of the document, naming the officers in their individual capacity is futile to the viability of Plaintiff's complaint. Clearly, despite the inclusion of nominal state actors, Plaintiff's seeks relief based upon conduct of the Delaware State Police, which affords no basis for relief under §1983. *See* Snyder, *supra*, 708 F.Supp. at 1457-58.

### 3. Plaintiff cannot invoke diversity jurisdiction pursuant to 28 U.S.C.A. §1332.

Plaintiff seeks to amend to add, as a basis for jurisdiction, diversity of parties pursuant to 28

U.S.C.A. §1332.  Plaintiff states, notably with no specificity as to dates or address, that he was a New Jersey resident during the time of some or all of the alleged actions which gave rise to the complaint.  Plaintiff does not contest that he was a Delaware resident at the time he filed his complaint on January 30, 2006.  This attempt to plead diversity is also futile and impermissible.  It is well settled that citizenship for purposes of diversity jurisdiction is determined by the state of residency *at the time the action is commenced*.  Smith v. Sperling, 354 U.S. 91, 93 (1957); Sun Printing & Publishing v. Edwards, 194 U.S. 377, 382 (1904).  At that time, there was no diversity between Plaintiff and State Defendants.

### 4.  Plaintiff pleads no facts to support a claim of disparate treatment based on sex or age.

In a further attempt to bolster his invocation of 42 U.S.C.A. §1983 as a basis for relief, Plaintiff asserts, for the first time in the proposed amended complaint, that he was "intentionally treated differently . . . based on his sex, age and social economic status [sic]." (Amd. Compl. ¶25).  This allegation, like the others, lends no support to the viability of his case.  Certainly, if Plaintiff truly felt that he was the victim of some sort of class discrimination, he was aware of this at the time of, and could have asserted this claim in, his original complaint, but he did not.  As with attempting to name the police officers in their individual capacities, this seems to be yet another attempt to invoke the "magic words" necessary to maintain a constitutional claim.  What is missing, and what is mandatory to withstand a Rule 12(b) motion to dismiss, are any *factual* allegations of purposeful gender or age discrimination.[4]  Plaintiff, a 48 year old male, does not fall into a traditionally suspect age or gender classification.  Nor does Plaintiff plead any facts whatsoever which would support a "reverse discrimination" or disparate impact claim.  As Plaintiff himself acknowledges (D.I. 12, p.

---

4 Socio-economic status has not been recognized as a protected classification for purposes of a §1983 claim.  San Antonio Indep. School Dist v. Rodriguez, 411 U.S. 1, 24, 33 (1973); *see also* Villanueva v. Carere, 873 F.Supp. 434,

15), conclusory legal statements, unsupported by facts, do not preclude dismissal of a complaint and do not, without more constitute a cause of action. Signore v. City of McKeesport, 680 F.Supp. 200, 203 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989).

**5. Plaintiff is not entitled to a "Three Judge Trial".**

Plaintiff seeks to amend his complaint to request a "three judge trial," citing no authority for this request. This proposed amendment seeks a legal remedy which is not available to Plaintiff. The United States Code provides for a three judge district court only where required by an Act of Congress or in actions challenging congressional or legislative apportionment. 28 U.S.C.A. §2284. Manifestly, this case fails to fall within the scope of that provision.

**6. The addition of new private defendants, ICPA/OHM, and proposed "Count 6"--a claim for breach of contract action between Plaintiff and ICPA/OHM .**

This requested amendment on its face does not apply to or state any additional facts or causes of action against State Defendants. Therefore, State Defendants take no position on the propriety of the addition or survival of this claim, except to note that, to the extent Plaintiff seeks to add this Count as a pendent state law action to his alleged federal question claims against State Defendants and/or FBI, pursuant to 28 U.S.C.A §1367, the Court may decline to exercise supplemental jurisdiction (assuming jurisdiction exists) in the event the Court dismisses all original jurisdiction (federal question) claims. 28 U.S.C.A. §1367(c). Also, of course, no constitutional or §1983 claims may be asserted against the private individuals or entities.

Plaintiff's complaint is not saved or improved by his proposed amendments. The bottom line is that Plaintiff seeks constitutional redress from the State of Delaware for the State's failure to prosecute a third party, and his unhappiness with his own criminal prosecution, conviction and state

---

488 (D. Colo. 1994).

court proceedings. None of these grievances state matters over which this Court has jurisdiction and/or state a claim upon which this Court could grant relief. Plaintiff's motion to amend should be denied and his complaint should be dismissed.

**WHEREFORE**, for the foregoing reasons, State Defendants respectfully request this Honorable Court **DENY** Plaintiff's Motion to Amend Complaint.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


/s/Stephani J. Ballard
Stephani J. Ballard (I.D. No. 3481)
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

DATED: March 9, 2006

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on March 9, 2006, she caused the attached *State Defendants' Response in Opposition to Plaintiff's Motion to Amend Complaint* to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Steven D. Humes
4838 Plum Run Court
Wilmington, DE  19808

**MANNER OF DELIVERY:**

\_\_\_\_\_   One true copy by facsimile transmission to each recipient.

  X     Two true copies by first class mail, postage prepaid, to each recipient.

\_\_\_\_\_   Two true copies by Federal Express.

\_\_\_\_\_   Two true copies by hand delivery to each recipient.

/s/Stephani J. Ballard
Stephani J. Ballard, I.D. No. 3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
Attorney for State Defendants