Steven D. Humes

4838 Plum Run Court

Wilmington, Delaware 19808

(302) 598-9234



---

IN THE U.S. District Court - District of Delaware

| | | |
|---|---|---|
| Steven D. Humes | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 06-59 KAJ |
| State of Delaware, | ) | |
| Court of Common Pleas, et al. | ) | |
| Defendant(s) | ) | |

RESPONSE TO DEFENDANTS

PLEADING TO DISMISS

The State Defendants entire Motion to dismiss is based upon what they call their rights to determine their own laws. Well the trouble is that they are not acting in a responsible manner. The State of Delaware does not have any right implied or otherwise to deny equal access to those laws, and they have done so by not applying the laws fairly and proportionately to all parties. The State of Delaware

by not protecting Steven Humes's rights to life, liberty, and property by allowing him to be victimized by another person, no more worthy than himself, does deny fair and equal justice. The State of Delaware has made Steven Humes a victim once again and now they ask the federal courts to make Steven Humes a victim yet thrice.

The State Defendants ascertains that the Plaintiff has no federal cause to make a claim, or that the claim is frivolous, without merit, is simply a pleading of desperation. The State Defendants desperately need to have this matter dismissed because they have no legal argument, no evidence, nor any reasoning to present at a trial.

The Plaintiff maintains that without an investigation into the alleged criminal acts of all parties; including the Plaintiff that the State had no possible reason to prosecute. Without the investigation; that the Plaintiff clearly asks for, the State could not possibly or legally have presented a case to which a verdict could have been rendered. Yet a verdict was rendered without justice.

Without the investigation:

    1. The alleged criminal acts were e-mail related. There was no investigation or any evidence presented

showing that the e-mails were sent from a computer in Delaware.

    2. The State did not take a statement or present evidence from; Tim Kreider, Feddly Jeanniton, or Ben Rybinski.

        a. Tim Kreider: the envoy sent by Jeanne Ohm to allegedly bring the hard drives to the Delaware Store from Pennsylvania.

        b. Feddly Jeanniton: The contractor who entered into a contract with the computer store and actually performed the data recovery.

        c. Ben Rybinski: The computer store clerk who met with Tim Kreider and entered into the sales agreement with him.

    3. The police did not enter any of the properties; the store, residences, or business locations, and look at the computers, the data, or any e-mails.

Without the investigation; the plaintiff was charged and convicted, despite the fact that the State of Delaware could not show that a crime took place in Delaware. Without a statement from Tim Kreider the State of Delaware could not even show that any data, hard drives, or e-mails were ever in Delaware. The Delaware State Trooper acknowledges that he did not authenticate any e-mails, look at any

computers, talk to any witnesses or go to any locations. Trooper Lafferty arrested the Plaintiff based on a statement that he gave saying that he sent e-mails to chiropractors. There was no mention from what State or location these e-mails were sent from or to.

The State of Delaware witness Jeanne Ohm presented two e-mails that were alleged to be criminal acts in Delaware that she stated were received at a computer in Pennsylvania. Jeanne Ohm never met with anyone from the computer store in Delaware. These e-mails were faxed to Trooper Lafferty from Pennsylvania.

Without the INVESTIGATION the State of Delaware proved that two faxed e-mails showing the Plaintiffs name may have been received at a (unknown device) in an (Unknown State or Country) sent from a (unknown device) from (Unknown State or Country).

The Plaintiff was not hiding that e-mails were sent he wanted and asked for an investigation. The Plaintiff provided the witness names and how to contact them. The plaintiff provided information on how to authenticate an e-mail; where it was sent from and to. The Plaintiff filed

several motions about the admissibility of evidence hoping that the State would then investigate.

Why did the Plaintiff want an investigation; and still does, because the actual evidence would show that the Plaintiff committed no crimes and that he was indeed the victim in this matter?

The State of Delaware is not compelled by the Plaintiff's desires to have someone charged with a crime. The State of Delaware's is compelled by the Laws, the rules of evidence, the Plaintiff's right to receive a fair trial and the integrity of justice to have performed this investigation and applied the laws as written.

As for Judge Smalls and the Court of Common Pleas; the Plaintiff filed numerous motions about the lack of evidence, lack of investigation, that no crime occurred, clarity of the laws, judicial notice, affirmative defense, admissibility of evidence and jurisdiction of the alleged criminal act.

