IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEVEN D. HUMES,

        Plaintiff,

        v.

STATE OF DELAWARE COURT OF
COMMON PLEAS, SUPERIOR COURT
OF DELAWARE, STATE OF DELAWARE   : Civil Action No. 06-059-KAJ
DEPARTMENT OF JUSTICE, TROOPER
LAFFERTY, TROOPER SGT. JONES,
CAPTAIN J. SIMPSON, LT. WILLIAM T.
FORD, LT. PAUL E. SMENTKOWSKI,
LT. MARK DANIELS, DELAWARE
STATE POLICE TROOP 2 AND
INTERNAL AFFAIRS, and FEDERAL
BUREAU OF INVESTIGATION,

        Defendants.

**FEDERAL BUREAU OF INVESTIGATION'S OPENING BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION AND FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

        COLM F. CONNOLLY
        United States Attorney

        Patricia C. Hannigan
        Assistant United States Attorney
        Delaware Bar I.D. No. 2145
        The Nemours Building
        1007 Orange Street, Suite 700
        P. O. Box 2046
        Wilmington, DE 19899-2046
        (302) 573-6277

Dated: May 30, 2006

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS .................................. 1

STATEMENT OF FACTS ..................................................... 1

ARGUMENT 1:

    TO THE EXTENT THAT IT SEEKS RELIEF IN THE NATURE OF
    MANDAMUS, THE COMPLAINT SHOULD BE DISMISSED AS TO THE FBI
    FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE
    GRANTED AND ALSO FOR LACK OF JURISDICTION ........................ 3

    A.    Legal Standard - Rule 12(b)(6) ..................................... 3
    B.    Legal Standard - Mandamus ........................................ 3
    C.    The FBI Owes No Duty To Investigate Every Allegation of Misconduct
        Brought To Its Attention By A Private Citizen; Exercise of its
        Investigatory Power is Discretionary .................................. 5
    D.    Because The FBI's Decision Whether to Investigate is
        Discretionary. The Court Lacks Jurisdiction Over This Claim ............... 6

ARGUMENT 2:

    PLAINTIFF'S CLAIM FOR MONEY DAMAGES AGAINST THE FBI
    SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER
    JURISDICTION .................................................... 9

ARGUMENT 3:

    PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF REGARDING
    LANGUAGE USED BY THE FBI ON ITS WEBSITE SHOULD BE
    DISMISSED FOR LACK OF JURISDICTION ............................. 10

CONCLUSION ............................................................ 11

## TABLE OF AUTHORITIES

**CASES**                                                                                                      **PAGE**

*Agunbiade v. United States*
  893 F. Supp. 160 (E.D.N.Y. 1995) .................................................. 5

*Allied Chem. Corp., v. Daiflon, Inc.*
  449 U.S. 33 (1980) ................................................................ 4

*Bivens v. Six Unknown Federal Narcotics Agents*
  403 U.S. 388 (1971) ............................................................. 3, 9

*Bobula v. United States Dep't of Justice*
  970 F.2d 854 (Fed. Cir. 1992) ....................................................... 6

*Califano v. Sanders*
  430 U.S. 99 (1977) ................................................................ 10

*Conley v. Gibson*
  355 U.S. 41 (1957) ................................................................ 3

*Estate of Watson v. Blumenthal*
  586 F.2d 925 (2d Cir. 1978) ......................................................... 6

*Federal Deposit Insurance Corporation v. Meyer*
  510 U.S. 471 (1994) ............................................................. 8, 9

*Ford v. Schering-Plough Corp.*
  145 F.3d 601 (3d Cir. 1998) ......................................................... 3

*Gant v. FBI*
  992 F. Supp. 846 (S.D.W.Va. 1998) ................................................... 5

*General Railway Signal Company v. Corcoran*
  921 F.2d 700 (7th Cir. 1991) ........................................................ 2

*Hagans v. Lavine*
  415 U.S. 528 (1974) ................................................................ 8

*Heckler v. Chaney*
  470 U.S. 821 (1985) ................................................................ 7

