Steven D. Humes

4838 Plum Run Court

Wilmington, Delaware 19808

(302) 598-9234

---

**IN THE U.S. District Court - District of Delaware**

| | | |
|---|---|---|
| Steven D. Humes | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 06-59 KAJ |
| State of Delaware, | ) | |
| Court of Common Pleas, et al. | ) | |
| Defendant(s) | ) | |

FILED

JUL 1 1 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

ℜ scanned

**RESPONSE TO FEDERAL DEFENDANTS**

**PLEADING TO DISMISS**

The Federal Defendants entire Motion to dismiss is based
upon what they call their rights to determine their own
response and reaction to the laws. The fact is the Federal
Government's agencies; the F.B.I., has a responsibility to
the constitution and all Americans to defend the laws and
insure that the States are allowing equal access to them.
Neither the State of Delaware nor the Federal Authorities

have any right implied or otherwise to deny equal access to those laws, and they have done so by not applying the laws fairly and proportionately to all parties. The F.B.I. is not protecting Steven Humes's rights to life, liberty, and property by allowing him to be victimized thus denying fair and equal justice.

The Plaintiff maintains that without an investigation into the alleged criminal acts of all parties; including the Plaintiff that the State of Delaware had no possible reason to prosecute. Without the investigation; that the Plaintiff clearly asks for, the State could not possibly or legally have presented a case to which a verdict could have been rendered. Yet a verdict was rendered without justice.

Without the investigation:

    1. The alleged criminal acts were e-mail related. There was no investigation or any evidence presented showing that the e-mails were sent from a computer in Delaware.

    2. The State did not take a statement or present evidence from; Tim Kreider, Feddly Jeanniton, or Ben Rybinski.

a. Tim Kreider: the envoy sent by Jeanne Ohm to allegedly bring the hard drives to the Delaware Store from Pennsylvania.

b. Feddly Jeanniton: The contractor who entered into a contract with the computer store and actually performed the data recovery.

c. Ben Rybinski: The computer store clerk who met with Tim Kreider and entered into the sales agreement with him.

3. The police did not enter any of the properties; the store, residences, or business locations, and look at the computers, the data, or any e-mails.

Without the investigation; the plaintiff was charged and convicted, despite the fact that the State of Delaware could not show that a crime was committed or took place in Delaware. The Delaware State Trooper acknowledges that he did not authenticate any e-mails, look at any computers, talk to any witnesses or go to any locations. Trooper Lafferty arrested the Plaintiff based on a statement that he gave saying that he sent e-mails to chiropractors. There was no mention from what State or location these e-mails were sent from or to.

The State of Delaware witness Jeanne Ohm presented two e-mails that were alleged to be criminal acts in Delaware that she stated were received at a computer in Pennsylvania. Jeanne Ohm never met with anyone from the computer store in Delaware. These e-mails were faxed to Trooper Lafferty from Pennsylvania.

Without the INVESTIGATION the State of Delaware proved that two faxed e-mails showing the Plaintiffs name may have been received at a (unknown device) in an (Unknown State or Country) sent from a (unknown device) from (Unknown State or Country).

The Plaintiff was not hiding that e-mails were sent he wanted and asked for an investigation. The Plaintiff provided the witness names and how to contact them. The plaintiff provided information on how to authenticate an e-mail; where it was sent from and to. The Plaintiff filed several motions about the admissibility of evidence hoping that the State would then investigate.

Why did the Plaintiff want an investigation; and still does, because the actual evidence would show that the Plaintiff committed no crimes and that he was indeed the victim in this matter?

The State of Delaware is not compelled by the Plaintiff's
desires to have someone charged with a crime. The State of
Delaware's is compelled by the Laws, the rules of evidence,
the Plaintiff's right to receive a fair trial and the
integrity of justice to have performed this investigation
and applied the laws as written.

As for Judge Smalls and the Court of Common Pleas; the
Plaintiff filed numerous motions about the lack of
evidence, lack of investigation, that no crime occurred,
clarity of the laws, judicial notice, and affirmative
defense, admissibility of evidence and jurisdiction of the
alleged criminal act.

