IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN D. HUMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-59-SLR |
| | ) | |
| STATE OF DELAWARE COURT OF COMMON PLEAS, SUPERIOR COURT OF DELAWARE, STATE OF DELAWARE DEPARTMENT OF JUSTICE, TROOPER LAFFERTY, TROOPER SGT. JONES, CAPTAIN CHARLES J. SIMPSON, LT. WILLIAM T. FORD, LT. PAUL E. SMENTKOWSKI, LT. MARK DANIELS, DELAWARE STATE POLICE TROOP 2 AND INTERNAL AFFAIRS, FEDERAL BUREAU OF INVESTIGATION, HON. ALEX SMALLS, SHERRY SIMMONS, JANE DOE, SHAWN MARTYNIAK, INTERNATIONAL CHIROPRACTIC PEDIATRIC ASSOCIATION, and OHM CHIROPRACTIC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

---

Steven Humes. Pro Se.

Stephani Ballard, Esq., Delaware Department of Justice, 820 N.

French St., 6th Floor, Wilmington, Delaware, 19801; Attorney for State Defendants.

Patricia C. Hannigan, Esq., United States Department of Justice, The Nemours Building, 1007 Orange Street, Suite 700, P.O. Box 2046, Wilmington, Delaware, 19899; Attorney for Defendant Federal Bureau of Investigation.

---

**MEMORANDUM OPINION**

September 25, 2006
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Presently before the court is the motion to amend complaint filed by plaintiff Steven Humes (D.I. 11), the motion to dismiss the complaint (D.I. 9) filed by the State of Delaware defendants ("State Defendants")[1] (D.I. 9), and the motion to dismiss of defendant Federal Bureau of Investigation (D.I. 25) ("FBI").

The complaint makes various constitutional and statutory claims and seeks both equitable and monetary relief.  For the reasons that follow, plaintiff's motion to amend complaint (D.I. 11) will be granted.  However, the motions to dismiss filed by State Defendants (D.I. 9) and the FBI (D.I. 25) will also be granted.  All additional claims presented in plaintiff's amended complaint (D.I. 11) against the existing defendants and the additional parties he names therein will be dismissed as well.

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff's complaint arises out of a civil dispute which took place in or around January 2004 relating to the provision of

---

[1]"State Defendants" include: State of Delaware Court of Common Pleas, Superior Court of Delaware, State of Delaware Department of Justice, Trooper Lafferty, Trooper Sgt. Jones, Captain Charles J. Simpson, Lt. William T. Ford, Lt. Paul E. Smentkowski, Lt. Mark Daniels, Delaware State Police Troop 2 and Internal Affairs, Hon. Alex Smalls, Sherry Simmons, Jane Doe and Shawn Martyniak.

[2]The following factual background information is taken from the parties' submissions and does not constitute findings of fact.  These facts are reviewed in the light most favorable to the plaintiff.

computer services to defendant International Chiropractic Pediatric Association ("ICPA"). (D.I. 11 at 4) Maintaining that his services were not paid for by ICPA, plaintiff contacted the Delaware State Police and requested that the State file criminal charges against ICPA's employees. (See D.I. 12 at attachment 1) In connection with this incident, plaintiff was arrested on February 11, 2004 and later charged with Misuse of Computer Information under 11 Del. C. § 935. (D.I. 20) Plaintiff was convicted of this charge in the Court of Common Pleas on October 27, 2004. (Id.) He filed an appeal with the Superior Court on November 11, 2004. (Id.) That appeal is currently pending. (See D.I. 20.)[3]

Plaintiff also contacted the Delaware State Police, including its internal affairs unit, requesting that his allegations of misconduct by Delaware and Pennsylvania State Troopers be investigated. (See D.I. 12 at attachments 1-4; D.I. 11 at 8-9) In June 2005, plaintiff contacted the FBI to request that its agents investigate the Delaware State Police for alleged violations of his constitutional rights. (D.I. 11 at 24) The FBI refused to undertake such inquiry. (Id.; D.I. 26 at 2)

---

[3]Attached to State Defendants' reply brief in support of motion to dismiss complaint, is a memorandum from Judge Cooch. (D.I. 20) Insofar as such ruling is a matter of public record, the document may be relied upon without converting State Defendants' motion into one for summary judgment. See Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc. c/o CT Corporation, 998 F.2d 1192, 1196 (3d Cir. 1993).