The Plaintiff states that he was convicted because Judge Smalls insured that he was not able to present a defense. The Plaintiff was not allowed to question the character of

the witnesses or the investigation, Plaintiff couldn't question Tim Kreider, Plaintiff could not question where the e-mails were sent from or who received by (authentication), Plaintiff could not question the contract or remedies of Delaware Law regarding Sales, Plaintiff could not argue that his actions were legal based on an affirmative defense, Plaintiff could not argue the vagueness of the law, Plaintiff could not question alleged other e-mail recipients (none were in court and one of them was dead), Plaintiff could not even question his own witnesses because the court did not subpoena them.

This civil action before you screams for federal intervention. The State of Delaware denied Plaintiff, Steven Humes, his constitutional rights to a fair trial, equal access to the laws, and denied him property, a life, and liberty. Without the investigation Plaintiff had no chance of a fair trial, without judicial integrity Plaintiff had no chance for a fair trial, with prosecutorial misconduct Plaintiff had no chance for a fair trial.

It should be obvious to your court that the State of Delaware is still attempting to cover up their actions and claiming that the Plaintiff is receiving legal remedies

available to him in State court. If what the Plaintiff states are indeed the facts then an appeal should have already been granted. The only reason the appeal is taking approx. two years is the statue of limitations on filing civil actions. The Plaintiff is concerned that this cover up is going to deny him his appeal and it is not likely the Delaware Supreme court will take further action. Judge Brady was the Attorney General during this wrongful prosecution, now Supreme Court Justice Brady.

The Plaintiff is not an attorney and is looking to the federal judicial system and the U.S. Attorney to protect his rights. It is very clear the State Of Delaware intends to use all of its authority and power to insure that the Plaintiff does not receive justice.

This is death penalty case, I will not allow any organization to crap all over the constitution and call me criminal because they don't have the decency, the humanity to respect the written laws. The State of Delaware has taken issue not just against Steven Humes but against all that can't afford justice, that can't afford the constitution and the bill of rights. The authorities in the State of Delaware are unconscionable, without morals, and

lack the integrity to enforce their own laws. They clearly stand on the wrong side of decency.

Wherefore, Plaintiff requests this honorable court to deny the Defendants motion to dismiss and order the F.B.I. to perform it's duty and investigate the State of Delaware for violations of Color of Law.

_____
Plaintiff

Dated: April 3, 2006

Steven D. Humes

4838 Plum Run Court

Wilmington, Delaware 19808

(302) 598-9234

---

IN THE U.S. District Court - District of Delaware

| | | |
|---|---|---|
| Steven D. Humes | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 06-59 KAJ |
| | ) | |
| State of Delaware, | ) | |
| Court of Common Pleas, et al. | ) | |

**ORDER**

**NOW TO WIT,** this day of _____, 20\_\_, Defendants Motion for Dismissal is hereby denied.

IT IS SO ORDERED.

_____

J.

Steven D. Humes

4838 Plum Run Court

Wilmington, Delaware 19808

(302) 598-9234

---

IN THE U.S. District Court - District of Delaware

| | | |
|---|---|---|
| Steven D. Humes | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 06-59 KAJ |
| State of Delaware, | ) | |
| Court of Common Pleas, et al. | ) | |

**CERTIFICATE OF SERVICE**

I, *Steven D. Humes*, do hereby certify that two (2) copies of the attached Notice of Motion, Motion and Order were <u>delivered by first class mail</u> to Stephani J. Ballard, Deputy Attorney General, 820 N. French Street, Wilmington, DE 19801, and Patricia Hannigan, Assistant U.S. Attorney 1007 N. Orange Street, Suite 700, Wilmington, DE 19899-2046 this day of 21 February 2006.

_____

Plaintiff

Dated: March 20, 2006



Steven D. Humes
4838 Plum Run Ct
Wilmington, DE 19808

FIRST CLASS MAIL

U.S.M.S.
X-RAY

Judge Kent Jordan
J. Caleb Boggs Federal Building
844 N. King Street
4th Floor
Wilmington, DE 19801

U.S. POSTAGE
PAID
WILMINGTON, DE
19808
APR 04, '06
AMOUNT
$1.11
00067873-11
19801