**CASES**                                                                                                     **PAGE**

*Hinkel v. England*
  349 F.3d 162 (3d Cir. 2003) ................................................. 3-4

*Irwin v. Dept. of Veterans Affairs*
  498 U.S. 89 (1990) ............................................................. 9

*Inmates of Attica Correctional Facility v. Rockefeller*
  477 F.2d 375 (2d Cir. 1973) ..................................................... 7

*In Re Patenaude*
  210 F.3d 135 (3d Cir. 2000) ..................................................... 4

*Kerr v. United States Dist. Ct.*
  426 U.S. 394 (1976) ............................................................ 4

*Loeffler v. Frank*
  486 U.S. 549 (1988) ......................................................... 8, 9

*Mallard v. United States Dist. Court of the S. Dist. Of Iowa*
  490 U.S. 296 (1989) ............................................................ 4

*Moses v. Katzenbach*
  342 F.2d 931 (D.C. Cir. 1965) .................................................. 7

*Moses v. Kennedy*
  219 F. Supp. 762 (D.D.C. 1963)
  *aff'd sub nom*
  *Moses v. Katzenbach*
  342 F.2d 931 (D.C. Cir. 1965) .................................................. 7

*Nami v. Fauber*
  82 F. 3d 63 (3d Cir. 1996) ..................................................... 3

*Raz v. Lee*
  343 F.3d 936 (8th Cir. 2003) .................................................. 10

*Richardson v. United States*
  465 F.2d 844 (3d Cir. 1972)
  *rev'd,*
  418 U.S. 166 (1974) ............................................................ 4

**CASES**                                                                                                                           **PAGE**

*Riverkeeper, Inc. v. Collins*
    359 F.3d 156 (2d Cir. 2004) .................................................. 11

*Settles v. United States parole Commission*
    429 F.3d 1098 (D.C. Cir. 2005) ................................................. 2

*Sherer v. Rhodes*
    416 U.S. 232 (1974) ........................................................ 3

*Smith v. Grimm*
    534 F.2d 1346 (9th Cir. 1976) ................................................ 6

*Sprecher v. Graber*
    716 F.2d 968 (2d Cir. 1983 ................................................... 6

*Terrell v. Attorney General State of California*
    ___ F. Supp. ___
    1998 WL 574387 (N. D. Ca. 1998) ............................................ 6

*United States v. Walker*
    409 F.2d 477 (9th Cir. 1969) ................................................. 4

*Whittle v. Moschella*
    756 F. Supp. 589 (D. D. C. 1991) ............................................. 6

*Wisniewski v. Johns-Manville Corp.*
    759 F.2d 271 (3d Cir. 1985) .................................................. 1

**STATUTES AND OTHER AUTHORITIES**

Administrative Procedures Act
    5 U.S.C. § 701 ........................................................... 2, 7
    5 U.S.C. § 701(a)(2) ...................................................... 7
    5 U.S.C. § 702 ........................................................... 9

    28 U.S.C. § 535(a) ....................................................... 5
    28 U.S.C. § 1331 ........................................................ 10
    28 U.S.C. § 1332 ........................................................ 2
    28 U.S.C. § 1343 ........................................................ 7, 8
    28 U.S.C. § 1361 ........................................................ 3

**PAGE**

    42 U.S.C. § 1983 .................................................. 2

Federal Rules of Civil Procedure
    Rule 12(b)(1) ............................................... 8, 9, 11
    Rule 12(b)(6) ................................................ 3, 11

## NATURE AND STAGE OF PROCEEDING

The Complaint filed in this matter by the *pro se* Plaintiff alleges misconduct by various officials of the State of Delaware (collectively "the State Defendants") during the course of prosecuting Plaintiff on certain state criminal charges. D.I.-1. The allegations against the Federal Bureau of Investigation ("FBI"), found at Counts 1 and 4 of the Complaint, arise from the alleged failure of the FBI to undertake an investigation into alleged activities of the State Defendants at the request of the Plaintiff. *Id.*, Paragraphs (hereinafter "¶") 33, 80-91.