The Plaintiff states that he was convicted because Judge
Smalls insured that he was not able to present a defense.
The Plaintiff was not allowed to question the character of
the witnesses or the investigation, Plaintiff couldn't
question Tim Kreider, Plaintiff could not question where
the e-mails were sent from or who received by
(authentication), Plaintiff could not question the contract
or remedies of Delaware Law regarding Sales, Plaintiff
could not argue that his actions were legal based on an
affirmative defense, Plaintiff could not argue the

vagueness of the law, Plaintiff could not question alleged
other e-mail recipients (none were in court and one of them
was dead), Plaintiff could not even question his own
witnesses because the court did not subpoena them.

This civil action before you screams for federal
intervention. The State of Delaware denied Plaintiff,
Steven Humes, his constitutional rights to a fair trial,
equal access to the laws, and denied him property, a life,
and liberty. Without the investigation Plaintiff had no
chance of a fair trial, without judicial integrity
Plaintiff had no chance for a fair trial, with
prosecutorial misconduct Plaintiff had no chance for a fair
trial.

It should be obvious to your court that the State of
Delaware is still attempting to cover up their actions and
claiming that the Plaintiff is receiving legal remedies
available to him in State court. If what the Plaintiff
states are indeed the facts then an appeal should have
already been granted. The only reason the appeal is taking
approx. two years is the statue of limitations on filing
civil actions. The Plaintiff is concerned that this cover
up is going to deny him his appeal and it is not likely the
Delaware Supreme court will take further action. Judge

Brady was the Attorney General during this wrongful
prosecution, now Supreme Court Justice Brady.

The Plaintiff is not an attorney and is looking to the
federal authorities, judicial system and the U.S. Attorney
to protect his rights. It is very clear the State Of
Delaware intends to use all of its authority and power to
insure that the Plaintiff does not receive justice.

I will not allow any organization to crap all over the
constitution and call me criminal because they don't have
the decency, the humanity to respect the written laws. The
State of Delaware has taken issue not just against Steven
Humes but against all that can't afford justice, that can't
afford the constitution and the bill of rights. The
authorities in the State of Delaware are unconscionable,
without morals, and lack the integrity to enforce their own
laws. They clearly stand on the wrong side of decency.

"The Federal and State Defendants do not have the right to
deny the Plaintiff his constitutional rights to Life,
Liberty, and Justice by picking and choosing which laws to
enforce, which crimes to investigate, and what citizens to
protect."

I have attached a sworn statement detailing crimes that
have been committed against me by the Delaware authorities
and Jeanne Ohm. If the F.B.I. or responsible authorities do
not perform their duty to investigate and then arrest these
individuals then I will. The constitution is clear that I
have a right to protection of the laws and the right to
self arrest if necessary. If this court and the Federal
authorities allow justice to be delivered to whom they wish
to protect based on their argument; then please tell them
to stand aside and watch me deliver my own justice in
accord with the laws and constitution as if it were 1899. I
will proceed under protection of the laws and the
constitution and make these arrests myself and any attempt
to stop me will be a felony and against my constitution
rights.

Wherefore, Plaintiff requests this honorable court to deny
the Defendants motion to dismiss and order the F.B.I. to
perform its duty and investigate the named authorities from
the State of Delaware for violations of Color of Law, trial
fixing, obstruction of justice, jury tampering, witness
intimidation, official misconduct.

Plaintiff

Dated: ~~April 3~~ July 10, 2006

Steven D. Humes

4838 Plum Run Court

Wilmington, Delaware 19808

(302) 598-9234

---

**IN THE U.S. District Court - District of Delaware**


Steven D. Humes                    )

Plaintiff                          )

v.                                 )     Case No. 06-59 KAJ

                                   )

State of Delaware,                 )

Court of Common Pleas, et al. )

**ORDER**


**NOW TO WIT,** this day of _____, 20__, Defendants Motion for
Dismissal is hereby denied.


IT IS SO ORDERED.

                              _____

                                    J.

Steven D. Humes

4838 Plum Run Court

Wilmington, Delaware 19808

(302) 598-9234

---

### IN THE U.S. District Court - District of Delaware

| | | |
|---|---|---|
| Steven D. Humes | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 06-59 KAJ |
| State of Delaware, | ) | |
| Court of Common Pleas, et al. | ) | |

### CERTIFICATE OF SERVICE

I, *Steven D. Humes*, do hereby certify that two (2) copies

of the attached Notice of Motion, Motion and Order were

*delivered by first class mail* to Stephani J. Ballard,

Deputy Attorney General, 820 N. French Street, Wilmington,

DE 19801, and Patricia Hannigan, Assistant U.S. Attorney

1007 N. Orange Street, Suite 700, Wilmington, DE 19899-2046

this day of 21 February 2006.