2

On February 15, 2006, State Defendants filed a motion to dismiss plaintiff's complaint. (D.I. 9) Plaintiff thereafter filed a motion to amend complaint (D.I. 11) wherein he adds the following parties: Shawn Martyniak,[4] individually and in his official capacity; Judge Alex Smalls of the Court of Common Pleas, individually and in his official capacity; select members of Judge Smalls' staff,[5] individually and in their official capacities; ICPA; and, Ohm Chriopractic. (Id. at ¶ A-C) Plaintiff further amends his complaint to add individual capacity suits against each of the named Delaware State Troopers (Id. at ¶ 2), to request a "Three Judge Trial" (Id. at ¶ 4), and to interpose a variety of additional constitutional and statutory claims.

Plaintiff filed a motion for order of protection (D.I. 13) on February 22, 2006, which was denied. (D.I. 16) Plaintiff filed a motion for reconsideration of my order (D.I. 18), which was also denied. (D.I. 21) On May 30, 2006, the FBI filed a motion to dismiss. (D.I. 25)

### III. STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the

---

[4]Shawn Martyniak, Deputy Attorney General, appears to be the prosecuting attorney in plaintiff's criminal prosecution.

[5]Among Judge Smalls' staff, plaintiff names Sherry Simmons and Jane Doe ("Alex Smalls court Assistant"). (D.I. 11 at ¶ A)

3

complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Gibbs v. Roman, 116 F.3d 83, 86 n.6 (3d Cir. 1997); Urrutia v. Harrisburg County Police Dep't., 91 F.3d 451, 456 (3d Cir. 1996). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

## IV. DISCUSSION

### A. Plaintiff's Amended Complaint

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Fed. R. Civ. P. 15(a). A motion to dismiss pursuant

4

to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) does not constitute a "responsive pleading" for purposes of Rule 15(a). See Kelly v. Delaware River Joint Commission et al., 187 F.2d 93, 94 (3d Cir. 1951) ("We agree with the Court of Appeals for the First Circuit...that a motion to dismiss is not a responsive pleading..."); Airport Investors Ltd. Partnership v. Neatrour, Civ. A. 03-831, 2004 WL 225060, *1 (D. Del. February 3, 2004) (defendant's "motion to dismiss is not a responsive pleading within the meaning of Rule 15(a)") (citing Kelly, 187 F.2d at 94). Because State Defendants and the FBI have not served a responsive pleading, plaintiff's motion to amend his complaint (D.I. 11) will be granted.[6]

### B. Count One – Failure to Prosecute and Equal Protection Claim

In count one, plaintiff seeks equitable and monetary relief against the Delaware State Police, the Delaware Department of Justice, and Shawn Martyniak, individually and in his official capacity, for failure to prosecute pursuant to his requests, and because plaintiff was "intentionally treated differently than

---

[6]Because plaintiff may amend as a matter of right, the court will not here address State Defendants' contention that the amendments are futile. See In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997) (futility as cause for denial of leave to amend complaint). However, for the reasons discussed infra, plaintiff's claims in his amended complaint against all defendants fail for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6).

5

other citizens based on his sex, age, and social economic status."[7] (D.I. 11 at 6-9)

### 1. Immunity

The Eleventh Amendment proscribes any suit against a state, or against a state agency or department or state official where "the state is the real, substantial party in interest," unless the state consents to suit. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-101 (1984); see MCI Telecom. Corp v. Bell Atlantic of Penn., 271 F3d 491 (3d Cir. 2001) (states are generally immune from private suits in federal court). The Eleventh Amendment is a "jurisdictional bar which deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir.1996) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)).

Because the Delaware State Police and Department of Justice are duly constituted state agencies whose Eleventh Amendment immunity has not been waived, they are immune from suit.[8]

---

[7]Although he does not specify the source of this claim, which ostensibly suggests differential treatment, it is presumed that plaintiff alleges a violation of the due process and equal protection clauses of the Fourteenth Amendment.

[8]"In determining whether Congress has abrogated a state's Eleventh Amendment Immunity, a 'simple but stringent test' is applied. This two-prong test requires that: (1) Congress 'unequivocally express its intent to abrogate;' and (2) Congress act according to a valid exercise of power in abrogating state immunity." Jamison v. Delaware, 340 F. Supp.2d 514, 516-17 (D.