The State Defendants moved to dismiss the Complaint as to them, both for failure to state a claim upon which relief may be granted and also on the grounds of lack of jurisdiction. D.I.-9. Plaintiff subsequently moved to amend his complaint, which motion is presently pending. Briefing addressed to the State Defendants' motion has concluded. See D.I.-10 (State Defendants' Opening Brief), D.I.-12 (Plaintiff's Response to Motion to Dismiss), D.I.-20 (State Defendants' Reply Brief) and D.I.-22 (Plaintiff's Response to Defendants Pleading to Dismiss).

The FBI has, simultaneous with this filing, filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State A Claim Upon Which Relief May Be Granted. This is the FBI's Opening Brief in support of its motion.

## STATEMENT OF FACTS

For purposes of considering the FBI's Motion to Dismiss, all facts are taken in the light most favorable to the Plaintiff. *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273 (3d Cir. 1985). Taken thus, it appears that the Plaintiff was embroiled in a civil dispute, which brought him to the attention of state law enforcement authorities. Complaint, ¶ 1-11. He was ultimately convicted of certain criminal charges. *Id.* Apparently believing that he had been wrongly

prosecuted, Plaintiff requested the FBI to investigate the activities of the state authorities, activities which he alleges were in violation of his constitutional rights. *Id.*, ¶ 80-91. This the FBI refused to do, giving rise to the claims against the FBI in the instant Complaint.

Plaintiff alleges diversity jurisdiction under 28 U.S.C. § 1332, and jurisdiction over his constitutional claims under 42 U.S.C. § 1983. *Id.*, ¶¶ 26, 27. The FBI disputes these jurisdictional allegations. Neither diversity jurisdiction nor Section 1983 jurisdiction applies to federal officials or agencies. *See General Railway Signal Company v. Corcoran,* 921 F.2d 700, 703 (7th Cir. 1991) (diversity); *Settles v. United States parole Commission*, 429 F.3d 1098 (D.C. Cir. 2005) (§ 1983).

The relief sought by Plaintiff, as it pertains to the FBI, includes, first, a request "that this court order the Federal Bureau of Investigation or other authorities to perform an investigation of alleged criminal violations made against plaintiff by the Delaware State Police" (*id.*, ¶ 33, *accord* ¶ 96). Plaintiff also seeks a "preliminary injunction or a temporary restraining order to the Plaintiff ... restraining Defendant The Federal Bureau of Investigation from displaying any and all web pages or other information media implying that matters of civil rights violations will be investigated" (*id.* ¶ 95). Arguably, the Complaint could thus be read to seek relief in the nature of mandamus, pursuant to 28 U.S.C. § 1361, or possibly viewed as a claim for non-monetary relief under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, although the Complaint does not refer to either of these statutes.

Finally, in the alternative, Plaintiff seeks money damages against the defendants "jointly and severally" "to compensate Plaintiffs [sic] for violations of his rights." *Id.*, ¶ 97. Count 1 of the Complaint actually "requests judgment in excess of the amount of $250,000" plus costs. *Id.*,

¶ 34. This claim could arguably be read to seek damages against the FBI under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

## ARGUMENT 1

### TO THE EXTENT THAT IT SEEKS RELIEF IN THE NATURE OF MANDAMUS, THE COMPLAINT SHOULD BE DISMISSED AS TO THE FBI FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND FOR LACK OF JURISDICTION

**A.    Legal Standard - Rule 12(b)(6)**

In ruling on a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom. *Sherer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Nami v. Fauber*, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). The court must construe the complaint in the light most favorable to the plaintiff and must draw all reasonable inferences in the claimant's favor, but it need not accept as true legal conclusions or unwarranted factual inferences. *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 604 (3d Cir. 1998). A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**B.    Legal Standard - Mandamus**

The Third Circuit has held: "[t]here are two prerequisites to issuing a writ of mandamus. Appellants must show that (1) they have no other adequate means to attain their desired relief; and (2) their right to the writ is clear and indisputable." *Hinkel v. England*, 349 F.3d 162, 164

(3d Cir. 2003) (internal citations omitted). Mandamus is a drastic remedy, to be granted only in extraordinary situations. *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976). The party seeking the writ bears the burden of proving both elements of entitlement to the desired relief. *See Mallard v. United States Dist. Court of the S. Dist. Of Iowa,* 490 U.S. 296, 309 (1989) (no other means); *Allied Chem. Corp., v. Daiflon, Inc.,* 449 U.S. 33, 35 (1980) (right is "clear and indisputable").