---

Plaintiff

Dated: March 20, 2006

July 9, 2006

Alberto R. Gonzales
U.S. Attorney General
900 Pennsylvania Avenue
Washington, D.C. 20530

I have pleaded for almost three years with the authorities to investigate and see that
justice is served equally to all in what could be referred to as the "Ohm" matter. It is
impossible to accept being charged with a criminal offense without any investigation and
with written laws supporting my actions as legal. I had called for an investigation prior to
the criminal charge being filed against me, after I was arrested, and now after my
conviction at a rigged trial. The response of the Delaware State Police, the F.B.I., the
Delaware State Courts and the Federal Courts is as stated below.

The Federal Laws, Constitution and the Delaware State Laws are at the discretion of the
authorities to uphold, ignore, or enforce. As citizens we have no rights to any protections
against crimes or to the protections of the written laws and constitution without the
authority's willingness and approval. This is as quoted in the responses to my letters and
legal filings.

Pages 5 and 6: STATE OF DELAWARE'S REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

As a result of the authorities ignoring my pleas for justice and equal access to the written
laws and their protections; I am left with no other alternative than to enforce these laws
myself. Besides the charges against Jeanne Ohm for her actions, I am charging a judge,
the prosecutor, and a state police officer with, felony obstruction of justice, conspiracy
and misuse of their official offices. The charges, although somewhat complicated, rely
upon this simple undisputable fact. "NO INVESTIGATION HAS EVER OCCURRED
IN THIS MATTER BECAUSE IT WOULD SHOW THAT I WAS COMPLETELY
INNOCENCENT" and without an investigation it is technically impossible to state that a
crime was ever committed. Without an investigation into any alleged crime it would be
impossible to prosecute or obtain a conviction in a court of law. This is especially true for
a computer crime which would require even more physical evidence. The fact that I was
charged, prosecuted, and convicted without any investigation or evidence is enough to
state that I was conspired against to be found guilty. It is more disturbing that I was
convicted for misuse computer data when the laws represent that it was my own data
being used in a legal way. The motive for the Delaware Authorities criminal actions is
detailed below.

Page 6: STATE OF DELAWARE'S REPLY IN SUPPORT OF MOTION TO DISMISS
COMPLAINT

Steven Humes cannot legally assert a claim of wrongful prosecution or false arrest if he
was convicted.

"... one of the elements of such a claim is that the criminal proceeding be resolved in his
favor."

These alleged crimes were committed to harm Steven Humes and protect the reputations and positions of these named conspirators.

Despite what the State of Delaware authorities contend in their briefs, that no citizen has the right to call for the arrest of another, that it is their responsibility to insure justice by selectively charging and prosecuting based upon proper procedure. Surely such procedures would include a thorough investigation into criminal charges. In this case there was no investigation and this charge was brought on behalf of a citizen with no legitimate or legal reason, it was a phone call from a State Policemen friend of the so called victim Jeanne Ohm that brought about this "blue justice".

It is my position that the arrests as detailed in the attached "Sworn Statements" are going to occur and that these prosecutions will also occur. I intend to carry them out myself if the authorities refuse. The constitution supports an individual's right to perform arrests and to the protections of the laws, to self prosecute if necessary. If the State or Federal authorities do not bring these charges, or at least bring them before a grand jury, and then perform these arrests within 15 days of receipt of this letter, I will immediately precede in an armed and legal way to make these arrests myself, just like in the early 1900's, when guns were necessary to enforce equal justice.

There will be no further communication from myself. All the evidence you need to present this matter to a grand jury or make these arrests is being held by the State of Delaware or has been scanned onto my website.

As crazy as this all sounds, my actions are not unjustified or suicide by the police. They are the result of thoughtful consideration. If the authorities are allowed to pick and choose what laws to enforce, what alleged crimes to investigate, and what people to protect, then no American without political influence or monetary power is backed by the constitution or protected by the laws. Without the constitution to protect our liberties and rights then we are not really Americans. If I am to sacrifice myself, possibly my life, then it should be called what it truly is. I am defending the constitution and its true meaning of liberty and justice for all.