Accordingly, plaintiff's claims against these agencies are dismissed.

As to plaintiff's claim against Martyniak, a plaintiff may sue a state official for money damages, but "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officers are nominal defendants." Ford Motor Co. v. Department of Treasury of State of Indiana, 323 U.S. 459, 464 (1945) (overruled on other grounds). Plaintiff's claim against Shawn Martyniak in his official capacity for monetary damages, therefore, is dismissed.

### 2. Standing to Raise Claim of Non-Prosecution

Plaintiff alleges that the "Delaware State Police and Department of Justice are bound by law to have performed [an] investigation [of ICPA and Jeanne Ohm[9]] and initiate charges when they are warranted, as in this matter." (D.I. 11 at 10)

---

Del. 2004) (citing Lavia v. Penn. Dep't. of Correc., 224 F.3d 190, 196 (3d Cir. 2000). As federal jurisdiction is limited in nature and must be demonstrated by the party seeking to invoke it, because plaintiff has not shown waiver of immunity, this court does not have jurisdiction to entertain suits against the Delaware State Police and Department of Justice. See McNutt v. G.M. Acceptance Corp., 298 U.S. 178, 189 (1936). 42 U.S.C. § 1983, to the extent plaintiff invokes it, is not such a waiver.

[9]Plaintiff does not specify the nature of the Ohm's relationship to ICPA other than to allege that she is an "officer" of the company. Such allegation will be accepted as true for purposes of State Defendants' motion.

7

Although neither State Defendants nor the FBI specifically address the issue, the court has an independent duty to determine standing to raise his claim of non-prosecution. See Boeing Co. v. Van Gemert, 444 U.S. 472, 488 (1980) ("Although respondents have not challenged Boeing's standing, we are obligated to consider the issue sua sponte, if necessary.")  To have standing before the court, in other words, the right to "have the court decide the merits of the dispute or of particular issues," plaintiff must show that he has suffered invasion of a legally protected interest. Warth v. Seldin, 422 U.S. 490, 498 (1975); see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The case law makes clear that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."[10]  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).  Where the interest alleged to be harmed is not legally cognizable, the "irreducible constitutional minimum" of standing is absent. Lujan, 504 U.S. at 560. Construing all facts and inferences in favor of the non-moving party, it is

---

[10]See also  Rosquist v. Jarrat Construction Corp., 570 F. Supp. 1206, 1207 (D.C. NJ. 1983) ("'[t]he federal courts have customarily refused to order prosecution of particular individuals at the instance of private persons.'") (citing Linda R.S., 410 U.S. at 619); Fulson v. City of Columbus, 801 F. Supp. 1 (S.D. Ohio 1992) ("Thus, courts have generally declined to recognize standing on the part of victims of crimes to bring a § 1983 action based upon lack of prosecution of others."); Sattler v. Johnson, 847 F.2d 224, 227 (4th Cir. 1988) (no constitutional right under Equal Protection Clause to secure prosecution of another).

evident that plaintiff's claim for non-prosecution fails to allege injury to a legally protected interest. As plaintiff lacks standing to raise the issue of the non-prosecution of another, this claim is dismissed.

### 3. Equal Protection

Plaintiff avers that he was "intentionally treated differently than other citizens based on his sex, age and social economic status..." Insofar as this allegation is an attempt to invoke the Fourteenth Amendment, this effort must also fail.[11] Plaintiff makes no factual allegations to support a claim of purposeful discrimination on the part of Martyniak. Summary allegations or legal conclusions, unsupported by facts, are not sufficient to withstand a motion to dismiss. Signore, 680 F. Supp. at 203. Plaintiff's Fourteenth Amendment claim against defendant Martyniak is dismissed accordingly.

### B. Count Two - Failure to Prosecute and Prosecutorial Misconduct

In rambling fashion, plaintiff implicates a slew of defendants in his second count. He appears to make out claims against Captain Charles J. Simpson, Lt. William T. Ford, Lt. Paul E. Smentkowski, Lt. Mark Daniels, Trooper Lafferty, Sgt. Jones,

---

[11]This court recognizes, of course, that where a decision to prosecute is based on an individual's race "or some other impermissible factor," "an equal protection claim may be stated." Fulson, 801 F. Supp. at 6; see e.g. Mody v. City of Hoboken, 758 F. Supp. 1027 (D. N.J. 1991) (exercise of prosecutorial discretion based on race may violate equal protection clause).