If both these elements are met, in considering whether the issuance of a writ of mandamus is warranted, the Court will consider whether the duty allegedly owed by the government official is ministerial or discretionary. Writs of mandamus are to be issued only when a government official owes the petitioner a ministerial duty; "[a]n act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt." *Richardson v. United States,* 465 F.2d 844, 849 (3d Cir. 1972), *rev'd* on other grounds, 418 U.S. 166 (1974). Where no duty at all is owed by the government official to the petitioner, no jurisdiction lies in the federal court under the mandamus statute. *United States v. Walker*, 409 F.2d 477, 481 (9th Cir. 1969). Finally, "'[e]ven when these requirements are met, issuance of the writ is largely discretionary....' (internal citation omitted). '[I]t is within a court's discretion to refrain from issuing the writ even when the requirements for mandamus are technically satisfied. The availability of the writ 'does not compel its exercise.'" *In Re Patenaude,* 210 F.3d 135, 141 (3d Cir. 2000) (internal citation omitted).

### C. The FBI Owes No Duty To Investigate Every Allegation of Misconduct Brought To Its Attention By A Private Citizen; Exercise of its Investigatory Power is Discretionary

It is well recognized by the courts that law enforcement authorities are under no duty to investigate every claim brought to their attention. For example, in *Gant v. FBI*, 992 F. Supp. 846 (S.D.W.Va. 1998), the Court considered the Plaintiff's petition for a writ of mandamus to compel the FBI to "investigate his complaint thoroughly and bring the perpetrators to justice." *Id.* at 847. The Court denied the requested relief, holding that

> [m]andamus will not lie because the FBI has no "clear duty to do the particular act requested." The FBI's decision to investigate a complaint is not a "mandatory or ministerial obligation ... so plainly prescribed as to be free of doubt." The Court can find no binding mandate requiring the FBI to investigate every complaint filed. Instead, 28 U.S.C. § 535(a) states the FBI "may investigate crimes under Title 18 involving a government official or employee." Courts have described this as a "discretionary rather than mandatory authority" to investigate.

*Gant*, 992 F.Supp. at 848, citing *Agunbiade v. United States*, 893 F. Supp. 160, 163 (E.D.N.Y. 1995).

In *Agunbiade*, the Plaintiff sought a writ of mandamus to compel a criminal investigation of the law enforcement officials who successfully prosecuted him on drug charges. After reviewing the elements necessary to show entitlement to the extraordinary relief of mandamus, the Court pointed out that 28 U.S.C. § 535(a) "provides in relevant part that the 'Attorney General and the Federal Bureau of Investigation *may* investigate any violation of Title 18 involving Government officers and employees.'" *Agunbiade*, 893 F. Supp. at 163 (emphasis in original). Finding that to be a discretionary grant of authority, carrying with it no duty to the petitioner, the Court denied the petition.

Similarly, in *Whittle v. Moschella*, 756 F. Supp. 589 (D. D. C., 1991), the Court found no basis for a writ of mandamus to compel the FBI to investigate the death of the petitioner's brother. The Court there noted,

> to state a claim for a Mandamus Act order in this case, the plaintiff must show that the DOJ or the FBI owe *him* a duty to reinvestigate his brother's death.
>
> The plaintiff has not provided the Court with, and the Court is not aware of, any basis whatsoever to conclude that the DOJ, the FBI, or any other official or agency of the United States owes the plaintiff a nondiscretionary duty to investigate his brother's ... death."

*Id.* at 597. (emphasis in original).

Again, in the case of *Terrell v. Attorney General State of California*, ___ F. Supp. ___, 1998 WL 574387 (N. D. Ca. 1998) the Court dismissed the Plaintiff's suit against the FBI and other law enforcement authorities, in which it was alleged that the authorities had violated his constitutional rights by failing to investigate certain claims. The Court, quoting the *Agunbiade* decision, observed "[t]he court can find no binding authority requiring the FBI to investigate every complaint that it receives. To the contrary, courts have consistently described the FBI's mandate as a 'discretionary rather than a mandatory authority.'" *Id.* at *3.