I have two small children that deserve to have a good father but I would be less than a man and father without honor if I choose to back away from my convictions and allow these criminal authorities to make me less than the American I was born.

Sincerely,

Steven D. Humes

**NOTICE TO THE AUTHORITIES:**

The charges sworn to in my affidavits stand as arrest warrants against the individuals they name. I cannot force you to perform your duties and investigate and prosecute the crimes committed against me, but I can exercise my constitutional rights. Those rights allow me to make these arrest myself if necessary and to prosecute them also. Any attempt by any individual(s) or organizations to stop these arrest will be felonies and in violation of the laws.

The sale of the data is legal based upon the simple truth that I own it. (See the receipt from FAJ Systems) This receipt verifies that the data and drive are the property of Steven Humes as a conclusion of Delaware Law. If the police and Delaware Attorney General are too ignorant to read their own laws then they had better read what's below and take it to heart.

** THE FIRST ARREST WAS A FALSE ARREST. ANY ATTEMPT AT A SECOND WILL BE AN ARMED ASSAULT AND I WILL DEDFEND MYSELF WITH EVERYTHING I HAVE. **

The attempted harassment by the Delaware courts sending armed Capitol Police to my house to intimidate me will not be tolerated.

** ANY FURTHER ATTEMPTS TO THREATEN, HARRASS, OR INTIMIDATE ME BY ARMED PEOPLE WILL BE MET WITH AN APPROPRIATE RESPONSE. **

I have no intention of backing down from my constitutional rights and the evidence to support my claims is undeniable! My constitutional rights allow me to carry arms, to the protections of the written laws, and to defend myself.

The only way this matter will be resolved is through the enforcement of the laws either by you, or by me. You will both do your jobs and defend the written laws fairly or I will do it for you.

It's not true "THAT YOU CAN'T FIGHT CITY HALL". You simply need to be willing to die to do so.

I really didn't want this confrontation and have exercised every possible alternative. However, it is against the law to convict a person who is innocent simply to protect against legal actions. Yet that is what happened.

*Steven D. Humes*

CHARGES AGAINST Judge Alex Smalls, Trooper Lafferty and Shawn Martyniak:

## AFFIRMATION STATEMENT:

**I, Steven D. Humes of 4838 Plum Run Court, Wilmington, DE 19808, under oath or affirmation, and to the best of my knowledge, information, and belief swear that the following statements are true and factual under penalty of perjury.**

I state that Judge Smalls, Head Justice Court of Common Pleas for the State of Delaware did conspire with the Deputy Attorney General Shawn Martyniak, and Delaware State Trooper Lafferty to intentionally use their positions to influence and cause the outcome of a trial against a clearly innocent person, Steven Humes.

## ACTIONS CONSTITUTING THE CRIMES:

**1.** Trooper Lafferty charging Steven Humes with a computer crime **without any investigation or supporting evidence**. The charges were based upon fax copies of alleged e-mails. The Trooper, nor anyone else, interviewed any witnesses, looked at any computers, or went to any location. Trooper Lafferty was on vacation during the period that an investigation should have occurred.

**2.** This charge and arrest were based upon **blue justice, as a favor to the Pennsylvania Police Trooper Caponi (friend of Jeanne Ohm).**

**3.** The investigation that was asked for, **in a documented letter to Trooper Lafferty**, prior to the false arrest would have shown as Steven Humes stated that the hard drive and data was his property and that I.C.P.A. was committing fraud, lying to authorities, using illegal software, downloading and commercially using non purchased music files, and under false pretenses acquiring software, data, and computer services.

**4. Shawn Martyniak knew that the data was recovered** and intentionally helped to cover that fact up by **hiding witnesses and statements from Steven Humes**.

**5.** Shawn Martyniak knew that a crime was committed against Steven Humes and covered it up in order not to expose the Delaware State Police to charges and litigation.

**6. Judge Smalls lied** about reading and then ruled on the Motion of Judicial Notice. He then allowed Shawn Martyniak to present whatever he wished about the contract without any response from Steven Humes being allowed.

**7.** At this trial Steven Humes was **denied witnesses, denied counsel, denied the right to question and cross examine witnesses against him, unsupported testimony was allowed, documents withheld, and was not allowed to present the hard drive and data as evidence without taking the stand.**

**8.** Upon taking the stand the Judge Smalls then allowed evidence that was withheld to be presented in a planned ambush.