9

Shawn Martyniak, the Delaware State Police and Delaware Department of Justice for failure to prosecute Jeanne Ohm and/or ICPA.[12] (D.I. 11 at 13-15) For reasons previously discussed, each of these claims is barred by Eleventh Amendment immunity and/or fails to state a claim.[13]

Plaintiff also contends that defendant Martyniak "used a suicide note in the sentencing phase of the trial and falsely stated that the plaintiff threatened the Delaware State Police and asked Judge Smalls for jail time." (Id. at ¶ 42) He seeks $250,000 in monetary damages, plus costs. (Id. at 15-16) Whether or not plaintiff here alleges sufficient facts to constitute actionable misconduct, his claim is nevertheless barred by prosecutorial immunity. A prosecutor is absolutely immune from private lawsuits seeking monetary damages arising from "activity taken while in court, such as the presentation of evidence or legal argument, as well as selected out of court behavior 'intimately associated with the judicial phases' of litigation." Martinez v. O'Neill, 2005 WL 3307285,*3 (D. Del.

---

[12] All claims are asserted against these individuals in their official and individual capacities, and include the failure to investigate witness tampering by Jeanne Ohm during his criminal trial. (D.I. 11 at ¶41) Although plaintiff alleges that these defendants deprived him of "life, liberty, and property" (id. at ¶¶ 40, 44), this averment is clearly a reiteration of plaintiff's "failure-to-prosecute" charge.

[13] See discussion of Eleventh Amendment immunity in supra section III(B)(1), and plaintiff's lack of standing to bring a claim for non-prosecution of others in supra section III(B)(3).

2005) (quoting <u>Giuffre v. Bissell</u>, 31 F.3d 1241, 1251 (3d Cir. 1994)); <u>see also</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1975). Accepting the facts as alleged by plaintiff, because the alleged impropriety occurred during the in-court sentencing phase of the trial, Martyniak is immune from suit. This claim, therefore, is dismissed.

    C.    **Count Three - Judicial Misconduct**

Plaintiff offers a variety of claims against the Delaware Court of Common Pleas, Judge Alex Smalls, and select members of his staff arising from his criminal prosecution in that court. He recounts examples of judicial impropriety, <u>inter alia</u>, failure to properly consider plaintiff's motions, partiality, denial of right to counsel, to call witnesses, to confront prosecution witnesses, and tampering and delay relating to the production of the trial transcript. (D.I. 11 at ¶¶ 54-70) Seeking $2 million in damages, plaintiff grounds his claims in the Sixth and Fourteenth Amendments. (<u>Id.</u> at ¶¶ 23, 76-77.)

"It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" <u>D'Alessandro v. Robinson</u>, 210 F. Supp.2d 526, 529 (D. Del. 2002) (quoting <u>Figueroa v. Blackburn</u>, 208 F.3d 435, 440 (3d Cir. 2000)). "Judges are immune from suit even if the action complained of was taken in error, was done maliciously, or was in excess of judicial authority." <u>D'Alessandro</u>, 210 F. Supp.2d at 529; <u>see</u>

11

Stump v. Sparkmarn, 435 U.S. 349, 356 n.6 (1978). Immunity also applies in cases where the judge acts in conspiracy with other lawyers in the case. Dennis v. Sparks, 449 U.S. 24, 27 (1980) (affirming dismissal of conspiracy claims against judge based on doctrine of judicial immunity). Judges may be sued only for "non-judicial acts" and for acts "taken in the complete absence of jurisdiction." D'Alessandro, 210 F. Supp.2d at 530 (citing Figueroa, 208 F.3d at 440). "The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his official capacity." Stump, 435 U.S. at 362.

It is clear from plaintiff's amended complaint that each of the acts complained of related to management of the trial itself, that is to say, acts normally performed by a judge, and were taken by Judge Smalls in his official capacity. It would be a stretch of the imagination indeed to find that Judge Smalls's conduct was so far divorced from his official duties as to subject him to liability.