### D. Because The FBI's Decision Whether to Investigate is Discretionary, The Court Lacks Jurisdiction Over This Claim

The mandamus statute is not an independent jurisdictional grant, overcoming sovereign immunity. *See, e.g. Bobula v. United States Dep't of Justice*, 970 F.2d 854, 860 (Fed. Cir. 1992); *Estate of Watson v. Blumenthal*, 586 F.2d 925, 935 (2d Cir. 1978), *overruled on other grounds by, Sprecher v. Graber*, 716 F.2d 968 (2d Cir. 1983 ); *Smith v. Grimm*, 534 F.2d 1346, 1352 n. 9

(9th Cir. 1976). Two jurisdictional grants could arguably be relevant to Plaintiffs claims; the Administrative Procedures Act and/or 28 U.S.C. § 1343.

As stated earlier, the Complaint does not refer to the Administrative Procedures Act, 5 U.S.C. 701 *et seq.* ("APA"). Nonetheless, Plaintiff's request that the FBI be ordered to take certain action could arguably be viewed as a request for "non-monetary relief." However, the APA is no more supportive of Plaintiff's claim than is the vehicle of mandamus.

The decision of an administrative agency to exercise its "discretion" not to undertake certain actions is immune from review under the APA. In *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) the Supreme Court noted that "this Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion" (citation omitted). The initiation of a criminal investigation by the FBI is clearly a discretionary act. *See Moses v. Kennedy*, 219 F. Supp. 762, 763 (D.D.C. 1963), *aff'd sub nom. Moses v. Katzenbach*, 342 F.2d 931 (D.C. Cir. 1965) (determining whether to arrest and prosecute is "clearly discretionary and decisions respecting such actions are committed to the Executive Branch of the Government, not to the courts.") *See also, Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 379 (2d Cir. 1973) ("federal courts have traditionally and, to our knowledge, uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made" (citation omitted).)

Because a decision whether to investigate is explicitly "committed to agency discretion," to use the language of § 701(a)(2), the FBI's decision not to investigate is exempt from judicial review under the APA.

The other potentially relevant jurisdictional grant lies in 28 U.S.C. § 1343. That statute provides, *inter alia*,

> "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . ."

However, jurisdiction under that provision applies only where the constitutional claim is "substantial." *Hagans v. Lavine*, 415 U.S. 528 (1974). In *Hagans*, the Supreme Court held that "Section 1343(3) ... conferred jurisdiction upon the district Court to entertain the constitutional claim *if it was of sufficient substance to support federal jurisdiction*." *Hagans* at 536 (emphasis added). In this case, Plaintiff's conclusory allegations of constitutional violations fail to state a substantial constitutional claim. For the reasons stated above, Plaintiff's claim is therefore not legally "substantial" enough to support jurisdiction in this Court.

Consequently, the Government urges the Court to find in the instant case that it lacks jurisdiction over Plaintiff's claim that the FBI failed to investigate his complaint, and to dismiss the complaint as to the FBI, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## ARGUMENT 2

## PLAINTIFF'S CLAIM FOR MONEY DAMAGES AGAINST THE FBI SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

The FBI, as an agency of the United States government, enjoys sovereign immunity. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). It is axiomatic that absent a waiver, "sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Insurance Corporation v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler*). A waiver of sovereign immunity must be explicit and is not to be implied. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95 (1990).

There is no waiver of sovereign immunity applicable to Plaintiff's claim for money damages from the FBI. The Supreme Court considered and rejected such a claim in the *Meyer* case, in which the Plaintiff pursued a constitutional tort claim against a federal agency. The Plaintiff there asked the Court to extend the logic of *Bivens v. Six Undercover Narcotics Agents*, 403 U.S. 388 (1971), in which the Court had implied a cause of action against federal officials for constitutional violations. The Court declined to so hold, instead observing that "the purpose of *Bivens* is to deter *the officer*." *Meyer*, 510 U.S. at 485 (emphasis in original). The Court concluded, "a damages remedy against federal agencies would be inappropriate." *Id.* at 486.