**9.** Despite the fact that s no investigation ever occurred and there is mounds of supporting evidence and the written laws of Delaware supporting Steven Humes' claims, **he was convicted at this rigged trial.**

**10. Steven Humes sent over twenty written request** to the police, Department of justice, and the courts seeking fair application of the laws.

**11.** Jeanne Ohm, during the trial, with the knowledge of Shawn Martyniak did **approach and offer to pay money to Feddly Jeanniton, a defense witness, in order to hide evidence.**

**12.** Steven Humes has requested that this matter be investigated to the Captain of the Delaware State Police Troop 2, Trooper Lafferty, The Delaware Attorney General, Shawn Martyniak, Judge Smalls, The Delaware Supreme Court, The F.B.I., The United States Department of Justice, Delaware State Police Internal Affairs, The Delaware Governors Office, and upon appeal to Superior Court.

**Still to this day no investigation of any kind has occurred. It is impossible to charge, arrest or convict anyone of a crime without an investigation or any evidence. Yet that is what happened.**

FACTUAL ALLEGATIONS:

Steven Humes was caused to appear before Judge Smalls of the State of Delaware Court of Common Pleas in a criminal matter (Case No. 0402006855). Steven Humes states that Judge Smalls did use his official position as Head Justice of the Court of Common Pleas to intentionally influence the outcome of the trial in favor of the State of Delaware. As supporting evidence;

**Attachments: Letter to Trooper Lafferty, Letter to Delaware internal Affairs, Letter to F.B.I., Letter to Delaware Attorney General, Federal Suit seeking to compel the F.B.I. to perform an investigation, Letter to Captain Troop 2, Supreme Court Motion asking to compel an investigation, Letter to Department of Justice, Motion of Judicial Notice (part 1, part 2, part 3).**

The hard drive sold to Atlantech Computer by FAJ Systems with the included data is subject to Delaware Statutes Title 6 Article 2. These Statutes clearly point out that the hard drive and included data are the property of Atlantech Computers. This statement is not disputable and a conclusion of written law.

**Attachments: FAJ SYSTEMS receipt, receipt of data recovery software, screen shots of the data showing time of recovery and completeness, receipt for product sold to I.C.P.A., cancelled check, statement to PA Attorney General fraudulently claiming no data was recovered.**

**\*\* All attachments are on the website www.delawarejustice.org \*\***

The returned hard with all the original data on it is being held by the Delaware Court of Common Pleas. There are multiple copies.

<u>STATEMENT OF SUPPORTING EVENTS:</u>

In a motion hearing that Judge Smalls presided over he was caused by the defendant (Steven Humes in this action) to hear and rule on a matter of Judicial Notice. This motion was approximately 100 pages and the embodiment of several viable and legitimate defenses, such as claiming legitimate ownership of the data that Steven Humes was charged with misusing. This motion hearing was abrupt and displayed that Judge Smalls had not read any part of the Motion. Judge Smalls' initial ruling was this, "That no such Motion existed".

This Motion was based upon the written Delaware Statutes which asked Judge Smalls to resolve the issue of Delaware Law Title 6 Article 2:

(4) A rejection or other refusal by the buyer to receive or retain the goods, whether or not justified, or a justified revocation of acceptance revests title to the goods in the seller. <u>**Such revesting occurs by operation of law and is not a "sale".**</u> (5A Del. C. 1953, § 2-401; 55 Del. Laws, c. 349.)

Neither party could reasonably question the accuracy or dispute; "was the item paid for". The undisputed answer is no, the check was cancelled for whatever reason. The hard drive and the data were returned to Atlantech.

Steven Humes alleges that this allegation is a matter of court record; see the Motion Hearing October 12th, 2004, that the State of Delaware Attorney Generals office and Judge Smalls claimed that they either did not receive or have in their possession any copies of this motion for Judicial Notice. Steven Humes states that at the Motion Hearing on October 12th, 2004 he was to provide an additional copy of the Motion for Judicial Notice for the Court and a list of witnesses to be called at trial. The copy of the Motion for Judicial Notice and the witness list were provided to the court by Steven Humes on October 20th, 2004. Steven Humes states that Judge Smalls and the State of Delaware Attorney Generals office at the scheduled hearing on October 22, 2004 pretended to have forgotten or were unaware that this motion for Judicial Notice was scheduled and to be heard. Steven Humes states that Judge Smalls; when asked by Steven Humes about being heard on this Motion of Judicial Notice then questioned his court assistant and was given the copy of the motion supplied to the court on October 20, 2004. Steven Humes states that Judge Smalls at that time open a sealed