Because Judge Smalls is immune from suit in this matter, so too are the named members of his staff. See McArdle v. Tronetti, 961 F.2d 1083, 1085 (3d Cir. 1992) (psychiatrist conducting psychiatric examination at request of judge shared in judicial

12

immunity as an "integral part of the judicial process."); <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967), overruled on other grounds by <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982). Therefore, all claims against defendants Judge Alex Smalls, Sherry Simmons, Jane Doe and the Court of Common Pleas are dismissed.

### D. Count Four - FBI's Failure to Prosecute

Plaintiff brings a fourth claim against the FBI, alleging that its refusal to investigate State of Delaware officials for their handling of his complaints against ICPA and its employees violates his right to equal protection of the laws under the Fourteenth Amendment. (D.I. 11 at 23-25) He seeks equitable relief in the form of a injunction restraining the FBI from "displaying any and all web pages or other information media implying that matters of civil rights violations will be investigated", as well as a court order mandating that the FBI "perform [its] duties under the law and perform an investigation of the alleged civil rights violations made against the Delaware State Police and Delaware Department of Justice" (<u>Id.</u> at ¶¶ 95-96) In the alternative, plaintiff requests unspecified damages to compensate him for "violations of his rights."[14] (<u>Id.</u> at ¶ 97)

---

[14]Plaintiff requests damages from defendants "jointly and severally." (D.I. 11 at ¶ 97) Because plaintiff's claims against all defendants are dismissed, the court does not address the issue plaintiff raises of joint and several liability.

13

Whether under plaintiff's chosen constitutional theory or any other, the case law is emphatic, as discussed above, that a private citizen has no interest in the criminal prosecution of another. Linda R.S., 410 U.S. at 619 (1973). Plaintiff makes no allegation that the FBI denied his request to investigate on the basis of his membership in a category protected by the Fourteenth Amendment. Plaintiff, therefore, lacks standing to bring a claim against the FBI for failure to prosecute. Plaintiff's claim against the FBI, accordingly, is dismissed.

E.   **Count Five – Constitutional Claims Against the Superior Court of Delaware**

In his fifth claim, plaintiff has sued the Superior Court of Delaware, where his conviction is currently on appeal. Plaintiff complains of delays in obtaining the trial transcript from the Court of Common Pleas and general unfairness. (D.I. 11 at 28-29) On the basis of the Sixth and Eighth Amendments, he asks that the action be removed from the Superior Court and that "the unjust ruling of the Delaware State Court of Common Pleas" be reversed. (Id. at 115.)

Simply stated, plaintiff's suit against the Superior Court of Delaware, an arm of the State, is barred by the Eleventh

Amendment. See Pennhurst, 465 U.S. at 100-101.[15] The claim, therefore, is dismissed.[16]

### F. Count Six - Breach of Contract Claim Against ICPA

In the final count of his amended complaint, plaintiff presents a claim against ICPA and Ohm Chiropractic for breach of contract.[17] (D.I. 11 at ¶ 142) He requests $810 from defendants, plus incidental damages, a further $60,000, and costs. (Id. at 144-146) He also seeks injunctive relief preventing ICPA from "using or accessing any and all data or other information gained illegally by the unauthorized transfer from the unpaid products and services of Plaintiff." (Id. at ¶ 146)

It is "incumbent on the plaintiff to properly allege [federal jurisdiction]," and the court is under the duty to point

---

[15] See discussion of Eleventh Amendment immunity, supra section III(B).

[16] This court has no authority to "remove" a pending state criminal action into the federal system. See 28 U.S.C. § 1441. Further, even if Eleventh Amendment immunity were unavailable to defendant Superior Court, this court would deny the requested relief pursuant to the Younger abstention doctrine which, with limited exceptions not applicable here, precludes federal intervention in pending state court proceedings. See Younger v. Harris, 401 U.S. 37 (1971); see generally Yang v. Tsui, 416 F.3d 199 (3d Cir. 2005) (describing Younger absention).