Based upon the same reasoning, the FBI here requests the Court to dismiss Plaintiff's claims for monetary damages against the FBI pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.

## ARGUMENT 3

### PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF REGARDING LANGUAGE USED BY THE FBI ON ITS WEBSITE SHOULD BE DISMISSED FOR LACK OF JURISDICTION

Again, although the Plaintiff does not cite to the Administrative Procedures Act, under some circumstances that statute can arguably provide a vehicle for injunctive relief against a federal agency. *See, e.g., Raz v. Lee*, 343 F.3d 936 (8th Cir. 2003). The APA, in relevant part, vests jurisdiction in federal courts where a plaintiff seeks "relief other than money damages." 5 U.S.C. § 702. However, the APA does not provide an independent basis of jurisdiction, overcoming sovereign immunity. *Califano v. Sanders*, 430 U.S. 99, 107-108 (1977). One arguably relevant grant of jurisdiction could be found in 28 U.S.C. § 1331. However, as noted in Argument 1, *supra*, federal question jurisdiction applies only where plaintiff alleges a *substantial* constitutional question, which is not the case here.

It is this fact that distinguishes the instant case from *Raz*. In *Raz*, the plaintiff "sought an injunction prohibiting [FBI] director and the FBI from continuing their violations of his constitutional rights." *Id.* at 938. Among other things *Raz* claimed to have been subjected to unreasonable search and seizure by the FBI, as well as harassment because of his "expression of certain unpopular political opinions." *Id.* at 936. Under the circumstances, the Eighth Circuit held that sovereign immunity did not bar *Raz*'s injunctive-relief action under the APA.

In contrast, there is no factual basis for such a ruling here. Plaintiff has made no showing of any justiciable constitutional violation against him inherent in the language used by the FBI on its website. The Government urges the Court to dismiss this claim for lack of jurisdiction.

Finally, even if some jurisdictional underpinning for this claim could be found, it is worth noting that the APA "explicitly precludes [judicial] review" where the "agency action is committed to agency discretion by law." *Riverkeeper, Inc. v. Collins*, 359 F.3d 156, 164 (2d Cir. 2004). As reviewed in detail in Argument 1, *supra*, that is the case here, thus this Court lacks jurisdiction on that basis as well.

## CONCLUSION

For all the reasons stated above, and upon the authorities cited herein, Respondent respectfully requests the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, and Rule 12(b)(1), for lack of jurisdiction.

                COLM F. CONNOLLY
                United States Attorney

                By: /s/Patricia C. Hannigan
                    Patricia C. Hannigan
                    Assistant United States Attorney
                    Delaware Bar I.D. No. 2145
                    The Nemours Building
                    1007 Orange Street, Suite 700
                    P. O. Box 2046
                    Wilmington, DE 19899-2046
                    (302) 573-6277
                    Patricia.Hannigan@usdoj.gov

Dated: May 30, 2006

## CERTIFICATE OF SERVICE

I, Patricia C. Hannigan, hereby certify that on **May 30, 2006**, I electronically filed the foregoing **FEDERAL BUREAU OF INVESTIGATION'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

**Stephani J. Ballard, Esquire**
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
stephani.ballard@state.de.us

*Counsel for State Defendants*

Copies of the filing will also be sent via First Class Mail, postage prepaid, to *Pro Se* Plaintiff at the following address:

**Steven D. Humes,** *Pro Se*
4838 Plum Run Court
Wilmington, DE 19808
(302) 598-9234

                            COLM F. CONNOLLY
                            United States Attorney

                      By:  /s/Patricia C. Hannigan
                            Patricia C. Hannigan
                            Assistant United States Attorney
                            Delaware Bar I.D. No. 2145
                            The Nemours Building
                            1007 Orange Street, Suite 700
                            P. O. Box 2046
                            Wilmington, DE 19899-2046
                            (302) 573-6277
                            Patricia.Hannigan@usdoj.gov