envelope that contained the copy of the Motion for Judicial Notice and supporting documents, approximately 100 Pages, and within less than three minutes claimed that he read and duly considered this motion and then denied it. The sealed envelope supplied to the court also contained the list of 10 witnesses ordered by the Court of Common Pleas. During the trial Judge Smalls falsely stated that he had read the motion for Judicial Notice.

Judge Smalls' actions were to deliberately deny justice and to assist the Delaware State Police and Department of Justice in covering up a false arrest and wrongful prosecution raised and supported by this Motion of Judicial Notice. Judge Smalls was aware of Steven Humes' intentions to pursue legal action against the Delaware State Police and knew that a guilty verdict would severely hurt Steven Humes' case. Judge Smalls' actions and rulings throughout this matter when applied in whole show that the trial was manipulated to insure that no viable defense could be presented and guaranteed the State of Delaware's victory.

In summary Steven Humes was lied to by the Judge and Prosecuting Attorney, the court allowed evidence to be presented on behalf of a man that's been dead since 1993, not a single witness from the court ordered witness list was subpoenaed or caused to be at the trial by the State of Delaware, Steven Humes was not allowed to question the honesty or integrity of any State witness, the court allowed the prosecutions witness testimony whether they were present or not, the Court allowed the prosecutor to testify where the crime was alleged to occur without any factual basis supporting evidence or witness account, the court allowed the prosecution to withhold discoverable evidence that was requested several times by Steven Humes, this evidence was later allowed over objection that could not be argued, the court did not allow that argument, the court did not allow counsel to be appointed, Steven Humes was threatened with jail if he did not proceed without counsel, there are so many violations of the rules of evidence, his constitutional rights, and the Court of Common Pleas rules that to list them all is not practical.

Judge Smalls by way of his official misuse of his office and personnel did intentionally deny Steven Humes any and all viable and legal defenses proposed, deny counsel, deny witnesses, deny questioning of States witnesses, deny examination of the evidence against him, allow any evidence or statement against him whether it was supported by testimony or not. The support for these allegations is in the Transcripts that took over seven months to prepare for a two day trial. Steven Humes alleges that the Transcripts are false in parts, leaving out information further detailing the Court of Common Pleas actions of bias. **Judge Smalls specifically assigned himself to be the trial Judge in this matter to oversee the State of Delaware's guaranteed victory.** Judge Smalls assigned himself after the State canceled the original trial and rescheduled because Steven

Humes had the audacity to show up at the first trial with witnesses and legal assistance.

Judge Smalls intent and actions were in conspiracy with Shawn Martyniak, the Prosecuting attorney, to cover up the truth and to harm Steven Humes. **Shawn Martyniak did also by way of advice cause Jeanne Ohm to offer a financial payment to Steven Humes' witness in order to interfere with his testimony.**

## THE ACTUAL CRIMINAL CHARGES VIOLATED:

§ 1211. Official misconduct; class A misdemeanor.

A public servant is guilty of official misconduct when, intending to obtain a personal benefit or to cause harm to another person:
(1) The public servant commits an act constituting an unauthorized exercise of official functions, knowing that the act is unauthorized; or
(2) The public servant knowingly refrains from performing a duty which is imposed by law or is clearly inherent in the nature of the office; or
(3) The public servant performs official functions in a way intended to benefit the public servant's own property or financial interests under circumstances in which the public servant's actions would not have been reasonably justified in consideration of the factors which ought to have been taken into account in performing official functions; or
(4) The public servant knowingly performs official functions in a way intended to practice discrimination on the basis of race, creed, color, sex, age, handicapped status or national origin.
Official misconduct is a class A misdemeanor. (11 Del. C. 1953, § 1211; 58 Del. Laws, c. 497, § 1; 61 Del. Laws, c. 327, § 1; 64 Del. Laws, c. 48, § 1; 67 Del. Laws, c. 130, § 8; 70 Del. Laws, c. 186, § 1.)

and

§ 512. Conspiracy in the second degree; class G felony.