[17] Plaintiff is emphatic that he seeks damages *only* for breach of contract, noting that "[t]his matter intentionally does not seek any action involving, Statutes of Fraud, Slander, or other TORT actions. . . ". (D.I. 11 at ¶ 141)

15

out defects in jurisdiction.  <u>McNutt</u>, 298 U.S. at 183; <u>Louisville & Nashville R.R. v. Mottley</u>, 211 U.S. 149, 152 (1908).  Because this court is without jurisdiction to entertain this claim, plaintiff's sixth count is dismissed <u>sua sponte.</u>

Plaintiff seeks to invoke the diversity jurisdiction of this court under 28 U.S.C. § 1332, which provides for original jurisdiction of the district court where the parties are "citizens of different States" and the amount in controversy "exceeds the sum or value of $75,000."  (D.I. 11 at 35) Plaintiff alleges an amount in controversy of $60,810 - less than the statutory minimum.[18]  (<u>Id.</u> at ¶ 144-146)  Neither will plaintiff's request for injunctive relief establish jurisdiction. "In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief."  <u>In re Corestates Trust Fee Litigation</u>, 39 F.3d 61, 65 (3d Cir. 1994) (citing <u>Smith v. Adams</u>, 130 U.S. 167, 175 (1889)).  Where plaintiff does not specify the value of the right to be protected from ICPA's or Ohm Chiropractic's access to the disputed data, and where it appears

---

[18]Although plaintiff requests costs, the language of 28 U.S.C. § 1332 makes clear that the jurisdictional minimum is "exclusive of interest and costs."  And considering that plaintiff alleges damages of $60,000 resulting from a breach of contract for $810, this court doubts whether plaintiff's averment is made in good faith.  See <u>St. Paul Mercury Indemnity Corp. v. Red Cab Co.</u>, 303 U.S. 283 (1938) ("the sum claimed by plaintiff controls if the claim is apparently made in good faith.").

16

in any event to be a sum measured in the hundreds, rather than in the thousands of dollars, plaintiff's request for injunctive relief does not establish the jurisdictional minimum. Thus, because he has not discharged his burden of pleading an amount in controversy greater than the statutory minimum, plaintiff's attempt to invoke federal diversity jurisdiction must fail.[19]

Nor may plaintiff avail himself of alternate bases of federal subject matter jurisdiction. Breach of contract claims are governed by state law and do not present a federal question under 28 U.S.C. §1331 or § 1343.[20] Additionally, because plaintiff's allegations against ICPA and Ohm Chiropractic do not share a common nucleus of operative fact with his claims against the State Defendants and the FBI, the claims together do not "form part of the same case or controversy under Article III of

---

[19] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." However, the provision has been interpreted to provide for amendment of a complaint where a plaintiff has made a deficient allegation of jurisdiction, but where federal jurisdiction nevertheless appears to exist. See Newman-Green, Inc. V. Alfonzo-Larrain, 490 U.S. 826, 831 (1989) ("§ 1653 speaks of amending 'allegations of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves."). Here, because plaintiff has already once amended his complaint and because subject matter jurisdiction does not in fact exist, § 1653 is inapposite.

[20] 42 U.S.C. § 1983 is, of course, "not a jurisdictional statute; it only fashions a remedy." Gonzalez v. Young, 560 F.2d 160 (3rd Cir. 1977), aff'd sub nom. Chapman v. Houston Welfare Rights Org., 441 U.S. 600 (1979).

the United States Constitution." 28 U.S.C. § 1367(a).[21] Accordingly, they do not fall under the supplemental jurisdiction of the federal court under 28 U.S.C. § 1367. Plaintiff's claims against ICPA and Ohm Chiropractic, therefore, are dismissed.[22]

### G.  Request for a Three Judge Trial

In his amended complaint, plaintiff adds a request for a "three judge trial." (D.I. 11 at ¶ 4) 28 U.S.C. § 2284 provides for a "three-judge court" "when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." Plaintiff's request for a three judge trial, therefore, is denied.

### V.  CONCLUSION

For the reasons stated, plaintiff's motion to amend his complaint is granted. (D.I. 11) The motion to dismiss the complaint (D.I. 9) filed by State Defendants and the motion to dismiss of defendant Federal Bureau of Investigation (D.I. 25) are granted. An appropriate order will issue.

---

[21]Moreover, even if the allegations against ICPA and Ohm Chiropractic shared a common nucleus of operative fact with Plaintiff's remaining claims, having dismissed each of those claims, the court declines to exercise supplemental jurisdiction over count six pursuant to 28 U.S.C. § 1367(c)(3).

[22]In sum, it appears that plaintiff's breach of contract claim is best raised in state court.

18