A person is guilty of conspiracy in the second degree when, intending to promote or facilitate the commission of a felony, the person:
(1) Agrees with another person or persons that they or 1 or more of them will engage in conduct constituting the felony or an attempt or solicitation to commit the felony; or
(2) Agrees to aid another person or persons in the planning or commission of the felony or an attempt or solicitation to commit the felony; and the person or another person with whom the person conspired commits an overt act in pursuance of the conspiracy.

Conspiracy in the second degree is a class G felony. (11 Del. C. 1953, § 512; 58 Del. Laws, c. 497, § 1; 59 Del. Laws, c. 203, § 7; 67 Del. Laws, c. 130, § 8; 70 Del. Laws, c. 186, § 1.)

This sworn statement includes two previously sworn statements in attachment.

Each of the above allegations is a documented fact and cannot be disputed without lies or deceit.

Affiant: _____

Steven D. Humes
4838 Plum Run Court
Wilmington, DE 19808

Sworn and subscribed before me this ___1st___ Day of ~~May~~ June AD, 2006

_____

DINA BOLE
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 21, 2010

## CHARGES AGAINST JEANNE OHM:

Please immediately file Felony Charges against Jeanne Ohm, All I.C.P.A Board Members and Tim Kreider for Delaware State Code Title 11 Article 933 Theft of Computer Services. § 933.

A person is guilty of the computer crime of theft of computer services when the person accesses or causes to be accessed or otherwise uses or causes to be used a computer system with the intent to obtain unauthorized computer services, computer software or data. (64 Del. Laws, c. 438, § 1; 70 Del. Laws, c. 186, § 1.)

(d) A person committing any of the crimes described in §§ 932-938 of this title is guilty in the fourth degree when the damage to or the value of the property or computer services affected exceeds $500.

Computer crime in the fourth degree is a class G felony.

and

§ 841. Theft; Class A misdemeanor; restitution.
(a) A person is guilty of theft when the person takes, exercises control over or obtains property of another person intending to deprive that person of it or appropriate it. Theft includes the acts described in §§ 842-846 of this title.
(b) A person is guilty of theft if the person, in any capacity, legally receives, takes, exercises control over or obtains property of another which is the subject of theft, and fraudulently converts same to the person's own use.

I have attached my affirmed statement and it has been duly notarized.

Previous Affirmation Statements:

**I, Steven D. Humes of 105 Pleasant Valley Avenue Moorestown, NJ 08057, under oath or affirmation, and to the best of my knowledge, information, and belief swear that the following statements are true and factual under penalty of perjury.**

I, Steven Humes, who managed Atlantech Computer 110 Fox Hunt Drive Bear, DE 19701 do hereby swear that on or about 01/03/2004 Tim Kreider brought in two hard drives from I.C.P.A., Ohm Chiropractic, and Makin Miracles. Jeanne Ohm authorized that the hard drives be brought to Atlantech Computer. At the Atlantech computer location by way of written and verbal contract Jeanne Ohm, I.C.P.A. and Tim Kreider did authorize Steve Humes, Atlantech Computer, and its contractors to perform services to those hard drives. These services required

the use of Atlantech Computer's and its Contractors computer systems, Software resources, knowledge and skills to provide data recovery on those hard drives. The hard drives in question had lost any and all useable data. The data was over 95% recovered by Atlantech Computer and was fully usable. It was then turned over to Jeanne Ohm on or about 1/10/2004. In exchange for the recovered data I.C.P.A. wrote a check for $810.00. After, Jeanne Ohm and I.C.P.A., Ohm Chiropractic, and Makin Miracles gained use of the lost data they stopped payment on the check and made fraudulent claim that the data was not recovered or usable and returned the products to Atlantech Computers. I.C.P.A., Ohm Chiropractic, Makin Miracles are presently using the recovered data without authorization from Atlantech Computer. Under Delaware Code Title 6 Article 2 Sales the data belongs to Atlantech Computer. Mr. Humes has contacted I.C.P.A. and specifically demanded that they stop using the data or purchase the products under the contract and per Delaware State Code Title 6 Article 2 Sales.

**CHARGES AGAINST State Police:**

Please charge Delaware State Trooper TFC Lafferty SGT Susan Jones both of Troop 2 Bear, DE and PA State Trooper Caponi of the Media, PA Barracks with:

§ 1211. Official misconduct; class A misdemeanor.

A public servant is guilty of official misconduct when, intending to obtain a personal benefit or to cause harm to another person:
(1) The public servant commits an act constituting an unauthorized exercise of official functions, knowing that the act is unauthorized; or
(2) The public servant knowingly refrains from performing a duty which is imposed by law or is clearly inherent in the nature of the office; or
(3) The public servant performs official functions in a way intended to benefit the public servant's own property or financial interests under circumstances in which the public servant's actions would not have been reasonably justified in consideration of the factors which ought to have been taken into account in performing official functions; or
(4) The public servant knowingly performs official functions in a way intended to practice discrimination on the basis of race, creed, color, sex, age, handicapped status or national origin.
Official misconduct is a class A misdemeanor. (11 Del. C. 1953, § 1211; 58 Del. Laws, c. 497, § 1; 61 Del. Laws, c. 327, § 1; 64 Del. Laws, c. 48, § 1; 67 Del. Laws, c. 130, § 8; 70 Del. Laws, c. 186, § 1.)

and

§ 512. Conspiracy in the second degree; class G felony.

A person is guilty of conspiracy in the second degree when, intending to
promote or facilitate the commission of a felony, the person:
(1) Agrees with another person or persons that they or 1 or more of them will
engage in conduct constituting the felony or an attempt or solicitation to commit
the felony; or
(2) Agrees to aid another person or persons in the planning or commission of the
felony or an attempt or solicitation to commit the felony; and the person or
another person with whom the person conspired commits an overt act in
pursuance of the conspiracy.
Conspiracy in the second degree is a class G felony. (11 Del. C. 1953, § 512; 58
Del. Laws, c. 497, § 1; 59 Del. Laws, c. 203, § 7; 67 Del. Laws, c. 130, § 8; 70 Del.
Laws, c. 186, § 1.)

I also want these Officers charged with unlawful arrest and detainment, filing a
false written statements, abuse of official authority, and any other applicable
crimes that these unfit and corrupt Troopers performed.

Previous Affirmation Statement:

I, **Steven D. Humes of 105 Pleasant Valley Avenue
Moorestown, NJ 08057, under oath or affirmation, and to the
best of my knowledge, information, and belief swear that
the following statements are true and factual under penalty
of perjury.**

I, Steven Humes, was the manager of Atlantech Computer 110
Fox Hunt Drive Bear, DE 19701 state that on or about
01/21/2004 that PA State Trooper Caponi did effectively
state to myself that if I attempted to collect a debt owed
Atlantech Computers by I.C.P.A. that I would "Regret it and
he would see to it that I was charged with extortion". I
did state the data was in fact mine to sell, auction, or
otherwise depose of under Delaware law if I.C.P.A. did not
pay for it. I believe this phone call was recorded and
asked that the Delaware State Police take immediate
measures to acquire the recording. It is my claim that
Trooper Caponi utilizing his official capacity did cause
and unlawfully influence the Delaware State Police TFC
Lafferty to wrongfully charge Steven Humes with the
criminal act of Misuse of Computer Information. The
Officers intentionally chose to ignore facts and refused
Steven Humes equal justice. The Officers statement
resulting in the arrest of Steven Humes is 100% false. The

Officers conspired to falsify reports (claiming that Steven
Humes admitted to sending a derogatory e-mail to a dead
man) and falsely obtain an arrest warrant for Steven Humes.
The Officers ignored Steven Humes claim that a crime was
committed against Atlantech Computers. Trooper SGT Susan
Jones of Troop 2 Fraud Unit was contacted by Steven Humes
to look into a possible fraud concerning the cancelled
check from I.C.P.A. Trooper SGT Jones didn't even give
Steven Humes the courtesy of taking an official statement
or investigating the matter. If Trooper SGT Jones, TFC
Lafferty, of PA State Trooper Caponi had done even the most
routine investigation they would have discovered that
Jeanne Ohm's; of I.C.P.A., statement was false and that the
data was recovered. Isn't that fraud?

Affiant: _____
        Steven D. Humes
        105 Pleasant Valley Ave
        Moorestown, NJ 08057

Sworn and subscribed before me this _18^TH_ Day of ~~July~~ Aug
AD, 2004
_Colleen Hannan_

**COLLEEN HANNAN**
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/19/2009